M. Cris Armenta (SBN 177403)
THE ARMENTA LAW FIRM APC
11900 W. Olympic Boulevard, Suite 730
Los Angeles, CA 90064
Tel: (310) 826-2826 x 108
Facsimile: (310) 826-5456
Email: cris@crisarmenta.com

Credence E. Sol (SBN 219784)
La Garenne
86300 Chauvigny
France
Telephone: 06 74 90 22 08
credence.sol@sol-law.com

Attorneys for Plaintiff
Cindy Lee Garcia

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LEE GARCIA, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE, MARK BASSELEY YOUSSEF, ABANOB BASSELEY NAKOULA, MATTHEW NEKOLA, AHMED HAMDY, AMAL NADA, DANIEL K. CARESMAN, KRITBAG DIFRAT, SOBHI BUSHRA, ROBERT BACILY, NICOLA BACILY, THOMAS J. TANAS, ERWIN SALAMEH, YOUSSEFF M. BASSELEY, and/or MALID AHLAWI; GOOGLE, INC., a Delaware Corporation; YOUTUBE, LLC, a California limited liability company, and DOES 1 through 10, inclusive.<br><br>            Defendants. | Case No. CV12-8315-MWF(VBKx)<br><br>**DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO EXCEED PAGE LIMIT UNDER LOCAL RULE 11-6** |

# DECLARTION OF M. CRIS ARMENTA

I, M. Cris Armenta, declare:

1. I am an attorney admitted to practice before this Court and a member in good standing with the State Bar of California. I am the principal of The Armenta Law Firm APC, lead counsel for Plaintiff Cindy Lee Garcia. I make this declaration based on my own personal knowledge. If called as a witness, I could and would testify competently as follows:

2. Plaintiff intends to file an Ex Parte Application and an Order to Show Cause Re Issuance of Preliminary Injunction ("Application") requesting, among other things, an order that Defendants remove from YouTube a video trailer titled *The Innocence of Muslims*, on the grounds that the video trailer violates Plaintiff's copyright.

3. Beginning on September 25, 2012 and through the present, Plaintiff Garcia has complied with the procedures required by the Digital Millennium Copyright Act ("DMCA"), requesting that YouTube remove the infringing content. After YouTube and its statutorily-identified "takedown agent" received several "takedown notices," along with Plaintiffs' legal briefs setting forth Plaintiff's legal position, YouTube finally revealed on October 4, 2012, that it would not take down the content that Plaintiff believes infringes her copyright.

4. Immediately thereafter, Plaintiff's counsel scheduled a call to meet and confer with counsel for YouTube and Google. It was not until that conversation that opposing counsel finally revealed the basis for YouTube and Google's refusal to remove the video trailer; specifically, that they believe that those Defendants are protected by DMCA's "safe harbor" provision.

5. In Plaintiff's view, Defendants' responses to her takedown requests were conducted in a manner that waived their "safe harbor" protections. Accordingly, Plaintiff's legal team immediately began to prepare the above-

referenced Application. Plaintiff's legal team is spread over four time zones and two continents, and has been working around the clock to complete the brief and related papers. Despite their best efforts to streamline the pertinent facts and legal arguments, counsel cannot complete the brief within the 25 pages set forth in the Local Rules. Plaintiff's brief is a very condensed 35 pages. Plaintiff therefore requests an order of the Court to permit her to file a brief that does not exceed 35 pages, exclusive of exhibits, physical evidence, a request for judicial notice, and sworn declarations.

6. The Court should be aware that YouTube and Google's counsel have taken the position that the Application is unnecessary, improper and untimely, and that Plaintiff – despite being under constant death threats and a fatwa (an Islamic pronouncement of death) issued on her – has no emergency. In addition, counsel for YouTube has advised that he will be unavailable from Friday, October 12, 2012, through Monday, October 15, 2012.

7. At 10:39 a.m., on October 11, 2012, I telephoned and spoke with Tim Alger, lead counsel for YouTube and Google. I informed him that prior to filing the Ex Parte Application, Plaintiff would today be filing an Ex Parte Application to exceed page limits on the brief. I explained to him that despite best efforts, Plaintiff's counsel has been unable to complete the brief in fewer than 35 pages. I asked him for his position. Mr. Alger told me that he had no comment and had no position on the page-limits issue. I told him I would so inform the Court. I also offered to ask the Court, on his behalf, for an order that – as a matter of fairness – any responsive brief could also be up to 35 pages. His response was, "I have no position on page limits. The whole thing is improper, the timing, everything." This is the sum and substance of Defendant YouTube and Google's disclosed position on page limits – in short, they are neither opposed nor in favor, but will clearly oppose the Application for which Plaintiff seeks a page extension.

8. This Application is being served on counsel for YouTube and Google simultaneously with its filing. Since YouTube and Google have represented to me that they are taking "no position," I do not anticipate any responsive paperwork from those defendants. With respect to Defendant Nakoula a/k/a Youseff, that Defendant is currently detained at the United States Bureau of Prisons Metropolitan Detention Center, and attempts to serve him are underway; if those efforts to not succeed, then Plaintiff intends to seek an order under Federal Rule of Civil Procedure 4 that service be effected through the United States Marshall Service.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of October, 2012.

_____
M. Cris Armenta

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 11900 Olympic Boulevard, Suite 730, Los Angeles, California 90064.

On October 11, 2012 I served the following document(s) described as:

(1) PLAINTIFF'S *EX PARTE* APPLICATION TO EXCEED PAGE LIMITS SET FORTH IN LOCAL RULE 11-6;

DECLARATION OF M. CRIS ARMENTA IN SUPPORT THEREOF;

[PROPOSED] ORDER, LODGED SEPARATELY

(2) [PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO EXCEED PAGE LIMIT UNDER LOCAL RULE 11-6

(3) DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO EXCEED PAGE LIMIT UNDER LOCAL RULE 11-6

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**Timothy L. Alger**
**Perkins Coie LLP**
**3150 Porter Drive**
**Palo Alto, CA 94304-1212**

☑  *BY MAIL:* I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

Executed on October 11, 2012 in Los Angeles, California.

*/s/ Heather Rowland*
Heather Rowland

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 11900 Olympic Boulevard, Suite 730, Los Angeles, California 90064.

On October 11, 2012 I served the following document(s) described as:

(1) PLAINTIFF'S *EX PARTE* APPLICATION TO EXCEED PAGE LIMITS SET FORTH IN LOCAL RULE 11-6;

DECLARATION OF M. CRIS ARMENTA IN SUPPORT THEREOF;

[PROPOSED] ORDER, LODGED SEPARATELY

(2) [PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO EXCEED PAGE LIMIT UNDER LOCAL RULE 11-6

(3) DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO EXCEED PAGE LIMIT UNDER LOCAL RULE 11-6

on the interested parties in this action by placing true copies thereof addressed as follows:

Timothy L. Alger
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
TAlger@perkinscoie.com

☑ BY ELECTRONIC MAIL, pursuant to the consent of the above counsel

I declare under penalty of perjury under the law of the State of California that the above is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 11, 2012 in Los Angeles, California.

*Heather Rowland*

1