M. Cris Armenta (SBN 177403)
THE ARMENTA LAW FIRM APC
11900 W. Olympic Boulevard, Suite 730
Los Angeles, CA 90064
Tel: (310) 826-2826 x 108
Facsimile: (310) 826-5456
Email: cris@crisarmenta.com

Credence E. Sol (SBN 219784)
La Garenne
86300 Chauvigny
France
Telephone: 06 74 90 22 08
credence.sol@sol-law.com

Attorneys for Plaintiff
Cindy Lee Garcia

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| CINDY LEE GARCIA, an individual, | Case No. CV12-8315-MWF-(VBKx) |
|---|---|
| Plaintiff, | **DECLARATION OF DAVID HARDY IN SUPPORT OF EX PARTE APPLICATION** |
| vs. | |
| NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE, MARK BASSELEY YOUSSEF, ABANOB BASSELEY NAKOULA, MATTHEW NEKOLA, AHMED HAMDY, AMAL NADA, DANIEL K. CARESMAN, KRITBAG DIFRAT, SOBHI BUSHRA, ROBERT BACILY, NICOLA BACILY, THOMAS J. TANAS, ERWIN SALAMEH, YOUSSEFF M. BASSELEY, and/or MALID AHLAWI; GOOGLE, INC., a Delaware Corporation; YOUTUBE, LLC, a California limited liability company, and DOES 1 through 10, inclusive. | |
| Defendants. | |

1

# DECLARATION

### DECLARATION OF DAVID HARDY

I, David E. Hardy, declare:

1.  If called as witness, I could and would testify completely as follows:

2.  I am the President of DMCA Solutions, LLC ("DMCA Solutions"), a Rhode Island limited liability company that provides managed online anti-piracy strategies and solutions for protecting and enforcing copyrighted content, such as films, videos, digital music and games, software, images, and written and recorded content, and for trademark owners whose products are being counterfeited and sold online. DMCA Solutions regularly acts as an agent on behalf of copyright owners and persons with legal rights to request that infringing content be "taken down" or disabled from YouTube or other online service providers ("OSPs") such as other search engines, Internet service providers, online forums, e-commerce sites, etc., pursuant to the Digital Millennium Copyright Act (the "DMCA").  DMCA Solutions has issued over thirty thousand "takedown notices" to OSPs, including, among others, YouTube, and I am familiar with the procedures that YouTube normally follows when it receives a takedown notice that is compliant with the provisions of the DMCA.

3.  DMCA Solutions is the appointed DMCA takedown agent for Plaintiff Cindy Lee Garcia, and has been authorized to contact and deliver takedown notices to OSPs that display or facilitate the unauthorized copying and display of content on webpages ("URLs") that infringe on Ms. Garcia's copyright interests.

4.  In the experience of DMCA Solutions, YouTube's typical response to an initial takedown notice in order to benefit from the DMCA's "safe harbor" provision against liability for copyright infringement is: (1) first, immediately send back by return email an automatic notice advising the takedown notice

sender that the takedown notice has been received ("Acknowledgement of Takedown Notice"); (2) second, the expeditious removal or disabling of the allegedly infringing content, (in some cases YouTube and other OSPs may timely request additional information regarding the takedown request and the alleged copyright holder prior to taking-down or disabling the infringing URLs indicated in the takedown notice); and (3) third, after taking-down or disabling the claimed infringing content, YouTube notifies the party or parties that posted the claimed infringing URL(s) on YouTube that his, her or its content has been taken-down or disabled pursuant to a DMCA takedown request, and provides the posting party or parties an opportunity to contact YouTube and give any explanation as to why they believe the content they posted does not infringe a valid copyright. In this particular case, the response of YouTube to Plaintiff Garcia's takedown notice has been highly unusual and differed markedly from the other numerous experiences DMCA Solutions has had with YouTube and Google with respect to DMCA takedown notices.

5. With respect to Plaintiff Garcia's rights, DMCA on September 24, 2012, initially provided five separate takedown notices to YouTube each indicating numerous claimed infringing URLs to be taken-down or disabled. They are each attached as Exhibit A to this Declaration.

6. DMCA Solutions immediately received by automatic return email the typical Acknowledgment of Takedown Notices in response to takedown notices #1-5. These are attached hereto as Exhibit B. YouTube's Acknowledgements were emailed to DMCA Solutions on the September 24, 2012, immediately after the takedown notices #1-5 were emailed to the designated DMCA copyright agent for YouTube.

7. On September 25, 2012, YouTube by email responded separately to DMCA Solutions' takedown notices #1-5 stating in each such response:

*"Hi there,*

---

DAVID E. HARDY DECLARATION

*Based upon the information you provided, we are unable to process your notification.*

*In your notification, you identified the work allegedly infringed as "Cindy Lee Garcia's audio-visual dramatic performance," but based upon that description, the copyright interest claimed by Ms. Garcia in the content at issue is unclear. In order to process your notification, we will need further information about the specific copyright interest in this content that is allegedly owned by Ms. Garcia. Please include as much detail as possible so that we can evaluate your request."*

These five separate responses are attached as Exhibit C (and are referred to hereafter collectively as "YouTube's First Substantive Inquiry")

8. In response, on September 26, 2012, I emailed to YouTube, in five separate emails, each corresponding to YouTube's reference numbers with respect to takedown notices #1-5, a detailed substantive response explaining Plaintiff Garcia's copyright interests ("Garcia's Substantive Response").  Garcia's Substantive Response is attached hereto as Exhibit D, and states the following:

*Dear YouTube,*

*Thank you for the response to our DMCA Takedown Request, referenced above.  You indicated that "the copyright interest claimed by Ms. Garcia in the content at issue is unclear."  You also indicated that you "need further information about the specific copyright interest that is allegedly owned by Ms. Garcia."  This letter responds to your inquiry, with respect to all five DMCA Takedown Request referenced above:*

*Individual performances in film are copyrightable.  Fleet v. CBS, Inc., 50 Cal. Ap. 4th 1911, 1919 (1996).  Indeed, the California Court of Appeal has held that state law claims of actors whose rights are misappropriated are preempted by federal copyright law.  Id.*

1

2     *Section 102 of the Copyright Act, by its express terms, protects*

3     *"original works of authorship fixed in any tangible medium of express . . .*

4     *from which they can be perceived, reproduced, or otherwise communicated,*

5     *either directly or with the aid of a machine or device." 17 U.S.C. sec. 102(a).*

6     *See Fleet, at 1919. "A 'work of authorship' is specifically defined to include*

7     *'dramatic works.'" Id. (quoting 17 U.S.C. sec. 102(a)(3). "A work is fixed in*

8     *a tangible medium of express 'when its embodiment in a copy or phonorecord,*

9     *by or under the authority of the author, is sufficiently permanent or stable to*

10    *permit it to be perceived, reproduced or otherwise communicated for a period*

11    *of more than transitory duration." Fleet, at 1919 (citing and quoting 17*

12    *U.S.C. sec. 101.)*

13    *"There can be no question that, once appellant's performances were put*

14    *in film, they became 'dramatic work[s]' 'fixed in [a] tangible medium of*

15    *expression' that could be perceived, reproduced, or otherwise communicated'*

16    *through 'the aid of a machine or device.'" Fleet, at 1919 (citing and quoting*

17    *17 U.S.C. sec. 102(a).) The California Court of Appeal has held that once the*

18    *actors' dramatic performances were fixed to film "the performances came*

19    *within the scope or subject matter of copyright law protection." Fleet, at*

20    *1920. Dramatic performances, are of course, distinct from where a celebrity*

21    *has merely had his picture taken, as that person is not engaged in a "dramatic*

22    *work" within the meaning of the Copyright Act. Id. In the Fleet case, the*

23    *court held that "[t]here can be no dispute that appellants' performances [in*

24    *film] were 'dramatic works' produced through creative input and meet the*

25    *statutory definition of 'works of authorship.'" Id. at 1922-1923.*

26    *Of course, where the actor has relinquished his or her rights through*

27    *agreement, then the actor no longer holds the copyright interest. See Fleet at*

28    *1923 (explaining that per a written agreement, the producer of the film The*

---

DAVID E. HARDY DECLARATION

*Commitments owned the rights to James Brown's musical performance used in the film). In this case, Ms. Garcia has not relinquished her rights to her "dramatic performance." Enclosed is the Form PA, her application for copyright registration, filed yesterday with the United States Copyright Office. Please note that in the Application itself, Ms. Garcia has certified that the facts contained in it are true under United States law. I invite your attention to Section 4, in which Ms. Garcia certified that she "did not sign any work for hire agreement nor a release or relinquishment of her rights when she acted in "Desert Warrior." This is sufficient evidence for YouTube to have evidence that Ms. Garcia has retained rights in her dramatic performance, even if that property has now been renamed "Innocence of Muslims. Rooney v. Columbia Pictures Industries, Inc., 538 F. Supp. 211 (S.D.N.Y. 1982) (contracts signed by actor Mickey Rooney broad enough to transfer his rights in his pre-1960 film performances); Muller v. Walt Disney Productions, 871 F. Supp. 678 (S.D.N.Y. 1994) (conductor in Walt Disney's Fantasia gave up all rights in his performance).*

*In addition, Ms. Garcia's dramatic performance was not a work-for-hire. She was never an employee of Sam Bacile, the producer, nor any other person or company when delivering her performance for "Desert Warrior." She was not a salaried employee and no writing exists in which she stated that her performance was a work-for-hire. See, e.g., Dommas v. Gommerman, 865 F.2d 1093 (9th Cir. 1989) (artist retained all rights because not a salaried employee and no writing evidencing work-for-hire, therefore, artist owned copyright interests). Nevertheless, Sam Bacile has posted her performance on YouTube, as have other posters, without her permission. Accordingly, all posters are liable for copyright infringement."*

9. By October 2, 2012, <u>six days after I had emailed Garcia's Substantive Response to YouTube</u>, I had still not received any response to Garcia's

Substantive Response.  On the afternoon of October 2, 2012, I finally received a single email response from YouTube (the "YouTube's Second Inquiry Response").  The receipt of this Second Inquiry Response, six days after I had provided YouTube with Garcia's Substantive Response, was a dramatic variation from YouTube's usual protocols and timely response and takedown of claimed infringing content.  YouTube's Second Inquiry Response stated the following:

*"Dear Mr. Hardy:*

*Thank you for your reply on behalf of Ms. Garcia, dated September 26, 2012. As all of your DMCA submissions apparently relate to the same film (known as Innocence of Muslims), this letter addresses all of the notifications identified by the reference numbers above.*

*While we appreciate your ongoing communication with YouTube, the nature of Ms. Garcia's claim to a copyright interest remains unclear.  We need to understand Ms. Garcia's claim to ownership before we can determine how to handle your requests.*

*We hope you will help us by answering the following question: What specifically is the copyrighted work at issue?   You identified the work allegedly infringed as "Cindy Lee Garcia's audio-visual dramatic performance," and now state in your letter, "Individual performances in film are copyrightable."  However, in the copyright registration you appended to your letter, Ms. Garcia described the registered work as an "audio-visual work," elaborating that the audiovisual work "pertain[s] to [her] dramatic performance." (emphasis added).   Moreover, your letter and appended copyright registration mention two film titles - Desert Warrior and Innocence of Muslims."*

YouTube's Second Inquiry Response was received in a consolidated fashion, referring to each of the previously sent takedown notices.  By October 2, 2012,

1   DMCA Solutions had issued two additional takedown notices on behalf of Ms.

2   Garcia, for a total of seven.

3   10. I then provided YouTube on October 3, 2012, *another substantive response* to

4   YouTube's Second Inquiry Response (Garcia's Second Substantive

5   Response"). Plaintiff Garcia's Second Substantive Response is attached

6   hereto as Exhibit E and reads as follows:

7   *"Dear YouTube Copyright Takedown Agent:*

8   *We are in receipt of your communication dated October 2, 2012.*

9   *It appears that your communications are simply designed at this point to*

10  *prolong the takedown of the specifically identified URL's pertaining to*

11  *"Innocence of Muslims" in order to generate more views on a film that has*

12  *"gone viral" worldwide and to enhance YouTube's view counts and revenues,*

13  *at the expense of Ms. Garcia's copyright interests, and in this particular case,*

14  *the lives of each actor that now has a "fatwa" issued against them. We noticed*

15  *with interest the comments of Chairman Eric Schmidt at the Seoul conference*

16  *last week in which he took a public stance that the "video will stay up."*

17  *It appears that YouTube is actively engaged in content-filtering because*

18  *other videos with the same particularities, which have not generated the same*

19  *amount of views (i.e. revenue to YouTube) have been removed swiftly pursuant*

20  *to the DMCA takedown procedures.*

21  *In order to provide you greater clarity again and to permit YouTube to*

22  *attempt to avail itself of the safe harbor provisions under the DMCA*

23  *(although, at this point, we believe that YouTube has already stepped*

24  *decidedly outside the safe harbor), note the following:*

25  *1.      Ms. Garcia delivered a dramatic performance in a film entitled*

26  *"Desert Warrior." She owns the copyright to her dramatic performance*

27  *rendered in that film, "at the point" it was committed to a tangible medium.*

28  *2.      Ms. Garcia did not sign a release or a work-for-hire agreement,*

DAVID E. HARDY DECLARATION

and as such, her copyrighted interests in her dramatic performance remain with her.

