# EXHIBIT

# "A"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

M. Cris Armenta (SBN 177403)
THE ARMENTA LAW FIRM APC
11900 W. Olympic Boulevard, Suite 730
Los Angeles, CA 90064
Tel: (310) 826-2826 x 108
Facsimile: (310) 826-5456
Email: cris@crisarmenta.com

Credence E. Sol (SBN 219784)
La Garenne
86300 Chauvigny
France
Telephone: 06 74 90 22 08
credence.sol@sol-law.com

Attorneys for Plaintiff
Cindy Lee Garcia

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 19 2012

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Mary Flores

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CINDY LEE GARCIA, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE; GOOGLE, INC., a Delaware Corporation; YOUTUBE, a California limited liability company, and DOES 1 through 200, inclusive. <br><br> Defendants. | Case No.   BC 4 9 2 3 5 8 <br><br> **COMPLAINT FOR:** <br><br> 1. **Declaratory Relief** <br> 2. **Invasion of Privacy** <br> 3. **False Light Invasion of Privacy** <br> 4. **Right of Publicity;** <br> 5. **Fraud;** <br> 6. **Unfair Business Practices** <br> 7. **Slander;** <br> 8. **Intentional Infliction of Emotional Distress** <br><br> **[Demand For Jury Trial]** <br><br> **[Ex Parte Application for a Temporary Restraining Order and a Preliminary Injunction Requested]** |

1

1        For her verified Complaint against Defendants Nakoula Basseley Nakoula, also known as

2 Sam Bacile, Google, Inc. and YouTube LLC, Plaintiff Cindy Lee Garcia alleges as follows:

3                     **GENERAL ALLEGATIONS**

4     **A.**     <u>**The Parties**</u>

5     1.     Plaintiff Cindy Lee Garcia is an individual and at all relevant times herein was a

6 resident of Kern County, California.

7     2.     Defendant Nakoula Basseley Nakoula, also known as Sam Bacile ("Defendant

8 Nakoula" or "Bacile") is an individual and at all relevant times herein as a resident of Los Angeles

9 County, California.

10     3.     Defendant Google, Inc., is a corporation incorporated in Delaware with its principal

11 place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.  Google

12 conducts business throughout California, the nation, and the world.

13     4.     Defendant YouTube, LLC, is a California limited liability company.  YouTube

14 conducts business throughout California, the nation, and the world.

15     5.     Plaintiff lacks knowledge of the true names and capacities of the defendants sued

16 herein as DOES 1 through 200, inclusive, and therefore sues these defendants by such fictitious

17 names. DOES 1-150 are unidentified posters of the film, as further described below.  Plaintiff will

18 amend this complaint to allege their true names and capacities when they have been ascertained.

19     6.     Plaintiff is informed and believes that each of the defendants designated herein as a

20 Doe is responsible in some manner for the events and happenings herein alleged, as well as for the

21 damages alleged.

22     7.     Plaintiff is informed and believes that each of the defendants was the agent or

23 employee of each of the remaining defendants and, at all relevant times herein, acted within the

24 course and scope of such agency and/or employment.

25                     **FACTUAL BACKGROUND**

26     8.     Plaintiff Garcia is an actress.  Garcia works in film, television and theatre.

27     9.     In July of 2011, Plaintiff Garcia responded to a casting call posted on Backstage for

28 a film titled "Desert Warrior," which was represented to be an "historical Arabian Desert

2

adventure film." She was cast in the film. The producers of the film, including DOES 151-200, and Defendant Bacile, intentionally concealed the purpose and content of the film.

10. Ms. Garcia was given pages of the script "Desert Warrior." There was no mention of "Mohammed" during filming or on the set. There were no references made to religion nor was there any sexual content of which Ms. Garcia was aware. Mr. Bacile represented to her that the Film was indeed an adventure film and about ancient Egyptians. Based on those specific representations made and the script and the manner in which the Film was shot, she agreed to deliver an acting performance for "Desert Warriors."

