Timothy L. Alger (SBN 160303)
TAlger@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Sunita Bali (SBN 274108)
SBali@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendants
Google Inc. and YouTube, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LEE GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE, MARK BASSELEY YOUSSEF, ABANOB BASSELEY NAKOULA, MATTHEW NEKOLA, AHMED HAMDY, AMAL NADA, DANIEL K. CARESMAN, KRITBAG DIFRAT, SOBHI BUSHRA, ROBERT BACILY, NICOLA BACILY, THOMAS J. TANAS, ERWIN SALAMEH, YOUSSEFF M. BASSELEY, and/or MALID AHLAWI; GOOGLE, INC., a Delaware Corporation; YOUTUBE, LLC, a California limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV-12-8315-MWF (VBKx)<br><br>Assigned to the Honorable Michael W. Fitzgerald<br><br>OPPOSITION OF GOOGLE INC. AND YOUTUBE, LLC TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND ORDER OF IMPOUNDMENT<br><br>Date:       December 3, 2012<br>Time:       10:00 a.m.<br>Courtroom:  1600 |

Defendants Google Inc. and YouTube, LLC (collectively the "YouTube Defendants") oppose plaintiff Cindy Lee Garcia's ("Plaintiff") Request for Judicial Notice in support of her Motion for Preliminary Injunction.[1]

## I.   INTRODUCTION

The YouTube Defendants oppose Plaintiff's request for judicial notice because she fails to meet the requirements of Federal Rule of Evidence 201. First, Plaintiff requests judicial notice of various purported "facts" contained in news reports, but the "facts" set forth are impermissibly vague. Plaintiff fails to offer the actual news reports that might support her factual assertions. Instead, Plaintiff offers her own version of the facts and the views of her purported expert, Khaled Abdou El Fadl, which are not judicially noticeable. The causes of the attack on the United States Embassy in Benghazi, Libya, and other acts of violence, have been widely debated and are not the type of facts that are "generally known" or "readily determined."

Plaintiff also requests that this Court take judicial notice of facts that have no relevance to her Motion for Preliminary Injunction against the YouTube Defendants. She requests judicial notice of statements made by the United States Patent and Trademark Office regarding the WIPO Audiovisual Dramatic Performance Treaty, which has nothing to do with this copyright lawsuit. She also requests judicial notice of the "public file" in Defendant Youssef's criminal proceeding, which brings nothing to bear on the question of whether Plaintiff is entitled to injunctive relief under the Copyright Act against the YouTube Defendants.

Plaintiff's attempt to muddle the record with irrelevant matters that are not subject to judicial notice should not be permitted. Her Request for Judicial Notice should be denied.

---

[1] Plaintiff's Request for Judicial Notice [Dkt. No. 13] was initially submitted in support of her ex parte application for a temporary restraining order, which was denied on October 18, 2012 [Dkt. No. 15].

## II. PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiff has requested that the Court take judicial notice of the following facts in support of her Motion for Preliminary Injunction:

(1) *Facts set forth in news reports.* Plaintiff asks this Court to take judicial notice of alleged facts set forth in news reports regarding (a) the September 11, 2012, attack on the U.S. Consulate in Benghazi, Libya, (b) violence that has erupted around the world, (c) "expert" opinions attributing this violence directly to the Film, (d) deaths resulting from the violence, (e) a "fatwa" that has been issued by an Egyptian cleric targeting people involved in the Film, and (f) Google's response to requests that the Film be removed from the YouTube website. [Dkt. No. 13, ¶ 2.] Plaintiff, however, has failed to present any news reports to the Court, instead expecting this Court to rely solely on her recitation of the facts and the recitation offered in a declaration by purported expert Khaled Abou El Fadl. [*Id.*]

(2) *The Background and Summary of the WIPO Audiovisual Performances Treaty.* Plaintiff asks this Court to take judicial notice of various statements made by the United States Patent and Trademark Office regarding the 2012 WIPO Audiovisual Performances Treaty. Specifically, she requests that the Court accept as true various statements regarding United States copyright law, which reveal "the long-standing acknowledgment in the United States that actors, just like musicians, own the rights to their performances unless assigned, unless they are employees, or unless they execute a written instrument indicating their work is a work-for-hire." [Dkt. No. 13, ¶ 3.] Instead of relying on statutes or case law that are binding on this Court, Plaintiff is seeking to establish copyright law by requesting judicial notice of statements allegedly made by United States officials regarding an international treaty. That is not the purpose of judicial notice.