3.     Ms. Garcia's dramatic performances that she delivered in "Desert Warrior" appears in the trailer "Innocence of Muslims" between 9:03- and 9:17. Just as a musician can object to the use of his or her music in a film trailer to which he or she did not consent, Ms. Garcia has the right to object to the reproduction or publication of her copyrighted dramatic performance.

4.     In the United States an actor, performer or musician, retains their rights in their performance until and unless it is released, relinquished or waived. You may want to consider the recently passed Audio Visual Performance Treaty, signed on to by 44 countries in Beijing, China in July of 2012. In connection with the promotion of that international treaty, the United States issued the following statement and "fact sheet." "Under U.S. law, actors and musicians are considered to be 'authors' of their performances providing them with copyright rights." This is consistent with the United States Copyright Act, and the case law within the Ninth Circuit. See Fleet, 50 Cal. App. 4th 1611 (1996); Jules Jordan Video v. 144942 Canada Inc., 617 f.3d 1146 (9th Cir. 2010); Laws v. Sony Music Entertainment, Inc., 448 F.3d 134 (9th Cir. 2005).

5.     Ms. Garcia's dramatic performance was not a work-for-hire under 17 U.S.C. Sec. 101 because she was neither an employee, nor does there exist a written instrument making the work for hire.

6.     There is no lack of clarity as to Ms. Garcia's copyright interests. See Jules Jordan Video, supra.

7.     It would be no different if, for instance, Angelina Jolie acted in one film, and that footage was taken, without her permission, assignment or waiver, to be inserted in a completely different film. She, or original assignee,

---

DAVID E. HARDY DECLARATION

*would have the power to stop the subsequent copyright infringement. The fact that YouTube is feigning ignorance of this basic tenet of copyright law is, at this point, stunning, particularly given that we have copied your lead trial counsel at all times on all communications.*

*8.     We believe that YouTube's failure to have "expeditiously" taken down or disabled the content to date after receipt of the initial takedown notices on September 25, 2012 is in extraordinarily bad faith and is causing Ms. Garcia continued harm.*

*9.     Ms. Garcia's attorneys have already filed a federal copyright lawsuit against YouTube, Google and the producer of the film, and have advised me that they will act quickly to enforce Ms. Garcia's rights, seeking statutory damages or the actual damages caused to Ms. Garcia.*

*10.     As you know, YouTube ordinarily takes down allegedly infringing content within minutes using its automated system or within 24 hours in other cases. The fact that YouTube has not followed its own internal protocols in this particular situation speaks to YouTube and Google's bad faith, and its clear desire to attempt to generate more views and hits to the infringing content.*

*11.     The specific URL's have been identified.*

*We have been informed by Ms. Garcia's attorneys that unless the URLs identified in our previous takedown requests (referenced above) are taken down by 2:00 p.m. Pacific Standard Time today, they will use every available legal remedy at their disposal on behalf of Ms. Garcia to force YouTube and Google to cease and desist from infringing her copyright interest.*

11. Later on October 3, 2012, YouTube issued what appears to be its final response, with respect to Ms. Garcia's takedown notices #1-7 ("YouTube's Final Response"), which reads as follows:

*"Dear Mr. Hardy,*

*Based upon the information you have provided, we do not believe that*

---

DAVID E. HARDY DECLARATION

*Ms. Garcia has an enforceable copyright interest in the content. Because of that, we will not remove the content from YouTube."*

12. The chain of events and response and the conduct of YouTube differs dramatically from its typical DMCA takedown notice protocol both in the substantial  delay in YouTube's ultimate response (eight days from the initial submission of takedown notices #1-5), and in the nature of that ultimate response.  Instead of taking-down or disabling the content upon receipt of takedown notices compliant with the provisions of the DMCA and notifying the parties posting the claimed infringing content on YouTube and giving them opportunity to contest the take-down as provided under the DMCA, YouTube contested, on its own, Plaintiff Garcia's claimed copyright interest, presumably without ever contacting either the original YouTube poster of the movie trailer, Sam Bacile, or any of the multitude of other parties who copied and reposted the movie trailer as identified in the URLs specifically set forth in Ms. Garcia's takedown notices #1-7, and summarily concluded on its own that Plaintiff Garcia had no copyright interest in the content.  YouTube then stated that it was refusing to take-down or disable the claimed infringing URLs specified in Plaintiff Garcia's takedown notices #1-7.

13. Attached as Exhibit F is YouTube's communication, finally stating that it will not disable or remove the content.

14. I am the President of DMCA Solutions, LLC, the appointed DMCA takedown agent for plaintiff.

---

DAVID E. HARDY DECLARATION

1    I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.

3        Executed on this 7th day of October, 2012, at Auburn, Massachusetts.

4

5

6

7

8    _____

9    David E. Hardy

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

## Cris Armenta

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Monday, September 24, 2012 12:56 PM |
| **To:** | debratucker@google.com; copyright@google.com |
| **Cc:** | Cris Armenta |
| **Subject:** | DMCA Takedown Request |
| **Attachments:** | YouTube-Google Takedown Notice (9-24-12).pdf |

Dear Ms. Tucker:

Attached please find a Takedown Request prepared and sent to you pursuant to the Digital Millennium Copyright Act, relative to videos of the film identified as *"The Innocence of the Muslims"* that have been posted on YouTube.

I am also faxing a copy of this Takedown Request to you at (650) 872-8513.

Sincerely,

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

**DMCA Solutions**

31 Hastings Street
Mendon, MA  01756

September 24, 2012

**<u>Sent by Facsimile & Email</u>**
YouTube, LLC
Attn: Debra Tucker, Designated Agent
901 Cherry Avenue
San Bruno, CA
Fax:    (650) 872-8513
Email: <u>debratucker@google.com</u>
Email: <u>copyright@google.com</u>

Re:    YouTube DMCA Takedown Request: Copyright Infringement
         Video – ***The Innocence of the Muslims***

Dear Ms. Tucker:

DMCA Solutions, LLC, acting as agent on behalf of copyright holder Cindy Lee Garcia for the purposes of filing this Takedown Request, hereby submits the following:

<u>What is the Issue</u>:

> Copyright Infringement: Cindy Lee Garcia, an actress, has an original copyright that remains vested in her in her audio-visual dramatic performance in a film in which her performance has been altered and adulterated without her consent and posted on YouTube, infringing her copyright.

<u>Copyright Infringement: Who is Affected</u>

> Cindy Lee Garcia, the copyright owner

<u>Identification of the Copyrighted Work Claimed to have been Infringed</u>:

> Cindy Lee Garcia's audio-visual dramatic performance in a film originally titled *The Desert Warrior* but altered without her consent and posted on YouTube under the title ***The Innocence of the Muslims***.

<u>Identification of the material that is claimed to be infringing</u>

> Video posted on YouTube under the title ***The Innocence of Muslims*** but originally titled *The Desert Warrior*

> <u>URLs of the Offending Video</u>:

> http://www.youtube.com/watch?v=1nW54iK-7Cs&feature=fvsr

> http://www.youtube.com/watch?v=2Q_tD0BGhy4

> http://www.youtube.com/watch?v=fBDTS_YAWyI

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

http://www.youtube.com/watch?v=ffVBdyU5ONQ&feature=related

http://www.youtube.com/watch?v=FteusCTGO3M

http://www.youtube.com/watch?v=HWHajR9lMME

http://www.youtube.com/watch?v=i7Smzt607oE

http://www.youtube.com/watch?v=i7Smzt607oE&feature=fvsr

http://www.youtube.com/watch?v=VnYcWmcYBrw&feature=fvsr

http://www.youtube.com/watch?v=X6s8eFkt90Q

http://www.youtube.com/watch?v=XKtTlPnZ8iU

http://www.youtube.com/watch?v=ypz3kS75bsw

| Copyright Owner's Name: | Cindy Lee Garcia |
|---|---|
| Authorized Agent: | DMCA Solutions, LLC<br>31 Hastings Street<br>Mendon, MA  01756<br>USA<br>(202) 350-0200<br>David.Hardy@DMCASolutions.com |

DMCA Solutions, LLC, has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

The information in this notification is accurate, and under penalty of perjury, DMCA Solutions, LLC, is authorized to act on behalf of Cindy Lee Garcia, the owner of an exclusive right that is infringed.

DMCA Solutions, LLC

By:

David Hardy, President

## Cris Armenta

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Monday, September 24, 2012 6:47 PM |
| **To:** | debratucker@google.com; copyright@youtube.com |
| **Cc:** | Cris Armenta |
| **Subject:** | DMCA Takedown Request #2 |
| **Attachments:** | YouTube - Google Takedown Request #2 (9-24-12).docx |

Dear Ms. Tucker:

Attached please find a Takedown Request prepared and sent to you pursuant to the Digital Millennium Copyright Act, relative to videos of the film identified as *"The Innocence of the Muslims"* that have been posted on YouTube.

I am also faxing a copy of this Takedown Request to you at (650) 872-8513.

Sincerely,

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

1

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

September 24, 2012

**Sent by Facsimile & Email**
YouTube, LLC
Attn: Debra Tucker, Designated Agent
901 Cherry Avenue
San Bruno, CA
Fax:   (650) 872-8513
Email:  debratucker@google.com
Email:  copyright@youtube.com

Re:     YouTube DMCA Takedown Request: Copyright Infringement
        Video – *The Innocence of the Muslims* – Takedown Request #2

Dear Ms. Tucker:

DMCA Solutions, LLC, acting as agent on behalf of copyright holder Cindy Lee Garcia for the purposes of filing this Takedown Request, hereby submits the following:

What is the Issue:

    Copyright Infringement: Cindy Lee Garcia, an actress, has an original copyright that remains vested in her in her audio-visual dramatic performance in a film in which her performance has been altered and adulterated without her consent and posted on YouTube, infringing her copyright.

Copyright Infringement: Who is Affected

    Cindy Lee Garcia, the copyright owner

Identification of the Copyrighted Work Claimed to have been Infringed:

    Cindy Lee Garcia's audio-visual dramatic performance in a film originally titled *The Desert Warrior* but altered without her consent and posted on YouTube under the title ***The Innocence of the Muslims***.

Identification of the material that is claimed to be infringing

    Video posted on YouTube under the title ***The Innocence of Muslims*** but originally titled *The Desert Warrior*

    URLs of the Offending Video:

    http://www.youtube.com/watch?v=MAiOEV0v2RM

    http://www.youtube.com/watch?v=X_wTvx6-ok4

    http://www.youtube.com/watch?v=xMZcd6UY1s4

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

Page 2

http://www.youtube.com/watch?v=X6s8eFkt90Q

http://www.youtube.com/watch?v=wdw-cgjH-ZU

http://www.youtube.com/watch?v=oLip6P2ksd8

http://www.youtube.com/watch?v=3dUwhPlAi_Y

http://www.youtube.com/watch?v=PbX3Caqm960

http://www.youtube.com/watch?v=qmodVun16Q4

http://www.youtube.com/watch?v=LoBwR9KEGUc&bpctr=1348536278

http://www.youtube.com/watch?v=E1ggHpWXvbs

http://www.youtube.com/watch?v=p_wRkA16SNg

http://www.youtube.com/watch?v=PbX3Caqm960

http://www.youtube.com/watch?v=qmodVun16Q4

http://www.youtube.com/watch?v=qmodVun16Q4

http://www.youtube.com/watch?v=n20lblnB2XM

http://www.youtube.com/watch?v=XlWYZA1MqAA

http://www.youtube.com/watch?v=SL8hW__ZZaY

http://www.youtube.com/watch?v=8QTtKQR0PBY

http://www.youtube.com/watch?v=jDigtAhMelY


Copyright Owner's Name:     Cindy Lee Garcia

Authorized Agent:            DMCA Solutions, LLC
                             31 Hastings Street
                             Mendon, MA  01756
                             USA
                             (202) 350-0200
                             David.Hardy@DMCASolutions.com

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

Page 3


DMCA Solutions, LLC, has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

The information in this notification is accurate, and under penalty of perjury, DMCA Solutions, LLC, is authorized to act on behalf of Cindy Lee Garcia, the owner of an exclusive right that is infringed.