11. On July 2, 2012, Defendant Bacile published a video entitled "The Innocence of Muslims" (the "Film") to the Internet site www.youtube.com, making the Film available publicly and globally. The Film includes Plaintiff's acting work from "Desert Warriors" and has been changed grotesquely to make it appear that Ms. Garcia voluntarily performed in a hateful anti-Islamic production. The Film is vile and reprehensible. Plaintiff was unaware of the vile content contained in the Film, as the content and overall purpose of the Film was concealed from them at all times by Defendant Bacile and DOES 151 through 200. This lawsuit is not an attack on the First Amendment nor on the right for Americans to say what they think, but does request that the offending content be removed from the Internet.

12. Based on information and belief, in around September of 2012, Defendant Bacile published the Film, with the voices of Plaintiffs and her castmates dubbed into Arabic, on YouTube. The availability of the Film in Arabic has set off protests and violence in the Middle East. That violence resulted in the assassination of four embassy officials in Libya, including United States Ambassador Christopher Stevens.

13. After the Film was published on YouTube, Plaintiff received death threats.

14. After the Film was published on YouTube, Plaintiff's family, fearing for their own safety, informed her that she was no longer permitted to see her grandchildren, whom she previously babysat regularly.

3

15.     After the Film was published on YouTube, Plaintiff was fired from her job as a direct result of the Film, in as much as she is now considered a target and the safety of those in her presence cannot be guaranteed.

16.     Plaintiff requested that Google remove the Film from the YouTube Website. Her request was purportedly passed on to the "YouTube team." The "YouTube team" has informed her in writing that it has declined to remove the content, despite her privacy concerns.

17.     As a result of Mr. Bacile's falsification of her words in the Film, and Google's refusal to remove the video from the Internet, Plaintiff has suffered severe emotional distress, the destruction of her career and reputation, the loss of her family and her livelihood, and other financial and non-pecuniary damage. She has been subjected to credible death threats and is in fear for her life and the life and safety of anyone associated with her.

## FIRST CAUSE OF ACTION

### Declaratory Relief

### Against All Defendants

18.     Plaintiff repeats and realleges paragraphs 1 through 17 of this Complaint as though set forth in full.

19.     Plaintiff contends that Defendants have invaded her right to privacy, defrauded her, acted negligently towards her, committed unfair business practices, slandered her, and intentionally inflicted emotional distress upon her. Plaintiff contends that Defendants' actions have put her life in serious, imminent danger, as evidenced by the death threats she has received since the Film was posted on YouTube, and continuing to the present following the refusal of her request to remove the Film from the YouTube Website.

20.     There is an actual controversy between Plaintiff and Defendants concerning whether the Film may remain posted on the YouTube Website.

4

## SECOND CAUSE OF ACTION

### Invasion of Privacy

### Against All Defendants

21.     Plaintiff repeats and realleges paragraphs 1 through 20 of this Complaint as though set forth in full.

22.     The right of privacy is protected by the California Constitution, Article I, Section 1.

23.     At all times herein mentioned and up to and including the present, Plaintiff had a legally protected interest in her privacy and the right to be free from having hateful words put in her mouth or being depicted as a bigot.  The right to privacy is a fundamental right, long respected in the California courts.

24.     At all times herein mentioned and up to and including the present, Plaintiff had a reasonable expectation of privacy, and at no time expected that Defendants would use her image as a virtual "puppet" for Defendant Bacile's bigoted views (which Plaintiff does not share and rejects), or that Defendant YouTube and its parent company, Google, would refuse to remove the Film after it was alerted of the wrongdoing.

25.     On or about September of 2011, Plaintiff became aware for the first time that another voice had been dubbed over her image, making it appear that she had made outrageously bigoted statements that she never said and does not endorse.