(3) *The "public case file" in United States of America v. Nakoula, et al. United States District Court Case No. CR-09-617-CAS.* Specifically, Plaintiff requests judicial notice of two documents filed in that case: (i) Order of Detention

After Hearing and (ii) Judgment and Probation/Commitment Order, as well as the court's findings of fact as stated in those documents. These documents, however, are wholly irrelevant to Plaintiff's Motion for Preliminary Injunction against the YouTube Defendants.

### III.  ARGUMENT

The Federal Rules of Evidence provide that "[a] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably questioned." Fed. R. Evid. 201(b). The purpose of judicial notice is to "obviate the need for formal fact-finding as to certain facts that are undisputed and easily verified." *Walker v. Woodford*, 454 F.Supp.2d 1007, 1022 (S.D. Cal. 2006) (noting that an "almanac, dictionary, calendar, or similar source" are the types of sources whose accuracy cannot be reasonable questioned).

"Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (internal quotations and citations omitted).

### A.  Plaintiff's Request for Judicial Notice of "Facts" From News Reports that Are Not Before the Court Should Be Denied.

Plaintiff asks this Court to take judicial notice of "[t]he specific facts set forth in the news reports," and offers vague descriptions of broad categories of "facts" without providing any news reports. "Although a Court may take judicial notice of a newspaper article, petitioner must meet the burden of demonstrating that the facts of the article are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned as required under Rule 201(b) of

the Federal Rules of Evidence." *In re American Apparel, Inc. Shareholder Litigation*, 855 F. Supp. 2d 1043, 1063 (C.D. Cal. 2012) (quoting *Hardison v. Newland*, 2003 WL 23025432, *5 (N.D. Cal. Dec. 17, 2003) (internal quotations omitted).

Plaintiff has failed to meet her burden.

First, the "facts" identified by Plaintiff are too vague to be to be judicially noticed. For example, Plaintiff requests judicial notice of the fact "that violence has continued to erupt across the world" and that "the violence in fact occurred with many at the time attributing it to the anti-Muslim sentiment in the Film." [Dkt. No. 13, ¶ 2.] Such a vague reference to "violence" without reference to specific events cannot be judicially noticed.

Second, Plaintiff has not presented the news reports on which she relies. Instead, she expects the Court to take judicial notice of her recitation of facts, and the recitation offered in the declaration of purported expert Khaled Abou El Fadl, both of whom lack personal knowledge. [Dkt. No. 13, ¶ 2.] Without having the opportunity to review the relevant news reports, the Court cannot determine whether the facts contained in those articles are subject to judicial notice. *See Castaneda v. Saxon Mort. Servs. Inc.*, 687 F. Supp. 2d 1191, 1196 (E.D. Cal. 2009) (denying a request for judicial notice of an article "which expresse[d] opinions of the author that may reasonably be questioned"); *see also Brodsky v. Yahoo! Inc.*, 630 F.Supp.2d 1104, 111 (N.D. Cal. 2009) (taking judicial notice of the existence of press releases, news articles, analyst reports, and third party press releases, but not for the truth of their contents).

Finally, the "facts" offered by Plaintiff are not generally known or capable of accurate or ready determination. Fed. R. Evid. 201. When an alleged fact is subject to reasonable dispute, judicial notice is improper. *Rodgers v. Horsely*, 123 Fed.Appx. 281, 284-85 (9th Cir. 2005); *In re Immune Resp. Sec. Litig.*, 375 F.

Supp. 2d 983, 995 (S.D. Cal. 2005) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1166 (S.D. Cal. 2010) ("A district court cannot take judicial notice of a fact that is subject to 'reasonable dispute' simply because it is contained within the public record."). Many of the facts that Plaintiff seeks judicial notice of are the subject of widespread debate. For example, Plaintiff seeks judicial notice of the fact that many people have attributed the September 11, 2012, attack on the U.S. Consulate in Benghazi, Libya, and other acts of violence, directly to the Film. But the U.S. Administration has now acknowledged that the attack in Libya was a terrorist attack unrelated to the Film.[2]

In sum, the Court should deny Plaintiff's request for judicial notice of various facts from news reports because they are not set forth with sufficient specificity, Plaintiff failed to provide the news reports on which she relies, and the alleged "facts" are indeed subject to reasonable dispute.