DMCA Solutions, LLC

By:

David Hardy, President

**Cris Armenta**

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Monday, September 24, 2012 7:23 PM |
| **To:** | debratucker@google.com; copyright@youtube.com |
| **Cc:** | Cris Armenta |
| **Subject:** | DMCA Takedown Request #3 (9-24-12) |
| **Attachments:** | YouTube-Google Takedown Request #3 (9-24-12).docx |

Dear Ms. Tucker:

Attached please find a Takedown Request prepared and sent to you pursuant to the Digital Millennium Copyright Act, relative to videos of the film identified as *"The Innocence of the Muslims"* that have been posted on YouTube.

Sincerely,

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

**DMCA Solutions**

31 Hastings Street
Mendon, MA 01756

September 26, 2012

<u>Sent by Email</u>
YouTube, LLC
Attn: Debra Tucker, Designated Agent
901 Cherry Avenue
San Bruno, CA
Email: debratucker@google.com
Email: copyright@youtube.com

Re:    Your Reference [#1124980843] YouTube DMCA Takedown Request
       Video – *The Innocence of the Muslims* – Our Takedown Request #3

Dear YouTube,

Thank you for the response to our DMCA Takedown Request, referenced above.  You indicated that "the copyright interest claimed by Ms. Garcia in the content at issue is unclear." You also indicated that you "need further information about the specific copyright interest that is allegedly owned by Ms. Garcia."  This letter responds to your inquiry, with respect to all five DMCA Takedown Request referenced above:

Individual performances in film are copyrightable.  <u>Fleet v. CBS, Inc.</u>, 50 Cal. Ap. 4th 1911, 1919 (1996).  Indeed, the California Court of Appeal has held that state law claims of actors whose rights are misappropriated are preempted by federal copyright law.  <u>Id.</u>

Section 102 of the Copyright Act, by its express terms, protects "original works of authorship fixed in any tangible medium of express . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C.  sec. 102(a).  <u>See Fleet</u>, at 1919.  "A 'work of authorship' is specifically defined to include 'dramatic works.'"  <u>Id.</u> (quoting 17 U.S.C. sec. 102(a)(3).  "A work is fixed in a tangible medium of express 'when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced or otherwise communicated for a period of more than transitory duration." <u>Fleet</u>, at 1919 (citing and quoting 17 U.S.C. sec. 101.)

"There can be no question that, once appellant's performances were put in film, they became 'dramatic work[s]' 'fixed in [a] tangible medium of expression' that could be perceived, reproduced, or otherwise communicated' through 'the aid of a machine or device.'" <u>Fleet</u>, at 1919 (citing and quoting 17 U.S.C. sec. 102(a).)  The California Court of Appeal has held that once the actors' dramatic performances are fixed to film "the performances came within the scope or subject matter of copyright law protection." <u>Fleet</u>, at 1920.  Dramatic performances, are of course, distinct from where a celebrity has merely had his picture taken, as that person is not engaged in a "dramatic work" within the meaning of the Copyright Act.  <u>Id.</u>  In the <u>Fleet</u> case, the court held that "[t]here can be no dispute that appellants' performances [in film] were 'dramatic works' produced through creative input and meet the statutory definition of 'works of authorship.'" <u>Id.</u> at 1922-1923.

Of course, where the actor has relinquished his or her rights through agreement, then the actor no longer holds the copyright interest.  <u>See Fleet</u> at 1923 (explaining that per a written

**DMCA Solutions**
31 Hastings Street
Mendon, MA 01756

Page 2

agreement, the producer of the film *The Commitments* owned the rights to James Brown's musical performance used in the film).  In this case, Ms. Garcia has *not* relinquished her rights to her "dramatic performance."  Enclosed is the Form PA, her application for copyright registration, filed yesterday with the United States Copyright Office.  Please note that in the Application itself, Ms. Garcia has certified that the facts contained in it are true under United States law.  I invite your attention to Section 4, in which Ms. Garcia certified that she "did not sign any work for hire agreement nor a release or relinquishment of her rights when she acted in "Desert Warrior."  This is sufficient evidence for YouTube to have evidence that Ms. Garcia has retained rights in her dramatic performance, even if that property has now been renamed "Innocence of Muslims.  Rooney v. Columbia Pictures Industries, Inc., 538 F. Supp. 211 (S.D.N.Y. 1982) (contracts signed by actor Mickey Rooney broad enough to transfer his rights in his pre-1960 film performances); Muller v. Walt Disney Productions, 871 F. Supp. 678 (S.D.N.Y. 1994) (conductor in Walt Disney's Fantasia gave up all rights in his performance).

In addition, Ms. Garcia's dramatic performance was not a work-for-hire.  She was never an employee of Sam Bacile, the producer, nor any other person or company when delivering her performance for "Desert Warrior."  She was not a salaried employee and no writing exists in which she stated that her performance was a work-for-hire.  See, e.g., Dommas v. Gommerman, 865 F.2d 1093 (9th Cir. 1989) (artist retained all rights because not a salaried employee and no writing evidencing work-for-hire, therefore, artist owned copyright interests).  Nevertheless, Sam Bacile has posted her performance on YouTube, as have other posters, without her permission.  Accordingly, all posters are liable for copyright infringement.

Sincerely,

DMCA Solutions, LLC
By:

David Hardy, President

**Cris Armenta**

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Monday, September 24, 2012 10:09 PM |
| **To:** | debratucker@google.com; copyright@youtube.com |
| **Cc:** | Cris Armenta |
| **Subject:** | DMCA Takedown Request #4 |
| **Attachments:** | YouTube-Google Takedown Request #4 (9-24-12).docx |

Dear Ms. Tucker:

Attached please find a Takedown Request prepared and sent to you pursuant to the Digital Millennium Copyright Act, relative to videos of the film identified as *"The Innocence of the Muslims"* that have been posted on YouTube.

Sincerely,

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

1

**DMCA Solutions**
31 Hastings Street
Mendon, MA 01756

September 24, 2012

**Sent by Email**
YouTube, LLC
Attn: Debra Tucker, Designated Agent
901 Cherry Avenue
San Bruno, CA
Email: debratucker@google.com
Email: copyright@youtube.com

Re:     YouTube DMCA Takedown Request: Copyright Infringement
        Video – *The Innocence of the Muslims* – Takedown Request #4

Dear Ms. Tucker:

DMCA Solutions, LLC, acting as agent on behalf of copyright holder Cindy Lee Garcia for the purposes of filing this Takedown Request, hereby submits the following:

What is the Issue

> Copyright Infringement: Cindy Lee Garcia, an actress, has an original copyright that remains vested in her in her audio-visual dramatic performance in a film in which her performance has been altered and adulterated without her consent and posted on YouTube, infringing her copyright.

Copyright Infringement: Who is Affected

> Cindy Lee Garcia, the copyright owner

Identification of the Copyrighted Work Claimed to have been Infringed:

> Cindy Lee Garcia's audio-visual dramatic performance in a film originally titled *The Desert Warrior* but altered without her consent and posted on YouTube under the title *The Innocence of the Muslims*.

Identification of the material that is claimed to be infringing

> Video posted on YouTube under the title *The Innocence of Muslims* but originally titled *The Desert Warrior*

> URLs of the Offending Video:

> http://www.youtube.com/watch?v=1RagKWM8ldk

> http://www.youtube.com/watch?v=1wkyqd9_NtY

> http://www.youtube.com/watch?v=2AJ2ElzJ11w

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

Page 2

http://www.youtube.com/watch?v=2IC2wpYa7KE

http://www.youtube.com/watch?v=2Tl9GbNk_gY

http://www.youtube.com/watch?v=6KJq-rNjLk8

http://www.youtube.com/watch?v=6ySE-yYeeIE

http://www.youtube.com/watch?v=7EmQRIbQbJk

http://www.youtube.com/watch?v=7qcFACwfjl8

http://www.youtube.com/watch?v=8jYrk--UFh0

http://www.youtube.com/watch?v=A1ezRBS5Jhs

http://www.youtube.com/watch?v=a5gABvYSbis

http://www.youtube.com/watch?v=ADdj48gHKGQ

http://www.youtube.com/watch?v=AQqqy6_RiD0

http://www.youtube.com/watch?v=Ar3ju0D81Lg

http://www.youtube.com/watch?v=B-pGehBwKFY

http://www.youtube.com/watch?v=BGYNJmIaEbk

http://www.youtube.com/watch?v=bkplXBnFT3c

http://www.youtube.com/watch?v=BMhwVg4jmO8

http://www.youtube.com/watch?v=BPQM2nfVyz0

http://www.youtube.com/watch?v=bYaKOBkd4io

http://www.youtube.com/watch?v=C7KeGApikUs

http://www.youtube.com/watch?v=dAaDPAnIvx0

http://www.youtube.com/watch?v=DIzesXXwUiU

http://www.youtube.com/watch?v=dx3z4Iy5Exs

http://www.youtube.com/watch?v=EHby-q7KgC0

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

Page 3

http://www.youtube.com/watch?v=engQ9MX4Cyc

http://www.youtube.com/watch?v=eqQ74At3Psc

http://www.youtube.com/watch?v=fAMCA7JdQYk

http://www.youtube.com/watch?v=fm3P9mEi3Xk

http://www.youtube.com/watch?v=FsC7yHse-iQ

http://www.youtube.com/watch?v=gORgR7UiXgY

http://www.youtube.com/watch?v=h2MHczJyFNQ

http://www.youtube.com/watch?v=HDeWjf877yw

http://www.youtube.com/watch?v=HkGOubHiT6I

http://www.youtube.com/watch?v=HR0Vj-8dqTM

http://www.youtube.com/watch?v=Hv4HwUQS-yY

http://www.youtube.com/watch?v=IDK2yI6U48M

http://www.youtube.com/watch?v=JsIqjg3VkrE

http://www.youtube.com/watch?v=K3lAgMuNj0A

http://www.youtube.com/watch?v=kAQ5onF0Lc4

http://www.youtube.com/watch?v=Lgx1_JVxfZE

http://www.youtube.com/watch?v=IhBoPXEPUsQ

http://www.youtube.com/watch?v=Ln3VAwuLxCE

http://www.youtube.com/watch?v=mjoa3QazVy8

http://www.youtube.com/watch?v=n8s6bYHELaw

http://www.youtube.com/watch?v=NggEJ5PTPbw

http://www.youtube.com/watch?v=NuOFer5WqYo

http://www.youtube.com/watch?v=o3ey9m4ApdY

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

Page 4

http://www.youtube.com/watch?v=o7RQqavrd0E

http://www.youtube.com/watch?v=O8Wc5PsXmPo

http://www.youtube.com/watch?v=Oqzib6N0wE8

http://www.youtube.com/watch?v=ov9bd23F1yA

http://www.youtube.com/watch?v=q26i0VLRbQE

http://www.youtube.com/watch?v=qf-44Q3SV0Y

http://www.youtube.com/watch?v=Qi3sDuWPvos

http://www.youtube.com/watch?v=QOcQvZ_UNwU

http://www.youtube.com/watch?v=rKOa87wgPp4

http://www.youtube.com/watch?v=SIPLKwpV6NE

http://www.youtube.com/watch?v=sXKyPPgrMi4

http://www.youtube.com/watch?v=tHpacSiAl9U

http://www.youtube.com/watch?v=tRa9L5OPS0M

http://www.youtube.com/watch?v=tRBGBGDZj7o

http://www.youtube.com/watch?v=tvV6p5lHDLM

http://www.youtube.com/watch?v=UDd6bine9io

http://www.youtube.com/watch?v=v5TBXoKErus

http://www.youtube.com/watch?v=Vh5LEJNE70c

http://www.youtube.com/watch?v=vNZW4KCPURQ

http://www.youtube.com/watch?v=vYnwZeZ8p8Y

http://www.youtube.com/watch?v=W1MYYfCg2X4

http://www.youtube.com/watch?v=Wl8FoYpgINw

http://www.youtube.com/watch?v=XKtTlPnZ8iU

**DMCA Solutions**

31 Hastings Street
Mendon, MA  01756

Page 5

http://www.youtube.com/watch?v=xLxzfOPDMIo

http://www.youtube.com/watch?v=xYVfBNKbfRQ

http://www.youtube.com/watch?v=YFogvC4_zgY

http://www.youtube.com/watch?v=zx-j8lzx6dQ

http://www.youtube.com/watch?v=_WCCdyRzC2A

http://www.youtube.com/watch?v=_yGsQ0fuaXA

Copyright Owner's Name:      Cindy Lee Garcia

Authorized Agent:            DMCA Solutions, LLC
                             31 Hastings Street
                             Mendon, MA  01756
                             USA
                             (202) 350-0200
                             David.Hardy@DMCASolutions.com

DMCA Solutions, LLC, has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

The information in this notification is accurate, and under penalty of perjury, DMCA Solutions, LLC, is authorized to act on behalf of Cindy Lee Garcia, the owner of an exclusive right that is infringed.