26.     The conduct of Defendants, and each of them, in disseminating this false depiction of Plaintiff as described herein constituted a serious invasion of Plaintiff's right to privacy, and was an egregious breach of social norms that subjected Plaintiff to death threats and extreme emotional distress.

27.     As a proximate cause of the conduct of Defendants, and each of them, Plaintiff has suffered emotional distress, mental suffering, and invasion of her Constitutional right to privacy in a sum that is presently unascertainable.  Plaintiff will seek leave of court to amend this Complaint to set forth the full amount of said damage when ascertained.

28.     The acts of Defendants, and each of them, were willful, wanton, malicious, and oppressive, and justify an award of exemplary and punitive damages.

5

## THIRD CAUSE OF ACTION

### False Light Invasion of Privacy

### Against All Defendants

29.    The allegations set forth in paragraphs 1 through 28 are realleged and incorporated herein by reference

30.    Defendants, through the above-described Film and their actions in publishing it, including the content that falsely purported to depict Plaintiff saying bigoted things that she did not say, gave publicity to matters concerning Plaintiff that unreasonably places her in a false light and violates her right of privacy.

31.    The false light in which Plaintiff was placed would be highly offensive to a reasonable person.

32.    Defendants knew of the falsity of the publicized matter and the false light in which Plaintiff would be placed and/or acted with reckless disregard for the truth or falsity of the publicized matter and the false light in which Plaintiff would be placed.

33.    As a direct and proximate result of the above-described depiction, Plaintiff has suffered and will suffer emotional distress, and has been, and continues to be, embarrassed and humiliated by the false statements and implications, terrorized by the death threats that she has received as a result of the false light in which she has been placed, and reasonably fears that she will be shunned, avoided, and subjected to ridicule.

34.    Additionally, as a direct and proximate result of the above-described statements and depictions, Plaintiff has suffered, and may continue to suffer, significant damage to her reputation and to her livelihood, particularly among those who do not know Plaintiff personally or professionally.  Further, as a direct and proximate result of the above-described statements and depictions, Plaintiff has suffered, and may continue to suffer, significant damage to her personal reputation in the community.  As a result of this potential damage to her reputation, Plaintiff's business and personal relationships have been, and may continue to be, adversely affected.

6

35.     All of these above-described damages are in an amount that cannot presently be ascertained but which Plaintiff is informed and believes are in excess of the jurisdictional minimum of this Court, according to proof at trial.

36.     Defendants, and each of them, have acted with knowledge that the depiction of Plaintiff was false and with a reckless disregard of truth or falsity.  Defendants' conduct was intended by them to cause injury to Plaintiffs, and was despicable conduct carried on with a willful and conscious disregard of the rights, reputation, and safety of Plaintiff.  As such, Plaintiff is entitled to recover punitive and exemplary damages in an amount sufficient to punish Defendants and deter them from such conduct in the future.

## FOURTH CAUSE OF ACTION

### Right of Publicity

### Against All Defendants

37.     The allegations set forth in paragraphs 1 through 36 are realleged and incorporated herein by reference.

38.     California's Right of Publicity Statute, California Civil Code § 3344 *et seq.*, protects persons from the unauthorized appropriation of the person's identity by another for commercial gain.

39.     Defendants Bacile, Google, and the Does 1-150 and 151-200 knowingly used Plaintiff's name, photograph, or likeness for commercial gain or otherwise.

40.     None of the Defendants had Plaintiff's consent to do so.

41.     Other than payment for acting in "Desert Warriors," Plaintiff received no compensation or other consideration for Defendants' use of her name, photograph, or likeness.

42.     Plaintiff was harmed by Defendants' actions.

43.     The use of Plaintiff's name, photograph, or likeness was directly connected to Defendants' commercial or other use.

44.     Defendants' actions were a substantial factor in Plaintiff's harms.

45.     The Film was not used in conjunction with news, public affairs, a sports broadcast or account, or a political campaign.