**B.   Facts Regarding the WIPO Audiovisual Dramatic Performance Treaty are Irrelevant and Should Not Be Judicially Noticed.**

Plaintiff asks this Court to take judicial notice of various facts surrounding the negotiation of the WIPO Audiovisual Dramatic Performance Treaty ("AVP Treaty") and related statements made by the United States Patent & Trademark Office ("USPTO"). [Dkt. No. 13, ¶ 3, Exh. A.] Plaintiff points to various statements made by the USPTO to establish that "actors, just like musicians, own the rights to their performances unless assigned, unless they are employees, or

---

[2] *See The Mystery of Benghazi*, available at http://www.nytimes.com/2012/10/14/opinion/sunday/douthat-the-mystery-of-benghazi.html?ref=rossdouthat&_r=0; *CIA Documents Supported Susan Rice's Description of Benghazi Attacks*, available at http://www.washingtonpost.com/opinions/benghazi-attack-becomes-political-ammunition/2012/10/19/e1ad82ae-1a2d-11e2-bd10-5ff056538b7c_story.html?wprss=rss_homepage; *Benghazi and Arab Spring Rear Up in U.S. Campaign*, available at http://www.nytimes.com/2012/10/22/us/politics/benghazi-and-arab-spring-rear-up-in-us-campaign.html?hp&_r=0.

unless they execute a written instrument indicating their work is a work-for-hire." [*Id.* at ¶ 3.]

Plaintiff essentially seeks to establish a point of copyright law by reference to the USPTO's statements about an international treaty. That is an improper use if the judicial notice rule. First, statements made by the USPTO regarding an international treaty are entirely irrelevant to whether Plaintiff is entitled to a preliminary injunction against the YouTube Defendants. *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir.), *cert. denied*, 552 U.S. 1023 (2007) (requiring that matters judicially noticed have a "direct relation to the matters at issue.") Second, the USPTO merely stated that "[u]nder U.S. law, actors and musicians are considered to be 'authors' of their performances providing them with copyright rights." [Dkt. No. 13, ¶ 3, Exh. A.] Whether a particular actor has a copyright in his or her performance requires an analysis of the specific facts of the case, including but not limited to whether the actor was working as an employee. The purpose of the judicial notice doctrine is not to establish rules of law that are more properly established by binding statues and case law.

### C. Irrelevant Factual Findings Made by Another Court Should Not Be Judicially Noticed.

Finally, Plaintiff requests judicial notice of "the public case file" in *United States v. Nakoula*, United States District Court Case No. CR09-617-CAS, including (i) the Order of Detention After Hearing and (2) the Judgment/Probation Commitment Order. [Dkt. No. 13, ¶ 4, Exh. B.] In addition to the existence of the documents, Plaintiff requests judicial notice of findings of fact contained in those documents; specifically, that "Magistrate Judge Segal found that [Defendant Youssef, also known as Nakoula] may have violated the terms of his probation, used aliases, and is both a flight risk and danger to the community." [*Id.*]

Court proceedings may be subject to judicial notice, but only when they "have direct relation to the matters at issue." *Black*, 482 F.3d at 1041. The status

of Youssef's criminal proceedings, including the terms of his probation, have no relevance to the issue of whether Plaintiff is entitled to a preliminary injunction against the YouTube Defendants under the Copyright Act.

Further, "a court may not take judicial notice of findings of facts from another case." *Walker*, 454 F. Supp. 2d at 1022. Therefore Magistrate Judge Segal's factual findings regarding defendant Youssef's possible violation of his probation, use of aliases, and so forth, are not properly subject to judicial notice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Request for Judicial Notice should be denied in its entirety.

DATED: October 29, 2012

**PERKINS COIE LLP**

By: */s/ Timothy L. Alger*
Timothy L. Alger

Attorneys for Defendants Google Inc. and YouTube, LLC