DMCA Solutions, LLC

By:

David Hardy, President

**Cris Armenta**

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Tuesday, September 25, 2012 10:05 AM |
| **To:** | debratucker@google.com; copyright@youtube.com |
| **Cc:** | Cris Armenta |
| **Subject:** | DMCA Takedown Request #5 |
| **Attachments:** | YouTube-Google Takedown Request #5 (9-25-12).docx |

Dear Ms. Tucker:

Attached please find a Takedown Request prepared and sent to you pursuant to the Digital Millennium Copyright Act, relative to videos of the film identified as *"The Innocence of the Muslims"* that have been posted on YouTube.

Sincerely,


David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

1

**DMCA Solutions**

31 Hastings Street
Mendon, MA 01756

September 25, 2012

**Sent by Email**
YouTube, LLC
Attn: Debra Tucker, Designated Agent
901 Cherry Avenue
San Bruno, CA
Email: debratucker@google.com
Email: copyright@youtube.com

Re:   YouTube DMCA Takedown Request: Copyright Infringement
      Video – *The Innocence of the Muslims* – Takedown Request #5

Dear Ms. Tucker:

DMCA Solutions, LLC, acting as agent on behalf of copyright holder Cindy Lee Garcia for the purposes of filing this Takedown Request, hereby submits the following:

What is the Issue

    Copyright Infringement: Cindy Lee Garcia, an actress, has an original copyright that remains vested in her in her audio-visual dramatic performance in a film in which her performance has been altered and adulterated without her consent and posted on YouTube, infringing her copyright.

Copyright Infringement: Who is Affected

    Cindy Lee Garcia, the copyright owner

Identification of the Copyrighted Work Claimed to have been Infringed:

    Cindy Lee Garcia's audio-visual dramatic performance in a film originally titled *The Desert Warrior* but altered without her consent and posted on YouTube under the title *The Innocence of the Muslims*.

Identification of the material that is claimed to be infringing

    Video posted on YouTube under the title *The Innocence of Muslims* but originally titled *The Desert Warrior*

    URLs of the Offending Video:

    http://www.youtube.com/watch?v=BXYP2toSdEQ

    http://www.youtube.com/watch?v=P82d8xRS-7U

    http://www.youtube.com/watch?v=9CSY8cz5nhk

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

Page 2

http://www.youtube.com/watch?v=9dqHt6gsoxU

http://www.youtube.com/watch?v=NQ5UAraIcWE

http://www.youtube.com/watch?v=XxIaQKgiRLY

http://www.youtube.com/watch?v=DdOUoGfHg-I

http://www.youtube.com/watch?v=7Ojxb_VkHAs

http://www.youtube.com/watch?v=ns0rQ-_dZC0

http://www.youtube.com/watch?v=TGB24q8K97w

http://www.youtube.com/watch?v=YPVxQ3NDMPk

http://www.youtube.com/watch?v=YBISPSxUS5E

http://www.youtube.com/watch?v=Rdh8ayz0B-Y

http://www.youtube.com/watch?v=eeO3MEj8s38

http://www.youtube.com/watch?v=DmVg_j4-0wk

http://www.youtube.com/watch?v=oMR0cUljTE8

http://www.youtube.com/watch?v=YQ1w6HA3154

http://www.youtube.com/watch?v=QnMQ8k-4VgY

http://www.youtube.com/watch?v=G16J4zFn5Vl

http://www.youtube.com/watch?v=FTH0P746SJQ

http://www.youtube.com/watch?v=sOolJyq03Wk

http://www.youtube.com/watch?v=SB28D9KlTkc

http://www.youtube.com/watch?v=6Bn5Sklxb1A

http://www.youtube.com/watch?v=T2wsrTi3j4o

http://www.youtube.com/watch?v=TJyCUUfMCDl

http://www.youtube.com/watch?v=Tt_nkMCCPxk

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

Page 3

http://www.youtube.com/watch?v=GKi8pna53hg

http://www.youtube.com/watch?v=AP3Yg5vJNK0

http://www.youtube.com/watch?v=obe0PmyW6Ek

http://www.youtube.com/watch?v=1KMsSiBdplQ

http://www.youtube.com/watch?v=vP2soXU7quM

http://www.youtube.com/watch?v=dXEM4EmB2sM

http://www.youtube.com/watch?v=1ryHcwXjjb0

http://www.youtube.com/watch?v=G3g_R-RovR8

http://www.youtube.com/watch?v=Yyk9ghudS5w

http://www.youtube.com/watch?v=w9zatob4YxY

http://www.youtube.com/watch?v=s_AOeKOGgl0

http://www.youtube.com/watch?v=yW-fXw1EKXc

http://www.youtube.com/watch?v=UEZhWm2oK9k

http://www.youtube.com/watch?v=hftuDpFP4Wl

http://www.youtube.com/watch?v=4midXCjFO-Q

Copyright Owner's Name:   Cindy Lee Garcia

Authorized Agent:         DMCA Solutions, LLC
                          31 Hastings Street
                          Mendon, MA  01756
                          USA
                          (202) 350-0200
                          David.Hardy@DMCASolutions.com

**DMCA Solutions**

31 Hastings Street
Mendon, MA 01756

Page 4


DMCA Solutions, LLC, has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

The information in this notification is accurate, and under penalty of perjury, DMCA Solutions, LLC, is authorized to act on behalf of Cindy Lee Garcia, the owner of an exclusive right that is infringed.

DMCA Solutions, LLC

By:

David Hardy, President

EXHIBIT B

**Cris Armenta**

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Monday, September 24, 2012 1:27 PM |
| **To:** | Cris Armenta |
| **Subject:** | Fwd: [#1124781281] Fwd: DMCA Takedown Request |

FYI - their acknowledgement of receipt

---------- Forwarded message ----------
From: **Copyright Service** <copyright@youtube.com>
Date: Mon, Sep 24, 2012 at 3:17 PM
Subject: Re: [#1124781281] Fwd: DMCA Takedown Request
To: David.Hardy@dmcasolutions.com

Thanks for contacting YouTube! You've reached the copyright and DMCA compliance team. Your message has been received and is now queued for review. Please note that general help inquiries won't be answered here. For help with other site-related issues, please visit our Help Center at http://help.youtube.com. If you wish to report abuse or inappropriate content, please visit http://help.youtube.com/support/youtube/bin/topic.py?topic=13044, or if you feel you have a privacy request, please visit http://help.youtube.com/support/youtube/bin/answer.py?answer=78346.

If you're requesting removal of a video that is allegedly infringing your copyright, please make sure that you have provided us with all of the required information in order to process your complaint. Providing incomplete information may delay the processing of your claim. For the requirements of DMCA notification, or if you have questions about our DMCA policy, please see: http://www.youtube.com/t/dmca_policy

Did you know that YouTube offers copyright owners a tool for submitting notifications more easily? If there are many videos to be removed, or you expect to have an ongoing need to remove potentially infringing content from YouTube, we suggest that you sign up for our Content Verification Program, which electronically notifies us, removing any room for error, and significantly increases the speed at which we are able to remove any infringing content. To sign up for this tool please visit: http://www.youtube.com/t/copyright_program

Regards,
The YouTube Team

Original Message Follows:

1

------------------------

From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: Fwd: DMCA Takedown Request
Date: Mon, 24 Sep 2012 15:17:17 -0500

The DMCA Takedown Request below was emailed to Debra Tucker (
debratucker@google.com) as she is listed as the designated agend for
YouTube, but we also wanted to copy it to this email address.

Thank you.

---------- Forwarded message ----------
From: David Hardy <David.Hardy@dmcasolutions.com>
Date: Mon, Sep 24, 2012 at 2:55 PM
Subject: DMCA Takedown Request
To: debratucker@google.com, copyright@google.com
Cc: Cris Armenta <cris@crisarmenta.com>


Dear Ms. Tucker:

Attached please find a Takedown Request prepared and sent to you pursuant
to the Digital Millennium Copyright Act, relative to videos of the film
identified as *"The Innocence of the Muslims"* that have been posted on
YouTube.

I am also faxing a copy of this Takedown Request to you at (650) 872-8513.

Sincerely,

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com




--
David E. Hardy, President
DMCA Solutions, LLC
(73) 825-1034
David.Hardy@DMCASolutions.com


--

2

--
David E. Hardy, President
DMCA Solutions, LLC
(73) 825-1034
David.Hardy@DMCASolutions.com

## Cris Armenta

| | |
|---|---|
| From: | Copyright Service <copyright@youtube.com> |
| Sent: | Monday, September 24, 2012 6:48 PM |
| To: | David.Hardy@DMCASolutions.com |
| Cc: | Cris Armenta |
| Subject: | Re: [#1124968010] DMCA Takedown Request #2 |

Thanks for contacting YouTube! You've reached the copyright and DMCA compliance team. Your message has been received and is now queued for review. Please note that general help inquiries won't be answered here.
For help with other site-related issues, please visit our Help Center at http://help.youtube.com. If you wish to report abuse or inappropriate content, please visit http://help.youtube.com/support/youtube/bin/topic.py?topic=13044, or if you feel you have a privacy request, please visit http://help.youtube.com/support/youtube/bin/answer.py?answer=78346.

If you're requesting removal of a video that is allegedly infringing your copyright, please make sure that you have provided us with all of the required information in order to process your complaint. Providing incomplete information may delay the processing of your claim. For the requirements of DMCA notification, or if you have questions about our DMCA policy, please see: http://www.youtube.com/t/dmca_policy

Did you know that YouTube offers copyright owners a tool for submitting notifications more easily? If there are many videos to be removed, or you expect to have an ongoing need to remove potentially infringing content from YouTube, we suggest that you sign up for our Content Verification Program, which electronically notifies us, removing any room for error, and significantly increases the speed at which we are able to remove any infringing content. To sign up for this tool please visit:
http://www.youtube.com/t/copyright_program

Regards,
The YouTube Team

Original Message Follows:
------------------------
From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: DMCA Takedown Request #2
Date: Mon, 24 Sep 2012 20:47:27 -0500

Dear Ms. Tucker:
Attached please find a Takedown Request prepared and sent to you pursuant to the Digital Millennium Copyright Act, relative to videos of the film identified as *"The Innocence of the Muslims"* that have been posted on YouTube.
I am also faxing a copy of this Takedown Request to you at (650) 872-8513.
Sincerely,

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

--

28

**Cris Armenta**

| | |
|---|---|
| **From:** | Copyright Service <copyright@youtube.com> |
| **Sent:** | Wednesday, September 26, 2012 8:14 AM |
| **To:** | David.Hardy@DMCASolutions.com |
| **Cc:** | Cris Armenta |
| **Subject:** | Re: [#1126186331] DMCA Take-down Request #3 "Innocence of the Muslims" - Your Reference [#1124980843] - Reply |

Thanks for contacting YouTube! You've reached the copyright and DMCA compliance team. Your message has been received and is now queued for review. Please note that general help inquiries won't be answered here. For help with other site-related issues, please visit our Help Center at http://help.youtube.com. If you wish to report abuse or inappropriate content, please visit http://help.youtube.com/support/youtube/bin/topic.py?topic=13044, or if you feel you have a privacy request, please visit http://help.youtube.com/support/youtube/bin/answer.py?answer=78346.