7

46.     Plaintiff therefore seeks injunctive relief, and other such preliminary and other

equitable or declaratory relief as may be appropriate.

47.     Plaintiff also seeks a remedy as provided for by California Civil Code Section

3344(a) in the amount equal to the greater of $750 per incident, or actual damages, any profits

attributable to Defendants' illegal action, before taking into account any actual damages, punitive

damages, attorneys fees and costs, and any other relief as may be appropriate.

## FIFTH CAUSE OF ACTION

### Fraud

### Against Defendant Bacile and DOES 1 through 10

48.     The allegations set forth in paragraphs 1 through 47 are realleged and incorporated

herein by reference.

49.     Defendant Bacile represented to Plaintiff that the Film was an "adventure" film,

and that she would be depicted as a benign historical character.

50.     Defendant Bacile's representations that he intended to make an "adventure" film,

and that Plaintiff would be depicted as a concerned mother, were false.  Instead, Defendant Bacile

made an anti-Islam propaganda film, in which Plaintiff is falsely made to appear to accuse the

founder of the Islamic religion of being a sexual deviant and child molester.

51.     When Defendant Bacile represented to Plaintiff that he intended to make an

"adventure" film, and that her character was merely to express concern for her child, he knew that

the representations were false, or he made the representations with reckless disregard as to their

falsity.

52.     Defendant Bacile made the misrepresentations with the intent to defraud Plaintiff.

In making the misrepresentations, Defendant Bacile intended to induce Plaintiff to rely upon the

misrepresentations and to act upon them by agreeing to appear in his "adventure" film.

53.     At the time Defendant Bacile made the misrepresentations, Plaintiff was unaware

of the falsity of the misrepresentations.  Plaintiff acted in reliance on the truth of the

misrepresentations, in that the misrepresentations substantially influenced her actions, and

Plaintiff was justified in relying on the misrepresentations.

8

54.     As a direct and proximate result of Defendant Bacile's intentional misrepresentations, Plaintiff has incurred and will incur substantial damages, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Unfair Business Practices Under Cal. Bus. Prof. Code 17200

### Against Defendants Nakoula, Google, YouTube, and DOES 1-50

55.     The allegations set forth in paragraphs 1 through 54 are realleged and incorporated herein by reference.

56.     The aforementioned acts of Defendants constitute unfair, fraudulent and/or illegal business practices within the meaning of California's Unfair Competition Law ("UCL"), embodied in Section 17200, et seq. of the California Business and Professions Code.

57.     Defendants' actions, including fraudulently enticing Plaintiff into appearing in an anti-Islam propaganda film, manipulating the soundtrack of the Film to make it appear that Plaintiff was slandering Islam and Muslim beliefs, and refusing to remove the Film from YouTube after Plaintiff's request, were unfair in that they made Plaintiff a target of the anti-Film violence that has already claimed the lives of four Americans, caused Plaintiff to lose her jobs, and caused Plaintiff to be separated from her family.

58.     Defendant Bacile's actions were fraudulent in that they deceived Plaintiff as to the true nature of the film project in which she participated, and in that they manipulated Plaintiff's image to create the false appearance of anti-Muslim bigotry by Plaintiff.

59.     Defendants' actions were illegal in that they violated Plaintiff's right under California and federal law to protect the use of her image "and violated Section 16600 of the California Business and Professions Code" in that the conduct has made it impossible to practice her trade, profession or occupation.

60.     Defendants' unfair, deceptive, and fraudulent practices originated from and/or occurred primarily in California. The decision to dub Plaintiff's voice to make it appear as though she was spouting inflammatory material about Islam was made in California. The decision to refuse to remove the Film from YouTube was made in California.

9

61.     Pursuant to California Business & Professions Code Section 17203, Plaintiff seeks an order of this Court permanently enjoining Defendants from continuing to engage in the unlawful, unfair, and fraudulent conduct described herein.  Plaintiff seeks an order requiring Defendants to:  (1) immediately cease the unlawful, unfair, and fraudulent practices stated in this Complaint; and (2) award Plaintiff reasonable costs and attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.