If you're requesting removal of a video that is allegedly infringing your copyright, please make sure that you have provided us with all of the required information in order to process your complaint. Providing incomplete information may delay the processing of your claim. For the requirements of DMCA notification, or if you have questions about our DMCA policy, please see: http://www.youtube.com/t/dmca_policy

Did you know that YouTube offers copyright owners a tool for submitting notifications more easily? If there are many videos to be removed, or you expect to have an ongoing need to remove potentially infringing content from YouTube, we suggest that you sign up for our Content Verification Program, which electronically notifies us, removing any room for error, and significantly increases the speed at which we are able to remove any infringing content. To sign up for this tool please visit: http://www.youtube.com/t/copyright_program

Regards,
The YouTube Team

Original Message Follows:
------------------------
From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: DMCA Take-down Request #3 "Innocence of the Muslims" - Your Reference [#1124980843] - Reply
Date: Wed, 26 Sep 2012 10:14:12 -0500

Dear YouTube:
Attached please find our reply to your response to our DMCA take-down request #3 - your reference [#1124980843] regarding video postings that are in most instances titled "*The Innocence of the Muslims".*

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

--

15

## Cris Armenta

| | |
|---|---|
| **From:** | Copyright Service <copyright@youtube.com> |
| **Sent:** | Wednesday, September 26, 2012 9:35 AM |
| **To:** | David.Hardy@DMCASolutions.com |
| **Cc:** | Cris Armenta |
| **Subject:** | Re: [#1126235061] DMCA Take-down Request #4 "Innocence of the Muslims" - Your Reference [#1125091967] - Reply |

Thanks for contacting YouTube! You've reached the copyright and DMCA compliance team. Your message has been received and is now queued for review. Please note that general help inquiries won't be answered here. For help with other site-related issues, please visit our Help Center at http://help.youtube.com. If you wish to report abuse or inappropriate content, please visit http://help.youtube.com/support/youtube/bin/topic.py?topic=13044, or if you feel you have a privacy request, please visit http://help.youtube.com/support/youtube/bin/answer.py?answer=78346.

If you're requesting removal of a video that is allegedly infringing your copyright, please make sure that you have provided us with all of the required information in order to process your complaint. Providing incomplete information may delay the processing of your claim. For the requirements of DMCA notification, or if you have questions about our DMCA policy, please see: http://www.youtube.com/t/dmca_policy

Did you know that YouTube offers copyright owners a tool for submitting notifications more easily? If there are many videos to be removed, or you expect to have an ongoing need to remove potentially infringing content from YouTube, we suggest that you sign up for our Content Verification Program, which electronically notifies us, removing any room for error, and significantly increases the speed at which we are able to remove any infringing content. To sign up for this tool please visit: http://www.youtube.com/t/copyright_program

Regards,
The YouTube Team


Original Message Follows:
------------------------
From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: DMCA Take-down Request #4 "Innocence of the Muslims" - Your Reference [#1125091967] - Reply
Date: Wed, 26 Sep 2012 11:34:41 -0500

Dear YouTube:
Attached please find our reply to your response to our DMCA take-down request #4 - your reference [#1125091967] regarding video postings that are in most instances titled "*The Innocence of the Muslims".*

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

--

13

## Cris Armenta

| | |
|---|---|
| **From:** | Copyright Service <copyright@youtube.com> |
| **Sent:** | Tuesday, September 25, 2012 10:06 AM |
| **To:** | David.Hardy@DMCASolutions.com |
| **Cc:** | Cris Armenta |
| **Subject:** | Re: [#1125560930] DMCA Takedown Request #5 |

Thanks for contacting YouTube! You've reached the copyright and DMCA compliance team. Your message has been received and is now queued for review. Please note that general help inquiries won't be answered here.
For help with other site-related issues, please visit our Help Center at http://help.youtube.com. If you wish to report abuse or inappropriate content, please visit http://help.youtube.com/support/youtube/bin/topic.py?topic=13044, or if you feel you have a privacy request, please visit
http://help.youtube.com/support/youtube/bin/answer.py?answer=78346.

If you're requesting removal of a video that is allegedly infringing your copyright, please make sure that you have provided us with all of the required information in order to process your complaint. Providing incomplete information may delay the processing of your claim. For the requirements of DMCA notification, or if you have questions about our DMCA policy, please see: http://www.youtube.com/t/dmca_policy

Did you know that YouTube offers copyright owners a tool for submitting notifications more easily? If there are many videos to be removed, or you expect to have an ongoing need to remove potentially infringing content from YouTube, we suggest that you sign up for our Content Verification Program, which electronically notifies us, removing any room for error, and significantly increases the speed at which we are able to remove any infringing content. To sign up for this tool please visit:
http://www.youtube.com/t/copyright_program

Regards,
The YouTube Team


Original Message Follows:
------------------------
From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: DMCA Takedown Request #5
Date: Tue, 25 Sep 2012 12:05:29 -0500

Dear Ms. Tucker:

Attached please find a Takedown Request prepared and sent to you pursuant to the Digital Millennium Copyright Act, relative to videos of the film identified as *"The Innocence of the Muslims"* that have been posted on YouTube.

Sincerely,


David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

# EXHIBIT C

**Cris Armenta**

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Tuesday, September 25, 2012 11:04 AM |
| **To:** | Sol, Credence (credence.sol@sol-law.com) |
| **Cc:** | Jason Armstrong (armstronglaw@me.com); Cris Armenta |
| **Subject:** | Fwd: [#1124781281] Fwd: DMCA Takedown Request |

#1

---------- Forwarded message ----------
From: **Copyright Service** <copyright@youtube.com>
Date: Mon, Sep 24, 2012 at 3:17 PM
Subject: Re: [#1124781281] Fwd: DMCA Takedown Request
To: David.Hardy@dmcasolutions.com


Thanks for contacting YouTube! You've reached the copyright and DMCA compliance team. Your message has been received and is now queued for review. Please note that general help inquiries won't be answered here. For help with other site-related issues, please visit our Help Center at http://help.youtube.com. If you wish to report abuse or inappropriate content, please visit http://help.youtube.com/support/youtube/bin/topic.py?topic=13044, or if you feel you have a privacy request, please visit http://help.youtube.com/support/youtube/bin/answer.py?answer=78346.

If you're requesting removal of a video that is allegedly infringing your copyright, please make sure that you have provided us with all of the required information in order to process your complaint. Providing incomplete information may delay the processing of your claim. For the requirements of DMCA notification, or if you have questions about our DMCA policy, please see: http://www.youtube.com/t/dmca_policy

Did you know that YouTube offers copyright owners a tool for submitting notifications more easily? If there are many videos to be removed, or you expect to have an ongoing need to remove potentially infringing content from YouTube, we suggest that you sign up for our Content Verification Program, which electronically notifies us, removing any room for error, and significantly increases the speed at which we are able to remove any infringing content. To sign up for this tool please visit: http://www.youtube.com/t/copyright_program

Regards,
The YouTube Team

1

Original Message Follows:
------------------------
From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: Fwd: DMCA Takedown Request
Date: Mon, 24 Sep 2012 15:17:17 -0500

The DMCA Takedown Request below was emailed to Debra Tucker ( debratucker@google.com) as she is listed as the designated agend for YouTube, but we also wanted to copy it to this email address.

Thank you.

---------- Forwarded message ----------
From: David Hardy <David.Hardy@dmcasolutions.com>
Date: Mon, Sep 24, 2012 at 2:55 PM
Subject: DMCA Takedown Request
To: debratucker@google.com, copyright@google.com
Cc: Cris Armenta <cris@crisarmenta.com>


Dear Ms. Tucker:

Attached please find a Takedown Request prepared and sent to you pursuant to the Digital Millennium Copyright Act, relative to videos of the film identified as *"The Innocence of the Muslims"* that have been posted on YouTube.

I am also faxing a copy of this Takedown Request to you at (650) 872-8513.

Sincerely,

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com



--
David E. Hardy, President
DMCA Solutions, LLC
(73) 825-1034
David.Hardy@DMCASolutions.com

--

2

--
David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

**Cris Armenta**

| | |
|---|---|
| From: | Copyright Service <copyright@youtube.com> |
| Sent: | Tuesday, September 25, 2012 6:01 PM |
| To: | David Hardy |
| Cc: | debratucker@google.com; Cris Armenta |
| Subject: | Re: [#1124968010] DMCA Takedown Request #2 |

Hi there,

Based upon the information you provided, we are unable to process your notification.

In your notification, you identified the work allegedly infringed as "Cindy Lee Garcia's audio-visual dramatic performance," but based upon that description, the copyright interest claimed by Ms. Garcia in the content at issue is unclear.  In order to process your notification, we will need further information about the specific copyright interest in this content that is allegedly owned by Ms. Garcia.  Please include as much detail as possible so that we can evaluate your request.

Please see our copyright policy page located at http://www.youtube.com/t/copyright_notice for more information.

Regards,
The YouTube Team

Original Message Follows:
------------------------
From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: DMCA Takedown Request #2
Date: Mon, 24 Sep 2012 20:47:27 -0500

> Dear Ms. Tucker:
> Attached please find a Takedown Request prepared and sent to you
> pursuant to the Digital Millennium Copyright Act, relative to videos
> of the film identified as *"The Innocence of the Muslims"* that have
> been posted on YouTube.
> I am also faxing a copy of this Takedown Request to you at (650) 872-8513.
> Sincerely,
>
> David E. Hardy, President
> DMCA Solutions, LLC
> (202) 350-0200
> David.Hardy@DMCASolutions.com
>
> --
>
>
>

## Cris Armenta

| | |
|---|---|
| **From:** | Copyright Service <copyright@youtube.com> |
| **Sent:** | Tuesday, September 25, 2012 5:59 PM |
| **To:** | David Hardy |
| **Cc:** | debratucker@google.com; Cris Armenta |
| **Subject:** | Re: [#1124980843] DMCA Takedown Request #3 (9-24-12) |

Hi there,

Based upon the information you provided, we are unable to process your notification.

In your notification, you identified the work allegedly infringed as "Cindy Lee Garcia's audio-visual dramatic performance," but based upon that description, the copyright interest claimed by Ms. Garcia in the content at issue is unclear.  In order to process your notification, we will need further information about the specific copyright interest in this content that is allegedly owned by Ms. Garcia.  Please include as much detail as possible so that we can evaluate your request.

Please see our copyright policy page located at http://www.youtube.com/t/copyright_notice for more information.

Regards,
The YouTube Team

Original Message Follows:
------------------------
From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: DMCA Takedown Request #3 (9-24-12)
Date: Mon, 24 Sep 2012 21:23:14 -0500

> Dear Ms. Tucker:
> Attached please find a Takedown Request prepared and sent to you
> pursuant to the Digital Millennium Copyright Act, relative to videos
> of the film identified as *"The Innocence of the Muslims"* that have
> been posted on YouTube.
> Sincerely,
>
> David E. Hardy, President
> DMCA Solutions, LLC
> (202) 350-0200
> David.Hardy@DMCASolutions.com
>
> --
>
>
>

19

## Cris Armenta

**From:** Copyright Service <copyright@youtube.com>
**Sent:** Tuesday, September 25, 2012 6:01 PM
**To:** David Hardy
**Cc:** debratucker@google.com; Cris Armenta
**Subject:** Re: [#1125091967] DMCA Takedown Request #4

Hi there,

Based upon the information you provided, we are unable to process your notification.

In your notification, you identified the work allegedly infringed as "Cindy Lee Garcia's audio-visual dramatic performance," but based upon that description, the copyright interest claimed by Ms. Garcia in the content at issue is unclear.  In order to process your notification, we will need further information about the specific copyright interest in this content that is allegedly owned by Ms. Garcia.  Please include as much detail as possible so that we can evaluate your request.

Please see our copyright policy page located at http://www.youtube.com/t/copyright_notice for more information.


Regards,
The YouTube Team



Original Message Follows:
------------------------
From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: DMCA Takedown Request #4
Date: Tue, 25 Sep 2012 00:08:33 -0500

> Dear Ms. Tucker:
>
> Attached please find a Takedown Request prepared and sent to you
> pursuant to the Digital Millennium Copyright Act, relative to videos
> of the film identified as *"The Innocence of the Muslims"* that have
> been posted on YouTube.
>
> Sincerely,
>
> David E. Hardy, President
> DMCA Solutions, LLC
> (202) 350-0200
> David.Hardy@DMCASolutions.com
>
> --
>
>
>

23

## Cris Armenta

**From:**        Copyright Service <copyright@youtube.com>
**Sent:**        Tuesday, September 25, 2012 6:00 PM
**To:**          David Hardy
**Cc:**          debratucker@google.com; Cris Armenta
**Subject:**     Re: [#1125560930] DMCA Takedown Request #5

Hi there,

Based upon the information you provided, we are unable to process your notification.