62.     By reason of the alleged acts and conduct of Defendants, Plaintiff has suffered and will suffer further harm, including the loss of employment, the loss of her family, and the fear of violent retribution.  Plaintiffs are fully entitled to their remedies allowed under the UCL, including restitution for their lost wages and the cost of security protection for themselves and their families.

## SEVENTH CAUSE OF ACTION

### Against All Defendants Nakoula and DOES 1 - 50

### Slander

63.     The allegations set forth in paragraphs 1 through 62 are realleged and incorporated herein by reference.

64.     By making and republishing the Film, Defendants made a statement of and concerning Plaintiff or words that suggest that Plaintiff approved the finished product and message of the Film.

65.     The statements are false as they pertain to Plaintiff.  In making these statements, Defendants knew or should have known that Plaintiff has never called the founder of Islam a child molester.

66.     Furthermore, these statements are defamatory because they carry the meaning that Plaintiff is a religious bigot.

67.     The statements have been understood by those who saw and heard them on YouTube to mean that Plaintiff it a religious bigot.

68.     Plaintiff is informed and believes and thereon alleges that the statements that Defendant Bacile literally "put in her mouth," which Google refuses to remove from YouTube,

1   have been seen and heard by millions of individuals throughout the world, whose names are not
2   presently known to Plaintiff.
3       69.    These words were slanderous because they tend to injure Plaintiff in her profession,
4   trade and business by imputing to her a general disqualification for working with the public,
5   something that the occupation and duties of her profession peculiarly require, and the profitability
6   of which is naturally lessened if she is believed to be a religious bigot.
7       70.    These words published by Defendants were stated not as a matter of opinion, but as
8   a matter of fact, and therefore were not protected or privileged in any way.
9       71.    The words published by Defendants also were slanderous because Plaintiff never
10   called the founder of Islam a child molester, either on the set of the Film or at any other place or
11   time.
12       72.    At no relevant time did Plaintiff ratify or consent to the dissemination of the
13   statements, on YouTube or anywhere else.  In fact, Plaintiff subsequently contacted Defendant
14   Bacile to ask him to remove the Film from YouTube and also contacted Google and YouTube to
15   request the same thing.
16       73.    Plaintiff is informed and believes and thereon alleges that Defendants repeated the
17   false statements to others, including a worldwide audience on YouTube.
18       74.    The words that Defendants put, and kept, in Plaintiff's mouth carried a defamatory
19   meaning by their very terms and were understood by those who saw and heard them in a way that
20   defamed Plaintiff.
21       75.    Defendants further published such statements deliberately and with knowledge and
22   intention that such words would be heard by a worldwide YouTube.com audience.
23       76.    As a proximate result of Defendants' publication of the false statements, Plaintiff
24   has suffered loss of her reputation, shame, mortification, and hurt feelings all to her general
25   damages in a sum to be proven at trial.
26       77.    As a further result of Defendants' publication of the false statements, Plaintiff has
27   suffered special damages according to proof.
28

11

1       78.    As the above-described statements were published with malice and oppression and

2    fraud, an award of exemplary and punitive damages is necessary and appropriate.

3

4    **EIGHTH CAUSE OF ACTION**

5    **Against All Defendants**

6    **Intentional Infliction of Emotional Distress**

7       79.    The allegations set forth in paragraphs 1 through 78 are realleged and incorporated

8    herein by reference.