In your notification, you identified the work allegedly infringed as "Cindy Lee Garcia's audio-visual dramatic performance," but based upon that description, the copyright interest claimed by Ms. Garcia in the content at issue is unclear.  In order to process your notification, we will need further information about the specific copyright interest in this content that is allegedly owned by Ms. Garcia.  Please include as much detail as possible so that we can evaluate your request.

Please see our copyright policy page located at http://www.youtube.com/t/copyright_notice for more information.

Regards,
The YouTube Team

Original Message Follows:
------------------------
From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: DMCA Takedown Request #5
Date: Tue, 25 Sep 2012 12:05:29 -0500

> Dear Ms. Tucker:
>
> Attached please find a Takedown Request prepared and sent to you
> pursuant to the Digital Millennium Copyright Act, relative to videos
> of the film identified as *"The Innocence of the Muslims"* that have
> been posted on YouTube.
>
> Sincerely,
>
>
> David E. Hardy, President
> DMCA Solutions, LLC
> (202) 350-0200
> David.Hardy@DMCASolutions.com
>
> --
>
>
>

21

EXHIBIT D

**Cris Armenta**

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Wednesday, September 26, 2012 7:02 AM |
| **To:** | debratucker@google.com; copyright@youtube.com |
| **Cc:** | Cris Armenta |
| **Subject:** | DMCA Take-down Request #1 "Innocence of the Muslims" - Your Reference [# 1124781281] - Reply |
| **Attachments:** | YouTube-Google Takedown Reply #1 (9-26-12).docx |

Dear YouTube:

Attached please find our reply to your response to our DMCA take-down request #1 - your reference [#1124781281] regarding video postings that are in most instances titled "*The Innocence of the Muslims*".

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

1

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

September 26, 2012

<u>Sent by Email</u>
YouTube, LLC
Attn: Debra Tucker, Designated Agent
901 Cherry Avenue
San Bruno, CA
Email:  debratucker@google.com
Email:  copyright@youtube.com

Re:     Your Reference [#1124781281] YouTube DMCA Takedown Request
        Video – *The Innocence of the Muslims* – Our Takedown Request #1

Dear YouTube,

        Thank you for the response to our DMCA Takedown Request, referenced above.  You indicated that "the copyright interest claimed by Ms. Garcia in the content at issue is unclear." You also indicated that you "need further information about the specific copyright interest that is allegedly owned by Ms. Garcia."  This letter responds to your inquiry, with respect to all five DMCA Takedown Request referenced above:

        Individual performances in film are copyrightable.  <u>Fleet v. CBS, Inc.</u>, 50 Cal. Ap. 4th 1911, 1919 (1996).  Indeed, the California Court of Appeal has held that state law claims of actors whose rights are misappropriated are preempted by federal copyright law.  <u>Id.</u>

        Section 102 of the Copyright Act, by its express terms, protects "original works of authorship fixed in any tangible medium of express . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C.  sec. 102(a).  <u>See</u> <u>Fleet</u>, at 1919.  "A 'work of authorship' is specifically defined to include 'dramatic works.'"  <u>Id.</u> (quoting 17 U.S.C. sec. 102(a)(3).  "A work is fixed in a tangible medium of express 'when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced or otherwise communicated for a period of more than transitory duration."  <u>Fleet</u>, at 1919 (citing and quoting 17 U.S.C. sec. 101.)

        "There can be no question that, once appellant's performances were put in film, they became 'dramatic work[s]' 'fixed in [a] tangible medium of expression' that could be perceived, reproduced, or otherwise communicated' through 'the aid of a machine or device.'"  <u>Fleet</u>, at 1919 (citing and quoting 17 U.S.C. sec. 102(a).)  The California Court of Appeal has held that once the actors' dramatic performances were fixed to film "the performances came within the scope or subject matter of copyright law protection."  <u>Fleet</u>, at 1920.  Dramatic performances, are of course, distinct from where a celebrity has merely had his picture taken, as that person is not engaged in a "dramatic work" within the meaning of the Copyright Act.  <u>Id.</u>  In the <u>Fleet</u> case, the court held that "[t]here can be no dispute that appellants' performances [in film] were 'dramatic works' produced through creative input and meet the statutory definition of 'works of authorship.'"  <u>Id.</u> at 1922-1923.

        Of course, where the actor has relinquished his or her rights through agreement, then the actor no longer holds the copyright interest.  <u>See</u> <u>Fleet</u> at 1923 (explaining that per a written

**DMCA Solutions**
31 Hastings Street
Mendon, MA 01756

Page 2

agreement, the producer of the film *The Commitments* owned the rights to James Brown's musical performance used in the film).  In this case, Ms. Garcia has *not* relinquished her rights to her "dramatic performance."  Enclosed is the Form PA, her application for copyright registration, filed yesterday with the United States Copyright Office.  Please note that in the Application itself, Ms. Garcia has certified that the facts contained in it are true under United States law.  I invite your attention to Section 4, in which Ms. Garcia certified that she "did not sign any work for hire agreement nor a release or relinquishment of her rights when she acted in "Desert Warrior."  This is sufficient evidence for YouTube to have evidence that Ms. Garcia has retained rights in her dramatic performance, even if that property has now been renamed "Innocence of Muslims.  Rooney v. Columbia Pictures Industries, Inc., 538 F. Supp. 211 (S.D.N.Y. 1982) (contracts signed by actor Mickey Rooney broad enough to transfer his rights in his pre-1960 film performances); Muller v. Walt Disney Productions, 871 F. Supp. 678 (S.D.N.Y. 1994) (conductor in Walt Disney's Fantasia gave up all rights in his performance).

In addition, Ms. Garcia's dramatic performance was not a work-for-hire.  She was never an employee of Sam Bacile, the producer, nor any other person or company when delivering her performance for "Desert Warrior."  She was not a salaried employee and no writing exists in which she stated that her performance was a work-for-hire.  See, e.g., Dommas v. Gommerman, 865 F.2d 1093 (9th Cir. 1989) (artist retained all rights because not a salaried employee and no writing evidencing work-for-hire, therefore, artist owned copyright interests). Nevertheless, Sam Bacile has posted her performance on YouTube, as have other posters, without her permission.  Accordingly, all posters are liable for copyright infringement.

Sincerely,

DMCA Solutions, LLC
By:

David Hardy, President

**Cris Armenta**

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Wednesday, September 26, 2012 7:08 AM |
| **To:** | debratucker@google.com; copyright@youtube.com |
| **Cc:** | Cris Armenta |
| **Subject:** | DMCA Take-Down Request "Innocence of the Muslims" - Your Reference [# 1124968010] - Reply |
| **Attachments:** | YouTube-Google Takedown Reply #2 (9-26-12).docx |

Dear YouTube:

Attached please find our reply to your response to our DMCA take-down request #1 - your reference [#1124781281] regarding video postings that are in most instances titled "*The Innocence of the Muslims*".

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

1

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

September 26, 2012

<u>**Sent by Email**</u>
YouTube, LLC
Attn: Debra Tucker, Designated Agent
901 Cherry Avenue
San Bruno, CA
Email: <u>debratucker@google.com</u>
Email: <u>copyright@youtube.com</u>

Re:     Your Reference [#1124968010] YouTube DMCA Takedown Request
        Video – ***The Innocence of the Muslims*** – Our Takedown Request #2

Dear YouTube,

       Thank you for the response to our DMCA Takedown Request, referenced above.  You indicated that "the copyright interest claimed by Ms. Garcia in the content at issue is unclear." You also indicated that you "need further information about the specific copyright interest that is allegedly owned by Ms. Garcia."  This letter responds to your inquiry, with respect to all five DMCA Takedown Request referenced above:

       Individual performances in film are copyrightable.  <u>Fleet v. CBS, Inc.</u>, 50 Cal. Ap. 4th 1911, 1919 (1996).  Indeed, the California Court of Appeal has held that state law claims of actors whose rights are misappropriated are preempted by federal copyright law.  <u>Id.</u>

       Section 102 of the Copyright Act, by its express terms, protects "original works of authorship fixed in any tangible medium of express . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C.  sec. 102(a).  <u>See Fleet</u>, at 1919.  "A 'work of authorship' is specifically defined to include 'dramatic works.'"  <u>Id.</u> (quoting 17 U.S.C. sec. 102(a)(3).  "A work is fixed in a tangible medium of express 'when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced or otherwise communicated for a period of more than transitory duration."  <u>Fleet</u>, at 1919 (citing and quoting 17 U.S.C. sec. 101.)

       "There can be no question that, once appellant's performances were put in film, they became 'dramatic work[s]' 'fixed in [a] tangible medium of expression' that could be perceived, reproduced, or otherwise communicated' through 'the aid of a machine or device.'"  <u>Fleet</u>, at 1919 (citing and quoting 17 U.S.C. sec. 102(a).)  The California Court of Appeal has held that once the actors' dramatic performances were fixed to film "the performances came within the scope or subject matter of copyright law protection."  <u>Fleet</u>, at 1920.  Dramatic performances, are of course, distinct from where a celebrity has merely had his picture taken, as that person is not engaged in a "dramatic work" within the meaning of the Copyright Act.  <u>Id.</u>  In the <u>Fleet</u> case, the court held that "[t]here can be no dispute that appellant's performances [in film] were 'dramatic works' produced through creative input and meet the statutory definition of 'works of authorship.'"  <u>Id.</u> at 1922-1923.

       Of course, where the actor has relinquished his or her rights through agreement, then the actor no longer holds the copyright interest.  <u>See Fleet</u> at 1923 (explaining that per a written

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

Page 2

agreement, the producer of the film *The Commitments* owned the rights to James Brown's musical performance used in the film).  In this case, Ms. Garcia has *not* relinquished her rights to her "dramatic performance."  Enclosed is the Form PA, her application for copyright registration, filed yesterday with the United States Copyright Office.  Please note that in the Application itself, Ms. Garcia has certified that the facts contained in it are true under United States law.  I invite your attention to Section 4, in which Ms. Garcia certified that she "did not sign any work for hire agreement nor a release or relinquishment of her rights when she acted in "Desert Warrior."  This is sufficient evidence for YouTube to have evidence that Ms. Garcia has retained rights in her dramatic performance, even if that property has now been renamed "Innocence of Muslims.  Rooney v. Columbia Pictures Industries, Inc., 538 F. Supp. 211 (S.D.N.Y. 1982) (contracts signed by actor Mickey Rooney broad enough to transfer his rights in his pre-1960 film performances); Muller v. Walt Disney Productions, 871 F. Supp. 678 (S.D.N.Y. 1994) (conductor in Walt Disney's Fantasia gave up all rights in his performance).

   In addition, Ms. Garcia's dramatic performance was not a work-for-hire.  She was never an employee of Sam Bacile, the producer, nor any other person or company when delivering her performance for "Desert Warrior."  She was not a salaried employee and no writing exists in which she stated that her performance was a work-for-hire.  See, e.g., Dommas v. Gommerman, 865 F.2d 1093 (9th Cir. 1989) (artist retained all rights because not a salaried employee and no writing evidencing work-for-hire, therefore, artist owned copyright interests).  Nevertheless, Sam Bacile has posted her performance on YouTube, as have other posters, without her permission.  Accordingly, all posters are liable for copyright infringement.

Sincerely,

DMCA Solutions, LLC
By:

David Hardy, President

## Cris Armenta

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Wednesday, September 26, 2012 7:31 AM |
| **To:** | debratucker@google.com; copyright@youtube.com |
| **Cc:** | Cris Armenta |
| **Subject:** | DMCA Take-down Request #3 "Innocence of the Muslims" - Your Reference - Reply (2nd Attempt to Send) |
| **Attachments:** | YouTube-Google Takedown Reply #3 (9-26-12).docx |

Dear YouTube:

Attached please find our reply to your response to our DMCA take-down request #3 - your reference [#1124980843] regarding video postings that are in most instances titled "*The Innocence of the Muslims*".

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

1

**DMCA Solutions**

31 Hastings Street
Mendon, MA  01756

September 26, 2012

**Sent by Email**
YouTube, LLC
Attn: Debra Tucker, Designated Agent
901 Cherry Avenue
San Bruno, CA
Email:  debratucker@google.com
Email:  copyright@youtube.com

Re:     Your Reference [#1124781281] YouTube DMCA Takedown Request
         Video – *The Innocence of the Muslims* – Our Takedown Request #3

Dear YouTube,

     Thank you for the response to our DMCA Takedown Request, referenced above.  You indicated that "the copyright interest claimed by Ms. Garcia in the content at issue is unclear." You also indicated that you "need further information about the specific copyright interest that is allegedly owned by Ms. Garcia."  This letter responds to your inquiry, with respect to all five DMCA Takedown Request referenced above:

     Individual performances in film are copyrightable.  Fleet v. CBS, Inc., 50 Cal. Ap. 4th 1911, 1919 (1996).  Indeed, the California Court of Appeal has held that state law claims of actors whose rights are misappropriated are preempted by federal copyright law.  Id.