9       80.    The conduct set forth hereinabove was extreme and outrageous and an abuse of the

10   authority and position of Defendants, and each of them. Said conduct was intended to cause

11   severe emotional distress, or was done in conscious disregard of the probability of causing such

12   distress. Said conduct exceeded the inherent risks of Plaintiff's work as an actress and was not the

13   sort of conduct normally expected to occur in the production of a Film, or in the posting of a film

14   to YouTube. Defendants, and each of them, abused their positions of authority toward Plaintiff,

15   and engaged in conduct intended to make Plaintiff a target of extremist violence. Defendant

16   Google abused its authority over removal of videos from YouTube, and directly injured Plaintiff

17   by their ratification of Defendant Bacile's acts.

18      81.    The foregoing conduct did in fact cause Plaintiff to suffer extreme emotional

19   distress. As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety,

20   humiliation and emotional distress, and will continue to suffer said emotional distress in the future

21   in an amount according to proof.

22   **PRAYER**

23   Plaintiff Garcia prays for judgment against Defendants as follows:

24      1.    For temporary and permanent injunctive relief;

25      2.    For general damages according to proof at trial, exceeding the jurisdictional

26   minimum of this Court;

27      3.    For special damages arising from the loss of business and business opportunities,

28   according to proof at trial;

12

4.    For restitution;

5.    For exemplary and punitive damages;

6.    For attorney fees and costs of suit incurred herein; and

7.    For such other and further relief as the Court deems just and proper.

THE ARMENTA LAW FIRM, A.P.C.

Dated: September 18, 2012

By: _____
     M. Cris Armenta
     Attorneys for Plaintiff
     Cindy Lee Garcia

13

Exhibit A - Page 017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial for jury.

Dated: September 18, 2012                THE ARMENTA LAW FIRM, A.P.C.

By: _____
                        M. Cris Armenta
                        Attorneys for Plaintiff
                        Cindy Lee Garcia

14

**VERIFICATION**

I, Cindy Lee Garcia, a Plaintiff in this proceeding, have read the documents:

**COMPLAINT FOR:**

**Declaratory Relief**
**Invasion of Privacy**
**False Light Invasion of Privacy**
**Right of Publicity;**
**Fraud;**
**Unfair Business Practices**
**Slander;**
**Intentional Infliction of Emotional Distress**

**[Demand For Jury Trial]**

**[Ex Parte Application for a Temporary Restraining Order and a Preliminary Injunction Requested]**

The information contained therein are true of my own knowledge, except as to those matters that are alleged on information and belief, and, as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of September, 2012 in Los Angeles, California.     See attached faxed signature

_____

Cindy Lee Garcia

## VERIFICATION

I, Cindy Lee Garcia, a Plaintiff in this proceeding, have read the documents:

### COMPLAINT FOR:

**Declaratory Relief**
**Invasion of Privacy**
**False Light Invasion of Privacy**
**Right of Publicity;**
**Fraud;**
**Unfair Business Practices**
**Slander;**
**Intentional Infliction of Emotional Distress**

**[Demand For Jury Trial]**

**[Ex Parte Application for a Temporary Restraining Order and a Preliminary Injunction Requested]**

The information contained therein are true of my own knowledge, except as to those matters that are alleged on information and belief, and, as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of September, 2012 in Los Angeles, California.

Cindy Lee Garcia

Cindy Lee Garcia

PLAINTIFF CINDY LEE GARCIA VERIFICATION

Exhibit A - Page 020

# EXHIBIT

# "B"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/20/12                                                          **DEPT.** 82

HONORABLE LUIA A. LAVIN          JUDGE    N DIGIAMBATTISTA      DEPUTY CLERK

HONORABLE                  JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR

         NONE              Deputy Sheriff    NONE                        Reporter

---

| 8:30 am | BC492358 | Plaintiff Counsel | M. CRIS ARMENTA (X) |
|---|---|---|---|
| | CINDY LEE GARCIA | | |
| | VS | Defendant | |
| | NAKOULA BASSELEY NAKOULA ET AL | Counsel | TIMOTHY L. ALGER (X) |

---

**NATURE OF PROCEEDINGS:**

EX PARTE APPLICATION OF PLAINTIFF, CINDY LEE GARCIA,
FOR TEMPORARY RESTRAINING ORDER AND FOR AN ORDER TO
SHOW CAUSE RE PRELIMINARY INJUNCTION

Matter comes on for hearing.