     Section 102 of the Copyright Act, by its express terms, protects "original works of authorship fixed in any tangible medium of express . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. sec. 102(a).  See Fleet, at 1919.  "A 'work of authorship' is specifically defined to include 'dramatic works.'"  Id. (quoting 17 U.S.C. sec. 102(a)(3).  "A work is fixed in a tangible medium of express 'when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced or otherwise communicated for a period of more than transitory duration."  Fleet, at 1919 (citing and quoting 17 U.S.C. sec. 101.)

     "There can be no question that, once appellant's performances were put in film, they became 'dramatic work[s]' 'fixed in [a] tangible medium of expression' that could be perceived, reproduced, or otherwise communicated' through 'the aid of a machine or device.'"  Fleet, at 1919 (citing and quoting 17 U.S.C. sec. 102(a).)  The California Court of Appeal has held that once the actors' dramatic performances were fixed to film "the performances came within the scope or subject matter of copyright law protection."  Fleet, at 1920.  Dramatic performances, are of course, distinct from where a celebrity has merely had his picture taken, as that person is not engaged in a "dramatic work" within the meaning of the Copyright Act.  Id.  In the Fleet case, the court held that "[t]here can be no dispute that appellants' performances [in film] were 'dramatic works' produced through creative input and meet the statutory definition of 'works of authorship.'"  Id. at 1922-1923.

     Of course, where the actor has relinquished his or her rights through agreement, then the actor no longer holds the copyright interest.  See Fleet at 1923 (explaining that per a written

**DMCA Solutions**

31 Hastings Street
Mendon, MA  01756

Page 2

agreement, the producer of the film *The Commitments* owned the rights to James Brown's musical performance used in the film).  In this case, Ms. Garcia has *not* relinquished her rights to her "dramatic performance."  Enclosed is the Form PA, her application for copyright registration, filed yesterday with the United States Copyright Office.  Please note that in the Application itself, Ms. Garcia has certified that the facts contained in it are true under United States law.  I invite your attention to Section 4, in which Ms. Garcia certified that she "did not sign any work for hire agreement nor a release or relinquishment of her rights when she acted in "Desert Warrior."  This is sufficient evidence for YouTube to have evidence that Ms. Garcia has retained rights in her dramatic performance, even if that property has now been renamed "Innocence of Muslims.  Rooney v. Columbia Pictures Industries, Inc., 538 F. Supp. 211 (S.D.N.Y. 1982) (contracts signed by actor Mickey Rooney broad enough to transfer his rights in his pre-1960 film performances); Muller v. Walt Disney Productions, 871 F. Supp. 678 (S.D.N.Y. 1994) (conductor in Walt Disney's Fantasia gave up all rights in his performance).

In addition, Ms. Garcia's dramatic performance was not a work-for-hire.  She was never an employee of Sam Bacile, the producer, nor any other person or company when delivering her performance for "Desert Warrior."  She was not a salaried employee and no writing exists in which she stated that her performance was a work-for-hire.  See, e.g., Dommas v. Gommerman, 865 F.2d 1093 (9th Cir. 1989) (artist retained all rights because not a salaried employee and no writing evidencing work-for-hire, therefore, artist owned copyright interests).  Nevertheless, Sam Bacile has posted her performance on YouTube, as have other posters, without her permission.  Accordingly, all posters are liable for copyright infringement.

Sincerely,

DMCA Solutions, LLC
By:

David Hardy, President

**Cris Armenta**

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Wednesday, September 26, 2012 9:35 AM |
| **To:** | debratucker@google.com; copyright@youtube.com |
| **Cc:** | Cris Armenta |
| **Subject:** | DMCA Take-down Request #4 "Innocence of the Muslims" - Your Reference [#11250919 67] - Reply |
| **Attachments:** | YouTube-Google Takedown Reply #4 (9-26-12).docx |

Dear YouTube:

Attached please find our reply to your response to our DMCA take-down request #4 - your reference [#1125091967] regarding video postings that are in most instances titled "*The Innocence of the Muslims*".

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

1

**DMCA Solutions**

31 Hastings Street
Mendon, MA  01756

September 26, 2012

<u>**Sent by Email**</u>
YouTube, LLC
Attn: Debra Tucker, Designated Agent
901 Cherry Avenue
San Bruno, CA
Email:  <u>debratucker@google.com</u>
Email:  <u>copyright@youtube.com</u>

Re:     Your Reference [#1125091967] YouTube DMCA Takedown Request
        Video *– The Innocence of the Muslims –* Our Takedown Request #4

Dear YouTube,

        Thank you for the response to our DMCA Takedown Request, referenced above.  You indicated that "the copyright interest claimed by Ms. Garcia in the content at issue is unclear." You also indicated that you "need further information about the specific copyright interest that is allegedly owned by Ms. Garcia."  This letter responds to your inquiry, with respect to all five DMCA Takedown Request referenced above:

        Individual performances in film are copyrightable.  <u>Fleet v. CBS, Inc.</u>, 50 Cal. Ap. 4th 1911, 1919 (1996).  Indeed, the California Court of Appeal has held that state law claims of actors whose rights are misappropriated are preempted by federal copyright law.  <u>Id.</u>

        Section 102 of the Copyright Act, by its express terms, protects "original works of authorship fixed in any tangible medium of express . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C.  sec. 102(a).  <u>See</u> <u>Fleet</u>, at 1919.  "A 'work of authorship' is specifically defined to include 'dramatic works.'"  <u>Id.</u> (quoting 17 U.S.C. sec. 102(a)(3).  "A work is fixed in a tangible medium of express 'when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced or otherwise communicated for a period of more than transitory duration."  <u>Fleet</u>, at 1919 (citing and quoting 17 U.S.C. sec. 101.)

        "There can be no question that, once appellant's performances were put in film, they became 'dramatic work[s]' 'fixed in [a] tangible medium of expression' that could be perceived, reproduced, or otherwise communicated' through 'the aid of a machine or device.'"  <u>Fleet</u>, at 1919 (citing and quoting 17 U.S.C. sec. 102(a).)  The California Court of Appeal has held that once the actors' dramatic performances were fixed to film "the performances came within the scope or subject matter of copyright law protection."  <u>Fleet</u>, at 1920.  Dramatic performances, are of course, distinct from where a celebrity has merely had his picture taken, as that person is not engaged in a "dramatic work" within the meaning of the Copyright Act.  <u>Id.</u>  In the <u>Fleet</u> case, the court held that "[t]here can be no dispute that appellants' performances [in film] were 'dramatic works' produced through creative input and meet the statutory definition of 'works of authorship.'"  <u>Id.</u> at 1922-1923.

        Of course, where the actor has relinquished his or her rights through agreement, then the actor no longer holds the copyright interest.  <u>See</u> <u>Fleet</u> at 1923 (explaining that per a written

**DMCA Solutions**

31 Hastings Street
Mendon, MA 01756

Page 2

agreement, the producer of the film *The Commitments* owned the rights to James Brown's musical performance used in the film). In this case, Ms. Garcia has *not* relinquished her rights to her "dramatic performance." Enclosed is the Form PA, her application for copyright registration, filed yesterday with the United States Copyright Office. Please note that in the Application itself, Ms. Garcia has certified that the facts contained in it are true under United States law. I invite your attention to Section 4, in which Ms. Garcia certified that she "did not sign any work for hire agreement nor a release or relinquishment of her rights when she acted in "Desert Warrior." This is sufficient evidence for YouTube to have evidence that Ms. Garcia has retained rights in her dramatic performance, even if that property has now been renamed "Innocence of Muslims." Rooney v. Columbia Pictures Industries, Inc., 538 F. Supp. 211 (S.D.N.Y. 1982) (contracts signed by actor Mickey Rooney broad enough to transfer his rights in his pre-1960 film performances); Muller v. Walt Disney Productions, 871 F. Supp. 678 (S.D.N.Y. 1994) (conductor in Walt Disney's Fantasia gave up all rights in his performance).

In addition, Ms. Garcia's dramatic performance was not a work-for-hire. She was never an employee of Sam Bacile, the producer, nor any other person or company when delivering her performance for "Desert Warrior." She was not a salaried employee and no writing exists in which she stated that her performance was a work-for-hire. See, e.g., Dommas v. Gommerman, 865 F.2d 1093 (9th Cir. 1989) (artist retained all rights because not a salaried employee and no writing evidencing work-for-hire, therefore, artist owned copyright interests). Nevertheless, Sam Bacile has posted her performance on YouTube, as have other posters, without her permission. Accordingly, all posters are liable for copyright infringement.

Sincerely,

DMCA Solutions, LLC
By:

David Hardy, President

## Cris Armenta

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Wednesday, September 26, 2012 10:13 AM |
| **To:** | debratucker@google.com; copyright@youtube.com |
| **Cc:** | Cris Armenta |
| **Subject:** | DMCA Take-down Request #5 "Innocence of the Muslims" - Your Reference [# 1125560930] - Reply |
| **Attachments:** | YouTube-Google Takedown Reply #5 (9-26-12).docx |

Dear YouTube:

Attached please find our reply to your response to our DMCA take-down request #5 - your reference [#1125560930] regarding video postings that are in most instances titled "*The Innocence of the Muslims*".

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

1

**DMCA Solutions**

31 Hastings Street
Mendon, MA  01756

September 26, 2012

**Sent by Email**
YouTube, LLC
Attn: Debra Tucker, Designated Agent
901 Cherry Avenue
San Bruno, CA
Email:  debratucker@google.com
Email:  copyright@youtube.com

Re:     Your Reference [#1125560930] YouTube DMCA Takedown Request
        Video – ***The Innocence of the Muslims*** – Our Takedown Request #5

Dear YouTube,

        Thank you for the response to our DMCA Takedown Request, referenced above.  You indicated that "the copyright interest claimed by Ms. Garcia in the content at issue is unclear." You also indicated that you "need further information about the specific copyright interest that is allegedly owned by Ms. Garcia."  This letter responds to your inquiry, with respect to all five DMCA Takedown Request referenced above:

        Individual performances in film are copyrightable.  Fleet v. CBS, Inc., 50 Cal. Ap. 4th 1911, 1919 (1996).  Indeed, the California Court of Appeal has held that state law claims of actors whose rights are misappropriated are preempted by federal copyright law.  Id.

        Section 102 of the Copyright Act, by its express terms, protects "original works of authorship fixed in any tangible medium of express . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. sec. 102(a).  See Fleet, at 1919.  "A 'work of authorship' is specifically defined to include 'dramatic works.'"  Id. (quoting 17 U.S.C. sec. 102(a)(3).  "A work is fixed in a tangible medium of express 'when its embodiment in a copy or phonorecord, by or under the authority of the author, is sufficiently permanent or stable to permit it to be perceived, reproduced or otherwise communicated for a period of more than transitory duration."  Fleet, at 1919 (citing and quoting 17 U.S.C. sec. 101.)

        "There can be no question that, once appellant's performances were put in film, they became 'dramatic work[s]' 'fixed in [a] tangible medium of expression' that could be perceived, reproduced, or otherwise communicated' through 'the aid of a machine or device.'"  Fleet, at 1919 (citing and quoting 17 U.S.C. sec. 102(a).)  The California Court of Appeal has held that once the actors' dramatic performances were fixed to film "the performances came within the scope or subject matter of copyright law protection."  Fleet, at 1920.  Dramatic performances, are of course, distinct from where a celebrity has merely had his picture taken, as that person is not engaged in a "dramatic work" within the meaning of the Copyright Act.  Id.  In the Fleet case, the court held that "[t]here can be no dispute that appellants' performances [in film] were 'dramatic works' produced through creative input and meet the statutory definition of 'works of authorship.'"  Id. at 1922-1923.