The court denies all requests from media organiza-
tions.

Counsel for plaintiff advises the court that defendant
Nakoula was not served.

The request for judicial notice is denied.

The matter is argued and denied.  Plaintiff has not
shown a likelihood of success on the merits.

Plaintiff is to give notice.

09/21/12

          Page    1 of  1    DEPT. 82

**MINUTES ENTERED**
09/20/12
**COUNTY CLERK**

# EXHIBIT

# "C"

Exhibit C - Page 023

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
M. Cris Armenta, SBN 177403
The Armenta Law Firm, APC
11900 Olympic Blvd, Suite 730
Los Angeles, CA 90064
TELEPHONE NO.: 310-826-2826     FAX NO. *(Optional):* 310-826-5456
E-MAIL ADDRESS *(Optional):* cris@crisarmenta.com
ATTORNEY FOR *(Name):* Cindy Lee Garcia

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 25 2012

JOHN A. CLARKE, CLERK
Araceli Rodriguez    **Received**
BY ARACELI RODRIGUEZ, DEPUTY
SEP 24 2012

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk, Central

PLAINTIFF/PETITIONER: Cindy Lee Garcia

DEFENDANT/RESPONDENT: Nakoula Basseley Nakoula, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|

**REQUEST FOR DISMISSAL**
☐ Personal Injury, Property Damage, or Wrongful Death
   ☐ Motor Vehicle    ☐ Other
☐ Family Law    ☐ Eminent Domain
☑ Other *(specify):* Fraud

CASE NUMBER:     **Filing Window**
BC492358

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
  a. (1) ☐ With prejudice   (2) ☑ Without prejudice
  b. (1) ☑ Complaint   (2) ☐ Petition
    (3) ☐ Cross-complaint filed by *(name):*                 on *(date):*
    (4) ☐ Cross-complaint filed by *(name):*                 on *(date):*
    (5) ☐ Entire action of all parties and all causes of action
    (6) ☐ Other *(specify):* *

2. *(Complete in all cases except family law cases.)*
  ☐ Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: September 24, 2012

M. Cris Armenta
......................................................................
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

► _____
(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☑ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
  Date:

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

► _____
(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-Complainant

*(To be completed by clerk)*

4. ☒ Dismissal entered as requested on *(date):* **SEP 25 2012**
5. ☐ Dismissal entered on *(date):*         as to only *(name):*
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed ☐ means to return conformed copy

Date: SEP 25 2012   JOHN A. CLARKE, CLERK      Araceli Rodriguez , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

Page 1 of 2

Exhibit C - Page 024

ORIGINAL

CIV-110

| PLAINTIFF/PETITIONER: Cindy Lee Garcia | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Nakoula Basseley Nakoula, et al. | BC492358 |

## Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1.  The court waived fees and costs in this action for *(name):*

2.  The person in item 1 *(check one):*
    a. ☐ is not recovering anything of value by this action.
    b. ☐ is recovering less than $10,000 in value by this action.
    c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____   ▶ _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

Exhibit C - Page 025

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action.  My business address is 11900 Olympic Boulevard, Suite 730, Los Angeles, California 90064.

    On September 24, 2012 I served the following document(s) described as:

**CLOSING BRIEF AFTER ORDER TO SHOW CAUSE TO MODIFY SUPPORT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

> **Timothy L. Alger**
> **Perkins Coie LLP**
> **3150 Porter Drive**
> **Palo Alto, CA 94304-1212**
>
> **Nakoula Basseley Nakoula**
> **12608 Park Street**
> **Cerritos, California  90703**

    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

    Executed on September 24, 2012 in Los Angeles, California.

                             Heather Rowland