        Of course, where the actor has relinquished his or her rights through agreement, then the actor no longer holds the copyright interest.  See Fleet at 1923 (explaining that per a written

**DMCA Solutions**
31 Hastings Street
Mendon, MA 01756

Page 2

agreement, the producer of the film *The Commitments* owned the rights to James Brown's musical performance used in the film).  In this case, Ms. Garcia has *not* relinquished her rights to her "dramatic performance."  Enclosed is the Form PA, her application for copyright registration, filed yesterday with the United States Copyright Office.  Please note that in the Application itself, Ms. Garcia has certified that the facts contained in it are true under United States law.  I invite your attention to Section 4, in which Ms. Garcia certified that she "did not sign any work for hire agreement nor a release or relinquishment of her rights when she acted in "Desert Warrior."  This is sufficient evidence for YouTube to have evidence that Ms. Garcia has retained rights in her dramatic performance, even if that property has now been renamed "Innocence of Muslims.  Rooney v. Columbia Pictures Industries, Inc., 538 F. Supp. 211 (S.D.N.Y. 1982) (contracts signed by actor Mickey Rooney broad enough to transfer his rights in his pre-1960 film performances); Muller v. Walt Disney Productions, 871 F. Supp. 678 (S.D.N.Y. 1994) (conductor in Walt Disney's Fantasia gave up all rights in his performance).

In addition, Ms. Garcia's dramatic performance was not a work-for-hire.  She was never an employee of Sam Bacile, the producer, nor any other person or company when delivering her performance for "Desert Warrior."  She was not a salaried employee and no writing exists in which she stated that her performance was a work-for-hire.  See, e.g., Dommas v. Gommerman, 865 F.2d 1093 (9th Cir. 1989) (artist retained all rights because not a salaried employee and no writing evidencing work-for-hire, therefore, artist owned copyright interests).  Nevertheless, Sam Bacile has posted her performance on YouTube, as have other posters, without her permission.  Accordingly, all posters are liable for copyright infringement.

Sincerely,

DMCA Solutions, LLC
By:

David Hardy, President

EXHIBIT E

**Cris Armenta**

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Wednesday, October 03, 2012 11:32 AM |
| **To:** | debratucker@google.com; copyright@youtube.com |
| **Cc:** | Cris Armenta; Sol, Credence (credence.sol@sol-law.com) |
| **Subject:** | Reply to 10-2-12 YouTube Response to Takedown Requests 1-7 |
| **Attachments:** | YouTube-Google Takedown Reply (10-3-12).pdf |

Dear Ms. Tucker and YouTube Copyright Takedown Agent:

Attached please find our reply, as DMCA takedown agent on behalf of Cindy Lee Garcia, to your communication of October 2, 2012, concerning the seven takedown requests we have filed with you, begining on September 25, 2012, regarding the video postings on YouTube sometimes referred to or identified as as *"The Innocence of the Muslims."*

Sincerely,

David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

1

**DMCA Solutions**

31 Hastings Street
Mendon, MA  01756

October 3, 2012

<u>**Sent by Email**</u>
YouTube, LLC
Attn: YouTube Copyright Takedown Agent
901 Cherry Avenue
San Bruno, CA
Email: <u>debratucker@google.com</u>
Email: <u>copyright@youtube.com</u>

Re:    References [1124781281, 1124968010, 1124980843, 1125091967, 1125560930,
       1126154907, 1126161756, 1126186331, 1126235061, 1126284976, 1126288506,
       1126346124, 1126350026, 1126351930, 1126361396, 1126849290]

Dear YouTube Copyright Takedown Agent:

We are in receipt of your communication dated October 2, 2012.

It appears that your communications are simply designed at this point to prolong the takedown of the specifically identified URL's pertaining to "Innocence of Muslims" in order to generate more views on a film that has "gone viral" worldwide and to enhance YouTube's view counts and revenues, at the expense of Ms. Garcia's copyright interests, and in this particular case, the lives of each actor that now has a "fatwa" issued against them. We noticed with interest the comments of Chairman Eric Schmidt at the Seoul conference last week in which he took a public stance that the "video will stay up."

It appears that YouTube is actively engaged in content-filtering because other videos with the same particularities, which have not generated the same amount of views (i.e. revenue to YouTube) have been removed swiftly pursuant o the DMCA takedown procedures.

In order to provide you greater clarity ***again*** and to permit YouTube to attempt to avail itself of the safe harbor provisions under the DMCA (although, at this point, we believe that YouTube has already stepped decidedly outside the safe harbor), note the following:

1.    Ms. Garcia delivered a dramatic performance in a film entitled "Desert Warrior." She owns the copyright to her dramatic performance rendered in that film, "at the point" it was committed to a tangible medium.

2.    Ms. Garcia did not sign a release nor a work-for-hire agreement, and as such, her copyrighted interests in her dramatic performance remain with her.

3.    Ms. Garcia's dramatic performances that she delivered in "Desert Warrior" appears in the trailer "Innocence of Muslims" between 9:03- and 9:17. Just as a musician can object to the use of his or her music in a film trailer to which he or she did not consent, Ms. Garcia has the right to object to the reproduction or publication of her copyrighted dramatic performance.

**DMCA Solutions**

31 Hastings Street
Mendon, MA 01756

Page 2

4.   In the United States an actor, performer or musician, retains their rights in their performance until and unless it is released, relinquished or waived. You may want to consider the recently passed Audio Visual Performance Treaty, signed on to by 44 countries in Beijing, China in July of 2012. In connection with the promotion of that international treaty, the United States issued the following statement and "fact sheet." "Under U.S. law, actors and musicians are considered to be 'authors' of their performances providing them with copyright rights." This is consistent with the United States Copyright Act, and the case law within the Ninth Circuit. See Fleet, 50 Cal. App. 4th 1611 (1996); Jules Jordan Video v. 144942 Canada Inc., 617 f.3d 1146 (9th Cir. 2010); Laws v. Sony Music Entertainment, Inc., 448 F.3d 134 (9th Cir. 2005).

5.   Ms. Garcia's dramatic performance was not a work-for-hire under 17 U.S.C. Sec. 101 because she was neither an employee, nor does there exist a written instrument making the work for hire.

6.   There is no lack of clarity as to Ms. Garcia's copyright interests. See Jules Jordan Video, supra.

7.   It would be no different if, for instance, Angelina Jolie acted in one film, and that footage was taken, without her permission, assignment or waiver, to be inserted in a completely different film. She, or original assignee, would have the power to stop the subsequent copyright infringement. The fact that YouTube is feigning ignorance of this basic tenet of copyright law is, at this point, stunning, particularly given that we have copied your lead trial counsel at all times on all communications.

8.   We believe that YouTube's failure to have "expeditiously" taken down or disabled the content to date after receipt of the initial takedown notices on September 25, 2012 is in extraordinarily bad faith and is causing Ms. Garcia continued harm.

9.   Ms. Garcia's attorneys have already filed a federal copyright lawsuit against YouTube, Google and the producer of the film, and have advised me that they will act quickly to enforce Ms. Garcia's rights, seeking statutory damages or the actual damages caused to Ms. Garcia.

10.   As you know, YouTube ordinarily takes down allegedly infringing content within minutes using its automated system or within 24 hours in other cases. The fact that YouTube has not followed its own internal protocols in this particular situation speaks to YouTube and Google's bad faith, and its clear desire to attempt to generate more views and hits to the infringing content.

11.   The specific URL's have been identified.

We have been informed by Ms. Garcia's attorneys that unless the URLs identified in our previous takedown requests (referenced above) are taken down by 2:00 p.m. Pacific Standard Time today, they will use every available legal remedy at their disposal on behalf of Ms. Garcia

**DMCA Solutions**
31 Hastings Street
Mendon, MA  01756

Page 3

to force YouTube and Google to cease and desist from infringing her copyright interests,

DMCA Solutions, LLC

By:

David Hardy, President

EXHIBIT F

**Cris Armenta**

| | |
|---|---|
| **From:** | david@dmcasolutions.com on behalf of David Hardy <David.Hardy@DMCASolutions.com> |
| **Sent:** | Wednesday, October 03, 2012 1:37 PM |
| **To:** | Cris Armenta; Sol, Credence (credence.sol@sol-law.com); Jason Armstrong (armstronglaw@me.com) |
| **Subject:** | Fwd: [#1130518808] Reply to 10-2-12 YouTube Response to Takedown Requests 1-7 |

This just back from YouTube

---------- Forwarded message ----------
From: **Copyright Service** <copyright@youtube.com>
Date: Wed, Oct 3, 2012 at 4:28 PM
Subject: Re: [#1130518808] Reply to 10-2-12 YouTube Response to Takedown Requests 1-7
To: David Hardy <David.Hardy@dmcasolutions.com>
Cc: debratucker@google.com, Cris Armenta <cris@crisarmenta.com>, "Sol, Credence (credence.sol@sol-law.com)" <credence.sol@sol-law.com>


Dear Mr. Hardy,

Based upon the information you have provided, we do not believe that Ms. Garcia has an enforceable copyright interest in the content.  Because of that, we will not remove the content from YouTube.

Regards,
The YouTube Team



Original Message Follows:
------------------------
From: David Hardy <David.Hardy@DMCASolutions.com>
Subject: Reply to 10-2-12 YouTube Response to Takedown Requests 1-7
Date: Wed, 3 Oct 2012 14:32:04 -0400

> Dear Ms. Tucker and YouTube Copyright Takedown Agent:
>
> Attached please find our reply, as DMCA takedown agent on behalf of Cindy
> Lee Garcia, to your communication of October 2, 2012, concerning the seven
> takedown requests we have filed with you, begining on September 25,
> 2012, regarding the video postings on YouTube sometimes referred to or
> identified as as* "The Innocence of the Muslims."*
> Sincerely,
>
> David E. Hardy, President

1

> DMCA Solutions, LLC
> (202) 350-0200
> David.Hardy@DMCASolutions.com
>
> --
>
>
>


--
David E. Hardy, President
DMCA Solutions, LLC
(202) 350-0200
David.Hardy@DMCASolutions.com

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 11900 Olympic Boulevard, Suite 730, Los Angeles, California 90064.

     On October 17, 2012 I served the following document(s) described as:

**(1) *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND ORDER OF IMPOUNDMENT**

**(2)   REQUEST FOR JUDICIAL NOTICE**

**(3) DECLARATIONS OF CINDY LEE GARCIA, DAN SUTTER, GAYLORD FLYNN, DR. KHALED ABOU EL FADL, ALL IN SUPPORT OF EX PARTE APPLICATION**

**(4) DECLARATION OF DAVID HARDY IN SUPPORT OF EX PARTE APPLICATION**

**(5) DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF EX PARTE APPLICATION**

**(6) DECLARATION OF ZAHAVAH LEVINE IN SUPPORT OF EX PARTE APPLICATION**

**(7) [PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER, ISSUANCE OF ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND ORDER OF IMPOUNDMENT**

1

on the interested parties in this action by placing true copies thereof addressed as follows:

**Timothy L. Alger**
**Sunita Bali**
**Perkins Coie LLP**
**3150 Porter Drive**
**Palo Alto, CA 94304-1212**
**TAlger@perkinscoie.com**
**sbali@perkinscoie.com**

☑     BY ELECTRONIC MAIL, pursuant to the consent of the above counsel

I declare under penalty of perjury under the law of the State of California that the above is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on  October 17, 2012 in Los Angeles, California.

Heather Rowland

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 1511 West Beverly Blvd, Los Angeles, California 90026.

On _____ I served the following document(s) described as:

**(1) *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND ORDER OF IMPOUNDMENT**

**(2)  REQUEST FOR JUDICIAL NOTICE**

**(3) DECLARATIONS OF CINDY LEE GARCIA, DAN SUTTER, GAYLORD FLYNN, DR. KHALED ABOU EL FADL, ALL IN SUPPORT OF EX PARTE APPLICATION**

**(4) DECLARATION OF DAVID HARDY IN SUPPORT OF EX PARTE APPLICATION**

**(5) DECLARATION OF M. CRIS ARMENTA IN SUPPORT OF EX PARTE APPLICATION**

**(6) DECLARATION OF ZAHAVAH LEVINE IN SUPPORT OF EX PARTE APPLICATION**

**(7) [PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER, ISSUANCE OF ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND ORDER OF IMPOUNDMENT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

1

*Nakoula B. Nakoula*
*c/o*
*Los Angeles County Sheriff's Department*
*Stanley Mosk Courthouse*
*110 North Grand Avenue Room 525*
*Los Angeles, 90012*

☐   PERSONAL SERVICE: On _____ I served the foregoing documents listed above by personally handing them to

_____

*I declare under penalty of perjury under the law of the United States of America that the above is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.*

Executed on _____ in Los Angeles, California.

_____

**PROOF OF SERVICE**

2