1   M. Cris Armenta (SBN 177403)
    THE ARMENTA LAW FIRM APC
2   11900 W. Olympic Boulevard, Suite 730
    Los Angeles, CA 90064
3   Tel: (310) 826-2826 x 108
    Facsimile: (310) 826-5456
4   Email: cris@crisarmenta.com

5   Credence E. Sol (SBN 219784)
    La Garenne
6   86300 Chauvigny
    France
7   Telephone: 06 74 90 22 08
    Email:  credence.sol@sol-law.com
8
    Attorneys for Plaintiff
9   Cindy Lee Garcia

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 12  CINDY LEE GARCIA, an individual, | Case No. CV12-8315 MWF (VBKx) |
| 13 | **PLAINTIFF'S RESPONSES TO** |
| 14                     Plaintiff, | **OBJECTIONS BY GOOGLE INC.** |
|                                    | **AND YOUTUBE, LLC TO** |
| 15  vs. | **EVIDENCE SUBMITTED IN** |
|     | **SUPPORT OF PLAINTIFF'S** |
| 16  NAKOULA BASSELEY | **MOTION FOR PRELIMINARY** |
|     NAKOULA, an individual also | **INJUNCTION AND ORDER OF** |
| 17  known as SAM BACILE, MARK | **IMPOUNDMENT** |
|     BASSELEY YOUSSEF, | |
| 18  ABANOB BASSELEY | |
|     NAKOULA, MATTHEW | |
| 19  NEKOLA, AHMED HAMDY, | |
|     AMAL NADA, DANIEL K. | |
| 20  CARESMAN, KRITBAG | |
|     DIFRAT, SOBHI BUSHRA, | |
| 21  ROBERT BACILY, NICOLA | |
|     BACILY, THOMAS J. TANAS, | |
| 22  ERWIN SALAMEH, YOUSSEFF | |
|     M. BASSELEY, and/or MALID | |
| 23  AHLAWI; GOOGLE, INC., a | |
|     Delaware Corporation; | |
| 24  YOUTUBE, LLC, a California | |
|     limited liability company, and | |
| 25  DOES 1 through 10, inclusive. | |
| 26                     Defendants. | |

27

28

Plaintiff Cindy Lee Garcia ("Plaintiff") submits the following responses to Defendants' objections to the evidence Plaintiff submitted in support of her Motion for Preliminary Injunction.

## I.    Defendants' Objections to the Declaration of Zahava Levine

Defendants have objected to the declaration of Zahava Levine, Chief Counsel to YouTube LLC ("YouTube"), including all exhibits, on relevancy grounds, because, they claim, Plaintiff is not seeking monetary relief pursuant to her motion for a preliminary injunction.  Plaintiff responds that Ms. Levine's declaration is relevant in its entirety because it shows that Google, Inc. ("Google") and YouTube have a regular business practice of promptly responding to takedown requests, such as the many requests that Ms. Garcia has sent, in stark contrast to the Defendants' intransigence regarding the same.

Defendants further object to the declaration and its exhibits on hearsay grounds.  This objection is entirely disingenuous.  Ms. Levine is the principal lawyer for these defendants on these issues, and indeed *it was these very same defendants who submitted* Ms. Levine's declaration on the subject of their usual business practices.  Accordingly, Ms. Levine's declaration is admissible as an admission of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A)-(D).

## II.    Defendants' Objections to the Declaration of Cindy Lee Garcia

| No. | Material Objected To | Ground(s) for Objection | Plaintiff's Response |
|-----|----------------------|-------------------------|----------------------|
| 1. | Paragraph 5, fifth sentence. | Hearsay not subject to any exception. | FED. R. EVID. 801(d)(2); party-opponent admission. |
| 2. | Paragraph 7, in its entirety. | Improper legal conclusion. | Paragraph 7 merely relates Ms. Garcia's personal knowledge: neither Defendant Youssef (a/k/a Bacile a/k/a Nakoula) nor his |

| | | | | agents hired her as an "employee." These statements are not "legal conclusions," but merely Ms. Garcia's personal recollections and observations admissible pursuant to Federal Rule of Evidence 602. |
|---|---|---|---|---|
| | 3, 4. | Paragraph 8, first and second sentences. | Improper legal conclusion, Speculation; lacks foundation. | The first sentence is not a legal conclusion; it is a statement of fact, which the Defendants have not rebutted despite ample time to attempt to do so. As to the second sentence, Ms. Garcia is not testifying that others *signed* or that they did not sign releases or work-for-hire agreements. That would be speculation. She is testifying that *she* is not aware of what other actors did or did not do. That is a statement of fact. Such a statement is similar to, "I am not aware if it was windy in Des Moines yesterday." However, in this case, other actors have declared in their own sworn statements that indeed they did not sign any such documents. |
| | 5. | Paragraph 9, second sentence. | Improper legal conclusion | This sentence is not a legal conclusion. It is a statement of fact that Defendants cannot rebut; and, Defendants have submitted no admissible evidence to rebut this statement of fact. |
| | 6. | Paragraph 10, third and fourth sentences. | Hearsay not subject to any exception. | FED. R. EVID. 801(d)(2). |
| | 7. | Paragraph 10, seventh sentence | Speculation. | Ms. Garcia's statement as to what she would have done had she been informed of the film's content and purpose – that is, to not participate – is not speculative in the least. The statement reflects Ms. Garcia's moral compass and belief that thoughtless denigration of any religion is contemptible. |

PLAINTIFF'S RESPONSES TO OBJECTIONS BY GOOGLE
INC. AND YOUTUBE, LLC TO EVIDENCE SUBMITTED
CV12-8315 MWF (VBKx)

| | | | |
|---|---|---|---|
| 8. | Paragraph 12, sentence two. | Hearsay not subject to any exception. | This sentence is not hearsay for two reasons.  First, a party opponent uttered the words and second the words are not offered for the truth of the matter asserted.  Clearly, the words that Youssef (a/k/a Bacile) said to Ms. Garcia *caused* her to do something; to look for the video. |
| 9. | Paragraph 13, first sentence. | Speculation; lacks foundation; improper opinion testimony as to the impact of the film. | It is common knowledge (as contemplated by Federal Rule of Evidence 201) that the entire world was speculating about what caused the events that took place on that day.  Though it was later suggested that the film likely was not *directly* responsible for what happened in Benghazi, it was widely reported on the national news networks that the film either caused the violence or was related to it.  At the moment that Ms. Garcia is talking about, the first reports of the violence, the video was widely described as being inflammatory and part of the causation.  Ms. Garcia, now watching and hearing herself utter words accusing the prophet Mohammed of being a child molester would most certainly cause any reasonable person to assume that what they said had an impact. |
| 10. | Paragraph 13, fourth sentence. | Hearsay not subject to any exception. | FED. R. EVID. 801(2)(a), 803(3) |
| 11. | Paragraph 13, sixth sentence. | Speculation. | It is difficult for Ms. Garcia to understand to which sentence Defendants are objecting.  Suffice it to say, Ms. Garcia is not speculating when she states that the performance on the video is not what she performed nor is it speculation by Ms. Garcia for |

| | | | her to state that had she been fully informed she would never have agreed to the performance later represented by "Bacile" – and in perpetuity by Defendants – as that which belongs to Ms. Garcia. |
|---|---|---|---|
| 12. | Paragraph 14, first sentence. | Speculation; lacks foundation; hearsay not subject to any exception. | "Went viral" is a term of art describing an event that becomes very popular very quickly usually through social media. That is exactly what happened with this video after the attacks of September 11, 2012, and is not speculation. Ms. Garcia does not say what media said to her. She states the effect of the calls on her. |
| 13. | Paragraph 14, third sentence. | Hearsay not subject to any exception. | That an Egyptian cleric issued a *fatwa* against Ms. Garcia is offered to show the effect on Ms. Garcia. The very next sentence, not objected to, underscores the effect that the *fatwa*, imagined or otherwise, had on Ms. Garcia. |
| 14. | Paragraph 15, second, third and fourth sentence. | Hearsay not subject to any exception; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Offered to show the effect on the listener, not hearsay pursuant to Federal Rules of Evidence 803(1) and 801(3). Defendants would like to argue that the prejudicial effect outweighs the probative value, just as they continue to minimalize the real world consequences of upsetting radicalized Muslim followers of persons like the Egyptian cleric who issued the *fatwa*. Ms. Garcia agrees that law enforcement's concern for her and her counsel is prejudicial; the truth is often highly prejudicial. Under the circumstances the prejudice of the evidence only underscores its probative value. It does not outweigh it. |
| 15. | Paragraph | Hearsay not | Same response as to objection |

|   |   |   |   |
|---|---|---|---|
|   | 16, fourth sentence. | subject to any exception; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | 14; also goes to explain the effect of the statements on her – that, because of the officer's concern, she was actually placed in a secure location and restricted from entry into an international airport. |
| 16. | Paragraph 17, first, third, fourth, fifth sentence and Exhibit B. | Hearsay not subject to any exception; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | The rawness and threat level associated with death threats sent via the Internet cannot be sanitized by time.  At the moment that Ms. Garcia received the threats they were real to her and remain so.  Such statements are exceptions to the hearsay rule via Federal Rules of Evidence 803(1) and 801(3).  They also go to show the effect on the listener, Ms. Garcia. |

## III.    Defendants' Objections to the Declaration of Dan Sutter

Defendants object to the declaration in its entirety on relevance grounds. Defendants are wrong.  Mr. Sutter's Declaration is entirely relevant because, as an actor who also appeared in the Film, he is able to speak to his personal experience and observations pertaining to the making of the Film, including the facts that:  (1) Defendant Youssef/Nakoula (a/k/a Bacile) did not obtain releases from the actors; and (2) Mr. Sutter's dramatic performance, like Ms. Garcia's dramatic performance, was altered without his participation or knowledge (specifically, the meaning of Mr. Sutter's lines were changed by the addition, without Mr. Sutter's knowledge, of inflammatory lines delivered by another actor that were inserted in post-production); and (3) Mr. Sutter's dramatic performance, like Ms. Garcia's dramatic performance, was posted on YouTube without Mr. Sutter's consent, notwithstanding the fact that he *did not sign a release*.  In short, Mr. Sutter's declaration is every bit as relevant to this case as is Ms. Garcia's declaration and supports Ms. Garcia's version of events in their entirety.

| No. | Material Objected To | Ground(s) for Objection | Plaintiff's Response |
|-----|----------------------|--------------------------|----------------------|
| 1. | Paragraph 2, second sentence. | Hearsay not subject to any exception. | FED. R. EVID. 801(2)(d). |
| 2. | Paragraph 4, in its entirety. | Improper legal conclusion. | This is a statement of fact, not a legal conclusion.  What Mr. Sutter does or does not recall is squarely a fact within his own personal knowledge.  Defendants have provided no admissible evidence to rebut this statement of fact. |
| 3. | Paragraph 5, third sentence. | Speculation; lacks foundation. | Mr. Sutter is capable of remembering what his character said and what the other character said in response.  There can be no speculation when there is personal knowledge about the subject. |

## IV.   Defendants' Objections to the Declaration of John Doe No. 1 (Gaylord Flynn)

While it was initially conteplated that Gaylord Flynn's declaration would be filed under seal, Mr. Flynn gave permission, after he signed the declaration for it to be publicly disclosed.  (See Supplemental Declaration of M. Cris Armenta ¶ 2.) Given the pressure of time, rather than have Mr. Flynn re-execute the declaration, counsel obtained his permission to disclose his name in the public filings. (Id.)

Defendants object to the declaration in its entirety on relevance grounds. Defendants are wrong.  Mr. Flynn's Declaration is entirely relevant because, as an actor who also appeared in the Film, he is able to speak to his personal experience and observations pertaining to the making of the Film, including the facts that:  (1) Defendant Nakoula/Youssef (a/k/a Bacile) did not obtain releases from the actors; and (2) Mr. Flynn's dramatic performance, like Ms. Garcia's dramatic performance,

1  was altered without his participation or knowledge; and (3) Mr. Flynn's dramatic

2  performance, like Ms. Garcia's dramatic performance, was posted on YouTube

3  without Mr. Flynn's consent, notwithstanding the fact that he did not sign a release.

4  In short, Mr. Flynn's declaration is every bit as relevant to this case as is Ms.

5  Garcia's declaration and supports Ms. Garcia's version of events in their entirety.

| No. | Material Objected To | Ground(s) for Objection | Plaintiff's Response |
|---|---|---|---|
| 1. | Paragraph 2, third sentence. | Hearsay not subject to any exception. | This sentence references statements made by Mr. Youssef (a/k/a Bacile, a/k/a Bakoula) and/or his agents. Those statements are not hearsay, as they are admissions of a party opponent. FED. R. EVID. 801(2)(A)-(D). |
| 2. | Paragraph 2, sixth sentence. | Hearsay not subject to any exception; speculation; lacks foundation; improper opinion testimony as to the impact of the Film. | This sentence references statements made by the Film's production team; i.e.,the agents of Defendant Nakoula/Youssef (a/k/a Bacile) and/or his agents. Those statements are not hearsay, as they are admissions of a party opponent. FED. R. EVID. 801(2)(A)-(D). To the extent that Defendants object to the phrase "violence had broken out in the Middle East over [the Film's] content," the violence related to the Film's September 2012 posting on YouTube in the Arabic language (and/or with Arabic subtitles) is a matter of common, indeed, universal knowledge, and is therefore admissible under Federal Rules of Evidence 201(b) and 201(c)(1). |
| 3. | Paragraph | Improper legal | Paragraph 4 merely relates Mr. |

| | | | |
|---|---|---|---|
| | 4, in its entirety. | conclusion. | Flynn's personal recollection: he is familiar with actor and model releases; he did not sign such a release; he was not employed by Defendant Nakoula/Youssef (a/k/a Bacile), and he did not sign a work-for-hire agreement. These statements are not "legal conclusions," but merely Mr. Flynn's personal recollections and observations admissible pursuant to Federal Rule of Evidence 602. |
| 4. | Paragraph 5, first sentence. | Lacks foundation; hearsay not subject to any exception. | This sentence references statements made by Nakoula/Youssef (a/k/a Bacile) and/or his agents. Those statements are not hearsay, as they are admissions of a party opponent. FED. R. EVID. 801(2)(A)-(D). |
| 5. | Paragraph 6, third sentence. | Speculation; lacks foundation. | The third sentence of Paragraph 6 merely relates Mr. Flynn's personal recollection: the content of the Film, specifically, the lines *that Mr. Flynn himself spoke*, were different in the trailer than his personal observations (and performance of his line on-set) had indicated. Moreover, as an actor, Mr. Flynn certainly is aware that when his character appeared to say words in the trailer that he, in his personal knowledge, knows that he did not say, that those words would have been inserted in post-production. Accordingly, this sentence merely sets forth Mr. Flynn's personal recollections and observations admissible pursuant to Federal Rule of Evidence 602. |
| 6. | Paragraph 6, fifth sentence. | Speculation; vague; ambiguous. | The third sentence of Paragraph 6 merely relates Mr. Flynn's personal recollection: that the lines he personally viewed himself appearing to deliver in the trailer of the Film were not |

| | | | | the same as the lines that he delivered on-set. To the extent that Mr. Flynn states that his recollection may not be exact, that goes to weight, not admissibility. Accordingly, this sentence merely sets forth Mr. Flynn's personal recollections and observations admissible pursuant to Federal Rule of Evidence 602. |
|---|---|---|---|---|
| 7. | Paragraph 6, sixth sentence. | Relevance; improper opinion testimony regarding the inflammatory nature of the lines. | | The first portion of sentence 6 merely relates Mr. Flynn's recollection of lines that he said during post-production in which he participated. Accordingly, it is admissible pursuant to Federal Rule of Evidence 602. |
| | | | | The second portion of sentence 6, in which Mr. Flynn indicates that he did not consider "performing a marriage" while in character to be inflammatory, is not improper opinion testimony. Rather, it simply goes to the *facts* at the heart of this case: that the actors, including Ms. Garcia and Mr. Flynn, were misled into believing that they were participating in an innocuous historical drama. Mr. Flynn's observation that he did not view the marriage ceremony as "inflammatory" merely supports his contention (and Ms. Garcia's contention) that during their involvement in the making of the Film, they observed nothing that would indicate that the Film would be released as a hateful propaganda piece. |

## V.     Defendants' Objections to the Declaration of Khaled Abou El Fadl.

It is well noted here that Defendants do not make any objection to Professor El Fadl's declaration generally on the grounds of relevance, as it has done with most of the other declarations. Thus, it appears that Defendants concede that Professor El

1   Fadl's declaration is relevant.  Equally important is the fact that Defendants do does

2   not object to anything in the first six paragraphs of Professor El Fadl's declaration—

3   a devastating admission by Defendants.

4        All of the first six paragraphs of Professor El Fadl's declaration pertain to his

5   bona fide qualifications and depth of knowledge.  Had Defendants objected to

6   Professor El Fadl's expert testimony in his declaration it would have objected to the

7   statements that demonstrate his training and experience, his knowledge of Islamic

8   law, and his international knowledge on subjects germane to the topics directly at

9   issue in this case.  For this reason alone – Defendants' acquiescence that Professor

10  El Fadl is the expert he shows himself to be – this Court should summarily reject all

11  of Defendants's subsequent objections.

12       Plaintiff notes that, aside from Professor El Fadl's incontrovertible

13  qualifications, Defendants parsed his virtually word by word, and for good reason.

14  Defendants assert time and again that Rule 403 silences Professor El Fadl—in other

15  words, that the "prejudicial" effect of his testimony outweighs its probative value.

16  Indeed, Defendants appear to concede that they cannot prevail unless this Court

17  discards Professor  El Fadl's testimony virtually in its entirety, because Professor El

18  Fadl's testimony establishes that Ms. Garcia is very much in harm's way.  Professor

19  El Fadl draws upon his expansive, deep, and profound training and experience to

20  inform the Court that many people associated with the Film, but *in particular* Ms.

21  Garcia, are in imminent danger.  Moreover, Professor El Fadl calls into question

22  Defendants' ability to differentiate *evocative* speech from *provocative* hate speech.

23  In particular, Google and YouTube, through their agents, have unequivocally stated

24  that the video shall remain on YouTube (unless, presumably, a court orders them to

25  take it down because, according to those Defendants, the crude propaganda film

26  evokes an important social dialogue.  Professor El Fadl's declaration is more

27  probative than prejudicial because it describes the video exactly as it is:  fighting

28

1    words intended to incite violence.  And it is hornbook law that fighting words are

2    outside the protections of the First Amendment.  See, e.g., Brandenburg v. Ohio,

3    395 U.S. 444, 447 (1969) (speech directed to inciting or producing imminent

4    lawless action and likely to incite or product such action not protected by First

5    Amendment).

6         The video did not evoke dialogue; it provoked immediate violence. Professor

7    identifies the video for exactly what it is: unprotected fighting words that have

8    directly and significantly impacted Ms. Garcia, an entirely innocent person who

9    Nakoula/Youssef, a/k/a/ Bacile, treated as a virtual "puppet" for his message.

10   Defendants can deny this situation by interposing more than sixty (60) objections to

11   Professor El Fadl's Declaration.  But Defendants cannot refute the powerful

12   message contained therein.  Defendants perpetuate hate and fighting words,

13   knowingly endangering the life and safety of Ms. Garcia and those around her,

14   while hiding behind the not impenetrable cloak of the First Amendment.  Though

15   Defendants would like to think that otherwise, corporations like them are not the

16   arbiters of what is and is not "free speech":  the law, as interpreted by this Court,

17   does is that arbiter.

18

| No. | Material Objected To | Ground(s) for Objection | Plaintiff's Response |
|-----|---------------------|------------------------|---------------------|
| 1. | Paragraph 7, second sentence. | Speculation; lacks foundation; improper expert opinion as to the safety of all actors in the film; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | The second sentence of this paragraph prefaces El Fadl's conclusions below.  Moreover, in light of El Fadl's extensive experience and qualifications, particularly with respect to the legal systems and culture of the Middle East, Islamic law, and terrorism, he is more than qualified to opine on the potential danger to Ms. Garcia and the other actors.  FED. R. EVID. 702. |

| | | | | Defendants' Rule 403 objection, moreover, is spurious. The imminent danger to Ms. Garcia's life and safety is at the heart of this case. While learned testimony on that subject may be damaging to Defendants' resolve to continue to profit from the Film, that testimony can hardly be said to be "unfair." |
|---|---|---|---|---|
| 2. | Paragraph 8, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth sentence. | Speculation; lacks foundation; lacks personal knowledge; hearsay not subject to any exception; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | | Sentences 2 and 3: Here, Defendants apparently make a hearsay objection to El Fadl's statement that Morris Sadek distributed an Arabic translation of the Film in September. However, experts are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing Fed. R. Evid. 703. Here, El Fadl's statement related to the distribution of the film merely explains part of the basis on which his opinions rest; accordingly, it is admissible.

Sentence 4: Similarly, here, Defendants apparently make a hearsay objection to El Fadl's statement that the Film was aired on an Egyptian television station. That statement is admissible for the same reasons set forth with respect to Defendants' objection to Sentences 2 and 3.

Sentence 5: Here, Defendants' "speculation," "lack of personal knowledge," "hearsay," and "lack of foundation" objections are unmeritorious, for the same reasons set forth with respect to Defendants' objection to Sentences 2 and 3. To the extent that Defendants' objection to this sentence rests on Rule 403, it is also not well taken, as the information may be damaging to Defendants' case, but it is certainly not unfairly so in light |

| | | | |
|---|---|---|---|
| 1 | | | of the ultimate consequences to Ms. Garcia as a result of the public's reaction to the Film. |
| 2 3 4 5 6 7 | | | Sentences 6 and 7: Defendants apparently object to Sentences 6 and 7, which relay a summary of a *Wall Street Journal* article on which El-Fadl relied, on the basis of hearsay. This objection is unmeritorious for the same reasons set forth with respect to Defendants' objection to Sentences 2 and 3. |
| 8 9 10 11 12 13 14 15 16 17 | | | Sentences 8-12: Plaintiffs are unclear as to the basis of Defendants' objection to Sentence 8, in which El Fadl states that he personally observed news coverage of the Film that appeared on Arabic-language channels. These sentences are admissible pursuant to Federal Rule of Evidence 602 as the personal recollection and observations of El Fadl. To the extent that Defendants claim they include hearsay, that objection would be unmeritorious for the same reasons set forth with respect to Defendants' objection to Sentences 2 and 3. |
| 18 19 20 21 22 23 24 25 | 3. | Paragraph 8, fifth sentence. | Speculation; lacks foundation; lacks personal knowledge; improper expert opinion regarding the cause of protests in Cairo, Egypt. | Sentence 5: Here, Defendants object to El Fadl's opinion that the Film sparked protests in Egypt. Their "speculation," "lack of personal knowledge," "hearsay," and "lack of foundation" objections are unmeritorious; experts are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. <u>Heishman v. Ayers</u>, 621 F.3d 1030, 1042 (9th Cir. 2010, citing Fed. R. Evid. 703. |
| 26 27 28 | | | To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no |

| | | | objection to the first six paragraphs of El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length. Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case. |
|---|---|---|---|
| 4. | Paragraph 9, in its entirety. | Speculation; lacks foundation; lacks personal knowledge; hearsay not subject to any exception; best evidence rule; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Plaintiffs are unclear as to the basis for Defendants' "speculation," "lack of foundation," "lack of personal knowledge," and "hearsay" objections, as paragraph 9 merely contains El Fadl's summary of media reports on which he relied in forming his opinion. Experts are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing Fed. R. Evid. 703.

Defendants' "best evidence rule" objection is equally unmeritorious, as El-Fadl is providing his opinion on his personal knowledge, facts, and data of a type reasonably relied upon by experts in his field; accordingly, "[t]he best evidence rule is inapplicable." Cal. Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp., 298 F.Supp.2d 930, 987 (E.D. Cal. 2003) (overruling "best evidence rule" objection to expert testimony).

Finally, Plaintiffs are unclear why Defendants take the position that Rule 403 bars El Fadl from relating the official statement of the American Embassy in Cairo condemning the Film. The incendiary reaction to the Film that is the subject of the |

| | | | Embassy's statement may be detrimental to Defendants' case, but it is certainly not unfairly so in light of the ultimate consequences to Ms. Garcia as a result of the public reaction (particularly in the Middle East) to the Film. |
|---|---|---|---|
| 5. | Paragraph 10, in its entirety. | Lacks foundation; lacks personal knowledge; hearsay not subject to any exception; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Plaintiffs are unclear as to the basis for Defendants' "lack of foundation," "lack of personal knowledge," and "hearsay" objections, as paragraph 10 merely contains El Fadl's summary of media reports (related to the events that took place in Benghazi, Libya, on September 11, 2012) on which he relied in forming his opinion. Experts are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing Fed. R. Evid. 703.\n\nDefendants' Rule 403 objection is also unmeritorious. The incendiary reaction to the Film that many initially blamed for the Benghazi attacks may be detrimental to Defendants' case, but it is certainly not unfairly so in light of the death threats that Ms. Garcia has received from individuals all over the world, including in the Middle East. |
| 6. | Paragraph 11, in its entirety. | Lacks foundation; hearsay not subject to any exception; lacks personal knowledge; vague and ambiguous as to the terms "violence" and "dramatic | Plaintiffs are unclear as to the basis for Defendants' "lack of foundation," "hearsay," and "lack of personal knowledge," objections, as paragraph 11 merely contains El Fadl's observation of a matter of universal knowledge (see Fed. R. Evid. 201):  that protests erupted worldwide against the Film starting around September of 2012.  These are facts on which |

| | | | | |
|---|---|---|---|---|
| 1<br>2<br>3<br>4 | | | events";<br>probative value<br>outweighed by<br>unfair prejudice<br>(Fed. R. Evid.<br>403). | he reasonably relied in forming his opinion. Experts are entitled to base their opinions on hearsay and other materials reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing Fed. R. Evid. 703. |
| 5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19 | | | | Defendants' "vague and ambiguous" objection is not well-taken, as they fail to explain how the simple terms "violence" and "dramatic events" are susceptible to more than one determination or are otherwise vague; this essentially is a boilerplate objection and, therefore, improper.  See, e.g., Nesby v. City of Oakland, 2007 U.S. Dist. LEXIS 22574, *4 (N.D. Cal. Mar. 19, 2007) (rejecting litigant's request to exclude evidence from declarations on grounds of "vagueness" where court found that the supposedly objectionable terms could be construed by looking at the dictionary); cf. Bible v. Rio Props, Inc., 246 F.R.D. 614, 619 (C.D. Cal. 2007) (in context of discovery motion, ruling that conclusory general or boilerplate objections such as "vague and ambiguous" are improper where they do not provide enough information as to allow court to ascertain objectionable nature of the material objected to). |
| 20<br>21<br>22<br>23<br>24<br>25 | | | | Defendants' Rule 403 objection is also unmeritorious. The incendiary reaction to the Film that many initially blamed for the Benghazi attacks may be detrimental to Defendants' case, but it is certainly not unfairly so in light of the death threats that Ms. Garcia has received from individuals all over the world. |
| 26<br>27<br>28 | 7. | Paragraph 12, in its entirety, and Exhibit | Lacks foundation; hearsay not subject to any | Plaintiffs are unclear as to the basis for Defendants' "lack of foundation," "hearsay," and "lack of personal knowledge" |

PLAINTIFF'S RESPONSES TO OBJECTIONS BY GOOGLE INC. AND YOUTUBE, LLC TO EVIDENCE SUBMITTED
CV12-8315 MWF (VBKx)

| | | | | |
|---|---|---|---|---|
| B. | | exception; lacks personal knowledge; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | objections, as paragraph 12 merely contains El Fadl's summary of Secretary of State Hillary Clinton's statement condemning the Film, on which he relied in forming his opinion. Experts are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703). | |
| | | | Defendants' Rule 403 objection also is unmeritorious. The incendiary reaction to the Film that is the subject of Secretary Clinton's statement may be detrimental to Defendants' case, but it is certainly not unfairly so in light of the ultimate consequences to Ms. Garcia as a result of the public reaction (particularly in the Middle East) to the Film. | |
| 8. | Paragraph 13, in its entirety, and Exhibit C. | Lacks foundation; hearsay not subject to any exception; lacks personal knowledge; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Plaintiffs are unclear as to the basis for Defendants' "lack of foundation," "hearsay," and "lack of personal knowledge" objections, as paragraph 13 merely contains El Fadl's summary of President Barack Obama's statement condemning the Film, on which he relied in forming his opinion. Experts are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703). | |
| | | | Defendants' Rule 403 objection also is unmeritorious. The incendiary reaction to the Film that is the subject of President Obama's statement may be detrimental to Defendants' case, but it is certainly not unfairly so in light of the ultimate | |

18

| | | | | consequences to Ms. Garcia as a result of the public reaction (particularly in the Middle East) to the Film. |
|---|---|---|---|---|
| 9. | Paragraph 14, in its entirety. | Speculation; lacks foundation; lacks personal knowledge; hearsay not subject to any exception; best evidence rule; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | | Plaintiffs are unclear as to the basis for Defendants' "speculation," "lack of foundation," "lack of personal knowledge," and hearsay objections, as paragraph 14 merely contains El Fadl's summary of Egyptian cleric Ahmad Fouad Ashoush's *fatwa* against Ms. Garcia and others involved in the making of the Film, on which he relied in forming his opinion. Experts are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing Fed. R. Evid. 703). |
| | | | | Defendants' "best evidence rule" objection is equally unmeritorious, as El Fadl is providing his opinion on his personal knowledge, facts, and data of a type reasonably relied upon by experts in his field; accordingly, "[t]he best evidence rule is inapplicable." Cal. Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp., 298 F.Supp.2d 930, 987 (E.D. Cal. 2003) (overruling "best evidence rule" objection to expert testimony). |
| | | | | Defendants' Rule 403 objection also is unmeritorious. The incendiary reaction to the Film exemplified by the *fatwa* devastates Defendants' argument that Ms. Garcia is not in any imminent danger. But those facts, while prejudicial to Defendants case, are entirely fair to admit into evidence. |
| 10. | Paragraph | Speculation; | | Plaintiffs are unclear as to the |

| | | | |
|---|---|---|---|
| | 15, in its entirety. | lacks foundation; lacks personal knowledge; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | basis for Defendants' "speculation," "lack of foundation," and "lack of personal knowledge" objections, as paragraph 15 merely contains El Fadl's summary of events publicized in the media worldwide following the issuance of the *fatwa*, on which he relied in forming his opinion. Experts are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. <u>Heishman v. Ayers</u>, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>Defendants' Rule 403 objection also is unmeritorious. The incendiary reaction to the Film exemplified by the *fatwa* devastates Defendants' argument that Ms. Garcia is not in any imminent danger. But those facts, while prejudicial to Defendants case, are entirely fair to admit into evidence. |
| 11. | Paragraph 15, third sentence and Exhibit D. | Hearsay not subject to any exception; exhibit not attached. | Defendants' "hearsay" objection to the contents of news reports about the *fatwa* lack merit. Experts such as El Fadl are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. <u>Heishman v. Ayers</u>, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703). |
| 12. | Paragraph 15, fourth sentence. | Speculation; lacks foundation; improper expert opinion regarding whether violence occurred. | To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no objection to the first six paragraphs of Dr. El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length. Indeed, it would be hard to imagine a |

| | | | |
|---|---|---|---|
| | | | person of greater qualifications than Dr. El Fadl to render expert testimony in this case.  As an expert, he is entitled to render his opinion on the Film's relationship to the worldwide violence following its Arabic-language posting on YouTube. FED. R. EVID. 702. |
| 13. | Paragraph 16, first and third sentences. | Hearsay not subject to any exception; lacks personal knowledge; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "hearsay" and "lacks personal knowledge" objections to El Fadl's statements pertaining to condemnation of the film by a Hezbollah leader and the reissuance of an Iranian fatwa against Salman Rushdie lack merit. Experts such as El Fadl are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>Defendants' Rule 403 objection also is unmeritorious.  The incendiary reaction to the Film exemplified by the *fatwa* devastates Defendants' argument that Ms. Garcia is not in any imminent danger.  But those facts, while prejudicial to Defendants case, are entirely fair to admit into evidence. |
| 14. | Paragraph 16, second sentence. | Speculation; lacks foundation; improper expert opinion regarding the fatwa allegedly issued on the life of the actors in the film. | Defendants' "speculation" and "lacks foundation" objections to El Fadl's opinion on the similarities between the *fatwa* on Salman Rushdie and the *fatwa* on Ms. Garcia lack merit. Experts such as El Fadl are entitled to base their opinions on any material reasonably relied on by experts in that field.  Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>To the extent that Defendants claim that El Fadl is not an |

| | | | |
|---|---|---|---|
| | | | "expert," Plaintiffs note that Defendants have made no objection to the first six paragraphs of El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length. Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case. As an expert, he is entitled to render his opinion on the *fatwa* against Ms. Garcia. FED. R. EVID. 702. |
| 15. | Paragraph 16, third sentence. | Hearsay not subject to any exception; speculation; exhibit not attached. | Defendants' "hearsay" and "speculation" objections to ElFadl's statement pertaining to the reissuance of an Iranian fatwa against Salman Rushdie lack merit. Experts such as El Fadl are entitled to base their opinions on hearsay, provided that the hearsay is of the type reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703). |
| 16. | Paragraph 16, fourth and fifth sentences. | Speculation; lacks foundation; lacks personal knowledge; improper legal conclusion; vague and ambiguous. | Defendants' "speculation," "lacks foundation," and "lacks personal knowledge," objections to El Fadl's opinion related to the fact that Ms. Garcia has been barred from entering international airports (a subject on which Ms. Garcia testified in her own declaration) and her designation as a high security risk, and her inability to travel, lack merit. Experts such as El Fadl are entitled to base their opinions on any material reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703). Defendants' "improper legal |

| | | | | |
|---|---|---|---|---|
| 1 2 3 4 5 6 7 8 9 | | | | conclusion" objection is also not well taken. First, El-Fadl does not make a legal conclusion: he states that Ms. Garcia's right to travel is "likely" impinged. And, Ms. Garcia offers corroborating evidence of this conclusion – in that, she was not even permitted to enter the La Guardia International Airport on September of 2012. Second, El Fadl is, among other things, a lawyer, and therefore entirely qualified to opine on the law, particularly in light of the fact that Ms. Garcia's right to travel is not a matter requiring an "ultimate legal conclusion" in this case. |
| 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 | | | | Defendants' "vague and ambiguous" objection also fails, as they do not explain at all how sentences 4 and 5 of paragraph 16 are either vague or ambiguous; this essentially is a boilerplate objection and, therefore, improper. See, e.g., Nesby v. City of Oakland, 2007 U.S. Dist. LEXIS 22574, *4 (N.D. Cal. Mar. 19, 2007) (rejecting litigant's request to exclude evidence from declarations on grounds of "vagueness" where court found that the supposedly objectionable terms could be construed by looking at the dictionary); cf. Bible v. Rio Props, Inc., 246 F.R.D. 614, 619 (C.D. Cal. 2007) (in context of discovery motion, ruling that conclusory general or boilerplate objections such as "vague and ambiguous" are improper where they do not provide enough information as to allow court to ascertain objectionable nature of the material objected to). |
| 26 27 28 | 17. | Paragraph 17, fourth sentence. | Speculation; lacks foundation; vague and | Defendants' "speculation" and "lacks foundation" objections to El Fadl's opinion on the meaningfulness of a *fatwa* lack |

| | | | |
|---|---|---|---|
| | | ambiguous. | merit. Here, El Fadl bases his opinion on his expertise in national security and terrorism issues; as an expert, he is entitled to base their opinions on any material reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703). |
| | | | Defendants' "vague and ambiguous" objection also fails, as they do not explain at all how sentence 4 of paragraph 17 is either vague or ambiguous; this essentially is a boilerplate objection and, therefore, improper. See, e.g., Nesby v. City of Oakland, 2007 U.S. Dist. LEXIS 22574, *4 (N.D. Cal. Mar. 19, 2007) (rejecting litigant's request to exclude evidence from declarations on grounds of "vagueness" where court found that the supposedly objectionable terms could be construed by looking at the dictionary); cf. Bible v. Rio Props, Inc., 246 F.R.D. 614, 619 (C.D. Cal. 2007) (in context of discovery motion, ruling that conclusory general or boilerplate objections such as "vague and ambiguous" are improper where they do not provide enough information as to allow court to ascertain objectionable nature of the material objected to). |
| 18. | Paragraph 17, fifth sentence. | Speculation; lacks foundation; improper legal conclusion; improper expert testimony regarding the danger to Plaintiff; probative value outweighed by unfair prejudice (Fed. R. Evid. | Defendants' "speculation" and "lacks foundation" objections to El Fadl's opinion on the grave danger that Ms. Garcia is in as the result of the *fatwa* lack merit. Here, El Fadl bases his opinion on his expertise in national security and terrorism issues; as an expert, he is entitled to base their opinions on any material reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703). |

**PLAINTIFF'S RESPONSES TO OBJECTIONS BY GOOGLE INC. AND YOUTUBE, LLC TO EVIDENCE SUBMITTED**
CV12-8315 MWF (VBKx)

| | | | |
|---|---|---|---|
| | | 403). | Defendants' "improper legal conclusion" objection is also not well taken. First, El Fadl does not make a legal conclusion: he states that Ms. Garcia "is in grave danger" from the *fatwa*.<br><br>To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no objection to the first six paragraphs of El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length. Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case. As an expert, he is entitled to render his opinion on the *fatwa* against Ms. Garcia. FED. R. EVID. 702.<br><br>Defendants' Rule 403 objection also is unmeritorious. The incendiary reaction to the Film exemplified by the *fatwa* devastates Defendants' argument that Ms. Garcia is not in any imminent danger. But those facts, while prejudicial to Defendants case, are entirely fair to admit into evidence. |
| 19. | Paragraph 17, sixth sentence. | Speculation; lacks foundation; improper expert testimony regarding unannounced or secretive calls by extremist or fanatic groups; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "speculation" and "lacks foundation" objections to El Fadl's opinion on the grave danger that Ms. Garcia is in as the result of other extremist or fanatic groups seeking to harm Ms. Garcia lack merit. Here, El Fadl bases his opinion on his expertise in national security and terrorism issues; as an expert, he is entitled to base their opinions on any material reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing |

PLAINTIFF'S RESPONSES TO OBJECTIONS BY GOOGLE
INC. AND YOUTUBE, LLC TO EVIDENCE SUBMITTED
CV12-8315 MWF (VBKx)

| | | | | |
|---|---|---|---|---|
| 1 | | | | Fed. R. Evid. 703).
| 2 | | | | To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no objection to the first six paragraphs of El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length. Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case. As an expert, he is entitled to render his opinion on the danger Ms. Garcia faces from extremist and fanatic groups in the Muslim world. Fed. R. Evid. 702.
| | | | | Defendants' Rule 403 objection also is unmeritorious. The incendiary reaction to the Film exemplified by the *fatwa* and other documented threats against Ms. Garcia devastates Defendants' argument that Ms. Garcia is not in any imminent danger. But those facts, while prejudicial to Defendants case, are entirely fair to admit into evidence.
| 19 | 20. | Paragraph 18, second sentence. | Speculation; lacks foundation; vague and ambiguous. | Defendants' "speculation" and "lacks foundation" objection to El Fadl's opinion on the centrality of Ms. Garcia's role in the Film lack merit. Here, El Fadl bases his statement on his personal observance of the Film and Ms. Garcia's appearance in it. As an expert, he is entitled to base his opinions on that personal observation. Fed. R. Evid. 703.
| | | | | Defendants' "vague and ambiguous" objection also fails, as they do not explain at all how sentence 2 of paragraph 18 is either vague or ambiguous; this essentially is a boilerplate

| | | | | |
|---|---|---|---|---|
| 1 | | | | objection and, therefore, improper.  See, e.g., Nesby v. City of Oakland, 2007 U.S. Dist. LEXIS 22574, *4 (N.D. Cal. Mar. 19, 2007) (rejecting litigant's request to exclude evidence from declarations on grounds of "vagueness" where court found that the supposedly objectionable terms could be construed by looking at the dictionary); cf. Bible v. Rio Props., Inc., 246 F.R.D. 614, 619 (C.D. Cal. 2007) (in context of discovery motion, ruling that conclusory, general or boilerplate objections such as "vague and ambiguous" are improper where they do not provide enough information as to allow court to ascertain objectionable nature of the material objected to). |
| 13 | 21. | Paragraph 18, fourth sentence. | Lacks personal knowledge; speculation; lacks foundation; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "lacks personal knowledge," "speculation," and "lacks foundation" objection to El Fadl's opinion on the fact that a controversy has arisen concerning whether the Film caused worldwide violence lack merit. Here, El Fadl bases his statement on his personal observance of the controversy. As an expert, he is entitled to base his opinions on that personal observation. FED. R. EVID. 703. Moreover, the existence of the controversy is a matter of near-universal knowledge.  FED. R. EVID. 201.

Defendants' Rule 403 objection also is unmeritorious.  It is unclear how the existence of a controversy about the connection between violence and the Film is prejudicial in any way:  it is merely a controversy. Accordingly, Rule 403 does not bar its admission. |

| | | | |
|---|---|---|---|
| 22. | Paragraph 19, in its entirety. | Hearsay not subject to any exception; lacks foundation; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "hearsay" and "lacks foundation" objections to El Fadl's statement that news reports indicate that people have died in the violence allegedly sparked by the Film lack merit. Experts such as El Fadl are entitled to base their opinions on hearsay, provided that the hearsay or other materials relied upon are of the type reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>Defendants' Rule 403 objection also is unmeritorious.  The violent worldwide reaction to the Film damages Defendants' argument that Ms. Garcia is not in any imminent danger.  But the fact of that violence, while damaging to Defendants case, is entirely fair to admit into evidence. |
| 23. | Paragraph 20, in its entirety. | Hearsay not subject to any exception; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "hearsay" objections to El Fadl's statement that news reports indicate that people have died in the violence allegedly sparked by the Film lack merit. Experts such as El Fadl are entitled to base their opinions on hearsay, provided that the hearsay or other materials relied upon are of the type reasonably relied on by experts in that field. Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>Defendants' Rule 403 objection also is unmeritorious.  The violent worldwide reaction to the Film damages Defendants' argument that Ms. Garcia is not in any imminent danger.  But the fact of that violence, while damaging to Defendants case, is entirely fair to admit into evidence. |

| 24. | Paragraph 21, first sentence. | Speculation; lacks personal knowledge; lacks foundation; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "speculation," "lacks personal knowledge," and "lacks foundation" objection to El Fadl's statement that Ms. Garcia's life has been forever changed lack merit. Experts such as El Fadl are entitled to base their opinions on any materials reasonably relied on by experts in that field; here, he relies both on his personal observations (*see* Fed. R. Evid. 602) and the many materials cited throughout his declaration supporting his opinions. See Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>Defendants' Rule 403 objection also is unmeritorious. The damages Ms. Garcia has and will experience may hurt Defendants' case; they are, however, entirely fair to admit into evidence. |
| 25. | Paragraph 21, second sentence. | Speculation; lacks personal knowledge; lacks foundation; improper legal conclusion; improper expert opinion regarding Plaintiff's ability to travel; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "speculation," "lacks personal knowledge," and "lacks foundation" objection to El Fadl's statement that Ms. Garcia's inability to travel lacks merit. Experts such as El Fadl are entitled to base their opinions on any materials reasonably relied on by experts in that field; here, he relies both on his personal observations (see Fed. R. Evid. 602) and the many materials cited throughout his declaration supporting his opinions. See Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>Defendants' "improper legal conclusion" objection is also not well taken. First, El Fadl does not make a legal conclusion: he states that Ms. Garcia "cannot easily travel internationally." Second, El Fadl is, among other things, a lawyer, and therefore entirely qualified to opine on the |

| | | | |
|---|---|---|---|
| | | | law, particularly in light of the fact that Ms. Garcia's ease of travel is not a matter requiring an "ultimate legal conclusion" in this case.

Defendants' Rule 403 objection also is unmeritorious.  The damages Ms. Garcia has and will experience may hurt Defendants' case; they are, however, entirely fair to admit into evidence. |
| 26. | Paragraph 21, third sentence. | Speculation; lacks personal knowledge; lacks foundation; improper expert opinion regarding the world's view of Plaintiff; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "speculation," "lacks personal knowledge," and "lacks foundation" objection to El Fadl's statement that Ms. Garcia's inability to travel ack merit. Experts such as El Fadl are entitled to base their opinions on any materials reasonably relied on by experts in that field; here, he relies on the many materials cited throughout his declaration supporting his opinions.  See Heishman v. Ayers, 621 F.3d 1030, 1042 (9ᵗʰ Cir. 2010, citing FED. R. EVID. 703).

To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no objection to the first six paragraphs of  El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length.  Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case.  As an expert, he is entitled to render his opinion on the danger Ms. Garcia faces from extremist and fanatic groups in the Muslim world. FED. R. EVID. 702.

Defendants' Rule 403 objection also is unmeritorious.  The damages Ms. Garcia has and will experience may hurt Defendants' |

| | | | |
|---|---|---|---|
| | | | case; they are, however, entirely fair to admit into evidence. |
| 27. | Paragraph 21, fourth, fifth, and sixth sentences. | Speculation; lacks personal knowledge; lacks foundation; hearsay not subject to any exception; improper expert opinion regarding how the film and Plaintiff are universally; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "speculation," "lacks personal knowledge," and "lacks foundation," and "hearsay" objections to El Fadl's statements that Ms. Garcia's statements have been controversial and that the Film is seen as an attack on Islam lack merit. Experts such as El Fadl are entitled to base their opinions on any materials reasonably relied on by experts in that field, including hearsay; here, he relies on the many materials cited throughout his declaration supporting his opinions, as well as his personal observation.  See Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703); see also FED. R. EVID. 602.

To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no objection to the first six paragraphs of El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length.  Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case.  As an expert, he is entitled to render his opinion on perceptions of Ms. Garcia and the Film in the Muslim world.  FED. R. EVID. 702.

Defendants' Rule 403 objection also is unmeritorious.  The fact that Ms. Garcia is viewed as the bringer of an attack on Islamic values and culture may hurt Defendants' case; it is, however, entirely fair to admit into |

| | | | |
|---|---|---|---|
| 1 | | | evidence. |
| 2 | 28. | Paragraph 21, seventh, eighth and ninth sentences. | Speculation; lacks personal knowledge; lacks foundation; improper legal conclusion; improper expert testimony regarding the danger to Plaintiff; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "speculation," "lacks personal knowledge," and "lacks foundation," objections to El Fadl's statements that Ms. Garcia's public stand against the Film has protected her life and safety by giving her credibility lack merit. Experts such as El Fadl are entitled to base their opinions on any materials reasonably relied on by experts in that field, including hearsay; here, he relies on the many materials cited throughout his declaration supporting his opinions, as well as his personal knowledge of the manner in which her sincerity will be perceived among those extremist elements in the Muslim world who seek to harm her.  See Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703); see also FED. R. EVID. 602.
|
| | | | | Defendants' "improper legal conclusion" objection is also not well taken.  First, El Fadl does not make a legal conclusion:  he states that Ms. Garcia's safety may currently be protected because she has taken a public stand against the Film.  Second, El Fadl is, among other things, a lawyer, and therefore entirely qualified to opine on the law, particularly in light of the fact that the fact of Ms. Garcia's filing of this lawsuit is not a matter requiring an "ultimate legal conclusion" in this case.
|
| | | | | To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no objection to the first six paragraphs of El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of |

| | | | | the Middle East, Islamic law, and terrorism at great length. Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case. As an expert, he is entitled to render his opinion on the current danger to Ms. Garcia from extremists in the Muslim world, and how the steps Ms. Garcia is taking may ameliorate that danger. FED. R. EVID. 702.<br><br>Defendants' Rule 403 objection also is unmeritorious. The fact that Ms. Garcia's safety may be somewhat protected, for now, as a result of her public stand against the Film may hurt Defendants' case; it is, however, entirely fair to admit into evidence. |
| 29. | Paragraph 22, in its entirety. | Relevance; lacks personal knowledge; speculation; improper expert testimony regarding personal opinion of film; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | | Defendants' "relevance" objection is not well taken. Every sentence in paragraph 22 pertains to Ms. Garcia, her involuntary insertion into a dangerous international controversy due to Defendants' actions, the bigoted nature of the Film, Defendants' public claims not to support "hate speech," and worldwide reaction to the Film relates directly to the matters at issue in Plaintiff's motion for an injunction.<br><br>Defendants' "lacks personal knowledge" and "speculation" objections to paragraph 22 also lack merit. Experts such as El Fadl are entitled to base their opinions on any materials reasonably relied on by experts in that field, including hearsay; here, he relies on the many materials cited throughout his declaration supporting his opinions. See Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. |

| | | | 703). |
|---|---|---|---|
| | | | To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no objection to the first six paragraphs of El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length.  Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case.  As an expert, he is entitled to render his opinion on whether or not the Film is hate speech, as well as the likely incitement effect of the Film's treatment of "the sacred symbols and beliefs of Muslims." FED. R. EVID. 702.

Defendants' Rule 403 objection also is unmeritorious.  The fact that YouTube has acted hypocritically in claiming not to support hate speech, while refusing to remove the Film in light of universal agreement that the Film *is* hate speech, may hurt Defendants' case; it is, however, entirely fair to admit into evidence. |
| 30. | Paragraph 22, third, fifth, seventh, eighth and ninth sentences. | Speculation; lacks foundation; improper legal conclusion; improper expert opinion regarding personal opinion of film; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "speculation" and "lacks foundation"objections to sentences 3, 5, 7, 8, and 9 of paragraph 22 lack merit. Sentence 3 and 5 merely set forth El Fadl's expert opinion that the Film is hate speech.  Sentences 7-9 set forth, as a matter of personal observation, the likely effect on a viewer of the Film, as well as YouTube's documented hypocrisy in refusing to remove it.  Experts such as El Fadl are entitled to base opinions such as these on any materials reasonably relied on by experts in that field, |

including hearsay; here, he relies on the many materials cited throughout his declaration supporting his opinions. See Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).

Defendants' "improper legal conclusion" objection is also not well taken. El Fadl is, among other things, a lawyer, and therefore entirely qualified to opine on the law, particularly the fact that the Film is hate speech; at any rate, in light of the fact that this is a lawsuit arising in copyright, the hate speech issue is not a matter requiring an "ultimate legal conclusion" in this case.

To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no objection to the first six paragraphs of El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length. Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case. As an expert, he is entitled to render his opinion on whether or not the Film is hate speech, as well as the likely incitement effect on viewers of the film. FED. R. EVID. 702.

Defendants' Rule 403 objection also is unmeritorious. The fact that YouTube has acted hypocritically in claiming not to support hate speech, while refusing to remove the Film in light of universal agreement that the Film *is* hate speech, may hurt Defendants' case; it is, however, entirely fair to admit into evidence.

| | | | |
|---|---|---|---|
| 31. | Paragraph 22, sixth sentence. | Hearsay not subject to any exception; lacks foundation; lacks personal knowledge; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "hearsay," "lacks foundation," and "lacks personal knowledge" objections to sentence 6 of paragraph 22 lack merit. Sentence 6 merely sets forth the fact that world leaders have condemned the Film and, as such, explains one of the bases for El Fadl's opinions. Experts such as El Fadl are entitled to base opinions such as these on any materials reasonably relied on by experts in that field, including hearsay; here, he relies on the many materials cited throughout his declaration supporting his opinions. *See Heishman v. Ayers*, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>Defendants' Rule 403 objection also is unmeritorious.  The fact that YouTube has acted hypocritically in claiming not to support hate speech, while the universal condemnation of the Film may hurt Defendants' case, it is entirely fair to admit into evidence. |
| 32. | Paragraph 23, in its entirety. | Speculation; lacks foundation; vague and ambiguous; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "speculation" and "lacks foundation," objections to paragraph 23 lack merit. Paragraph 23 simply states El Fadl's opinion that a person who understood the likely consequences of appearing in the Film probably would not have done so, and that Ms. Garcia's public stand against the Film has, for now, protected her life against extremists in the Muslim world who wish to harm her. Experts such as El Fadl are entitled to base opinions such as these on any materials reasonably relied on by experts in that field, including hearsay; here, he relies on the many materials cited |

| | | | | throughout his declaration supporting his opinions. <u>See</u> <u>Heishman v. Ayers</u>, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>Defendants' "vague and ambiguous" objection also fails, as they do not explain at all how paragraph 23 is either vague or ambiguous; this essentially is a boilerplate objection and, therefore, improper. <u>See, e.g.,</u> <u>Nesby v. City of Oakland</u>, 2007 U.S. Dist. LEXIS 22574, *4 (N.D. Cal. Mar. 19, 2007) (rejecting litigant's request to exclude evidence from declarations on grounds of "vagueness" where court found that the supposedly objectionable terms could be construed by looking at the dictionary); <u>cf.</u> <u>Bible v. Rio Props, Inc.</u>, 246 F.R.D. 614, 619 (C.D. Cal. 2007) (in context of discovery motion, ruling that conclusory, general or boilerplate objections such as "vague and ambiguous" are improper where they do not provide enough information as to allow court to ascertain objectionable nature of the material objected to).<br><br>Defendants' Rule 403 objection also is unmeritorious. That a reasonable actor probably would not have volunteered to appear in a film that would result in a *fatwa* being put on her head may hurt Defendants' case, it is entirely fair to admit into evidence. |
| 33. | Paragraph 23, fifth sentence. | Improper legal conclusion. | Defendants' "improper legal conclusion" objection fails. In the fifth sentence of paragraph 23, El Fadl opines that the *fact* of Ms. Garcia's filing this lawsuit may have temporarily ameliorated some threats to her safety. That is not a legal conclusion. |

| 34. | Paragraph 24, in its entirety. | Relevance; speculation; lacks foundation; improper expert opinion regarding how the film and Plaintiff are universally viewed; vague and ambiguous; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "relevance" objection is not well taken. Every sentence in paragraph 24 pertains to Ms. Garcia, her involuntary insertion into a dangerous international controversy due to Defendants' actions, the existence of laws in various countries that criminalize activities such as appearing in the Film, and the worldwide reaction to the Film. Each of them relates directly to the matters at issue in Plaintiff's motion for an injunction.

Defendants' "speculation" and "lacks foundation" objections to paragraph 24 also lack merit. Experts such as El Fadl are entitled to base their opinions on any materials reasonably relied on by experts in that field, including hearsay; here, he relies on the many materials cited throughout his declaration supporting his opinions, as well as his expertise in terrorism and national security issues. See Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).

To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no objection to the first six paragraphs of El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length. Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case. As an expert, he is entitled to render his opinion on the likely incitement effect on viewers of the film in the Muslim world. FED. R. EVID. 702. |

**PLAINTIFF'S RESPONSES TO OBJECTIONS BY GOOGLE INC. AND YOUTUBE, LLC TO EVIDENCE SUBMITTED**
CV12-8315 MWF (VBKx)

| | | | | Defendants' "vague and ambiguous" objection also fails, as they do not explain at all how paragraph 24 is either vague or ambiguous; this essentially is a boilerplate objection and, therefore, improper. See, e.g., Nesby v. City of Oakland, 2007 U.S. Dist. LEXIS 22574, *4 (N.D. Cal. Mar. 19, 2007) (rejecting litigant's request to exclude evidence from declarations on grounds of "vagueness" where court found that the supposedly objectionable terms could be construed by looking at the dictionary); cf. Bible v. Rio Props., Inc., 246 F.R.D. 614, 619 (C.D. Cal. 2007) (in context of discovery motion, ruling that conclusory, general or boilerplate objections such as "vague and ambiguous" are improper where they do not provide enough information as to allow court to ascertain objectionable nature of the material objected to). |
| | | | | Finally, Defendants' Rule 403 objection also is unmeritorious. That Ms. Garcia was involuntarily inserted into a dangerous international controversy (one which Defendants are perpetuating by refusing to remove the Film from YouTube) may hurt Defendants' case; however, it is entirely fair to admit into evidence. |
| 35. | Paragraph 24, third and fourth sentences. | Speculation; lacks foundation; improper legal conclusion; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | | Defendants' "speculation" and "lacks foundation" objections to the third and fourth sentences of paragraph 24 lack merit. Experts such as El Fadl are entitled to base their opinions on any materials reasonably relied on by experts in that field, including hearsay; here, he relies on the many materials cited throughout his declaration supporting his opinions, as well as his demonstrated legal expertise. |

| | | | |
|---|---|---|---|
| | | | See Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>Defendants' "improper legal conclusion" objection is also not well taken. El Fadl is, among other things, a lawyer, and therefore entirely qualified to note the existence of anti-blasphemy laws and the manner in which they may be enforced. At any rate, in light of the fact that this is a lawsuit arising in copyright, the British blasphemy issue is not a matter requiring an "ultimate legal conclusion" in this case.<br><br>Finally, Defendants' Rule 403 objection also is unmeritorious. That Ms. Garcia may face additional imminent damage (due to Defendants' refusal to remove the Film from YouTube) may hurt Defendants' case; however, it is entirely fair to admit into evidence. |
| 36. | Paragraph 25, second and third sentences. | Speculation; lacks foundation; improper expert testimony regarding the "heart" of the work and the cause of outrage in the world; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "speculation" and "lacks foundation" objections to the second and third sentences of paragraph 25 both lack merit. Experts such as El Fadl are entitled to base their opinions on any materials reasonably relied on by experts in that field; here, he relies on his personal observation of the Film (admissible under FED. R. EVID. 602), the various materials referenced throughout his declaration, and his demonstrated expertise in the culture and law of the Middle East, Islamic law, and terrorism.  See Heishman v. Ayers, 621 F.3d 1030, 1042 (9th Cir. 2010, citing FED. R. EVID. 703).<br><br>To the extent that Defendants claim that El Fadl is not an "expert," Plaintiffs note that Defendants have made no |

PLAINTIFF'S RESPONSES TO OBJECTIONS BY GOOGLE INC. AND YOUTUBE, LLC TO EVIDENCE SUBMITTED
CV12-8315 MWF (VBKx)

|  |  |  | objection to the first six paragraphs of El Fadl's declaration, in which he sets forth his expert qualifications on the subjects of the law and culture of the Middle East, Islamic law, and terrorism at great length. Indeed, it would be hard to imagine a person of greater qualifications than El Fadl to render expert testimony in this case. As a viewer of the Film, he is well able to testify as to his personal observation of the Film's message (see FED. R. EVID. 602); as an expert, he is entitled to render his opinion on the likely incitement effect on viewers of the film in the Muslim world. FED. R. EVID. 702.

Finally, Defendants' Rule 403 objection also is unmeritorious. That Ms. Garcia may be in more danger than other actors in the Film due to the fact that she was made to appear to be the person accusing Mohammed of being a child molester may hurt Defendants' argument that she is not in imminent enough danger to deserve the protection of an injunction; however, it is entirely fair to admit into evidence. |

## VI.   Defendants' Objections to the Declaration of M. Cris Armenta

| No. | Material Objected To | Ground(s) for Objection | Plaintiff's Response |
|---|---|---|---|
| 1. | Paragraph 2, in its entirety. | Relevance; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | Defendants' "relevance" argument should fail. Ms. Armenta's testimony of her personal experiences at the Los Angeles Superior Court are directly relevant to the issue of whether Ms. Garcia (and those |

| | | | affiliated with her) is in imminent danger for her life and safety. |
|---|---|---|---|
| | | | Defendants' Rule 403 objection also is unmeritorious. The serious danger that Ms. Garcia is in, as evaluated by law enforcement professionals, may hurt Defendants' argument that she is not in imminent enough danger to deserve the protection of an injunction; however, it is entirely fair to admit into evidence. |
| 2. | Paragraph 2, fifth, sixth, seventh and eighth sentences. | Hearsay not subject to any exception. | Ms. Armenta's relation of her conversation with law enforcement professionals at the Los Angeles Superior Court is not hearsay because it is not offered for the truth of the matter asserted (FED. R. EVID. 801(c)(2)); rather, it is offered to show the effect on the listener. Here, the effect on Ms. Armenta (and Ms. Garcia) was to take numerous security measures and warn local law enforcement authorities of threats to her safety and to the safety of Ms. Garcia. Accordingly, it is admissible. |
| 3. | Paragraph 3, in its entirety. | Relevance; hearsay not subject to any exception. | Defendants' "relevance" argument should fail. Ms. Armenta's testimony of defense counsel's decision to "blame the victim" rather than to take any responsibility for their own actions raises serious issues pertaining to Defendants' culpability. Moreover, defense counsel's query as to whether Ms. Garcia had signed a release related to her dramatic performance is a legal issue at the heart of Ms. Garcia's request for an injunction. Accordingly, it is relevant.<br><br>The conversations with counsel for YouTube, and Mr. Alger's and Ms. Armenta's statements, |

| | | | | are not hearsay under Federal Rule of Evidence 801(d), which states that prior statements of the declarant-witness or of an opposing party are not hearsay. |
|---|---|---|---|---|
| 4. | Paragraph 3, second and third sentences. | Speculation; lacks foundation. | | Defendants' "speculation" and "lacks foundation" objections fail; the second and third sentences of paragraph 3 simply relate the details of a conversation between counsel, a conversation in which Ms. Armenta personally participated. |
| 5. | Paragraph 4, in its entirety. | Relevance; hearsay not subject to any exception; misrepresents Defendants' position. | | Defendants' "relevance" argument should fail. Ms. Armenta's testimony pertaining to Ms. Garcia's multiple attempts to use YouTube's published procedures to obtain removal of the Film raises serious issues pertaining to Defendants' culpability for copyright infringement and Ms. Garcia's right to have the Film taken down. This issue is at the heart of Ms. Garcia's request for an injunction. Accordingly, it is relevant.<br><br>The October 2, 2012, conversation between Ms. Armenta and defense counsel is not hearsay under Federal Rule of Evidence 801(d), which states that prior statements of the declarant-witness or of an opposing party are not hearsay.<br><br>Defendants' objection that paragraph 4 "misrepresents" their position is a matter that goes to the weight of the evidence, not its admissibility. |
| 6. | Paragraph 5, in its entirety. | Relevance; probative value outweighed by unfair prejudice (Fed. R. Evid. 403); | | Defendants' "relevance" argument should fail. Ms. Armenta's testimony pertaining to Defendants' refusal to believe that Ms. Garcia never signed a release of the copyright to hcr |

| | | | | |
|---|---|---|---|---|
| | | misrepresents Defendants' position. | | dramatic performance raises serious issues pertaining to Defendants' culpability for copyright infringement and Ms. Garcia's right to have the Film taken down.  This issue is at the heart of Ms. Garcia's request for an injunction.  Accordingly, it is relevant. |
| | | | | Defendants' Rule 403 objection also is unmeritorious.  The facts set forth in paragraph 5 indicate that Defendants have been aware for a very long time that Ms. Garcia never signed away her rights, and therefore was entitled to have the Film taken down. While this fact may hurt Defendants' case, it is entirely fair to admit into evidence. |
| | | | | Defendants' objection that paragraph 5 "misrepresents" their position is a matter that goes to the weight of the evidence, not its admissibility. |
| 7. | Paragraph 6, second sentence. | Relevance; hearsay not subject to any exception; misrepresents Defendants' position | | Defendants' "relevance" argument should fail.  Ms. Armenta's testimony pertaining to Defendants' belated claim that the Film is a "joint work" raises serious issues pertaining to Defendants' culpability for copyright infringement and Ms. Garcia's right to have the Film taken down.  This issue is at the heart of Ms. Garcia's request for an injunction.  Accordingly, it is relevant. |
| | | | | The October 4, 2012, conversation between Ms. Armenta and defense counsel is not hearsay under Federal Rule of Evidence 801(d), which states that prior statements of the declarant-witness or of an opposing party are not hearsay. |
| | | | | Defendants' objection that |

| | | | |
|---|---|---|---|
| | | | paragraph 6 "misrepresents" their position is a matter that goes to the weight of the evidence, not its admissibility. |
| 8. | Paragraph 8, in its entirety, and Exhibit B. | Relevance | Defendants' "relevance" argument should fail. Defendant YouTube's stated position that it will remove hate speech from its Website, which stands in stark contrast to its refusal to remove the Film even after being informed that it was hate speech, raises serious issues pertaining to Ms. Garcia's right to have the Film taken down. This issue is at the heart of Ms. Garcia's request for an injunction. Accordingly, it is relevant. |
| 9. | Paragraph 9, in its entirety, and Exhibit C. | Hearsay not subject to any exception. | Paragraph 9 consists of a statement by Defendant Google's Chairman, Eric Schmidt, discussing the Film. His statement is admissible as an admission of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A)-(D). |
| 10. | Paragraph 10, in its entirety. | Speculation; lacks foundation; relevance; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | The purchase price between Google and YouTube is a matter that has been admitted *numerous* times by the Defendants and is even contained in the Second Circuit opinion between these Defendants and Viacom International. Plaintiff has provided the Court with a copy of this opinion. See Declaration of M. Cris Armenta, Ex. D at Page 12.<br><br>Defendants' "relevance" argument should fail. Defendant YouTube's acknowledgement, authenticated by counsel in a case before the Second Circuit, that it would lose a great deal of money if it removed copyrighted content from its site explains why Defendants refuse to remove the Film (given the tens of millions |

| | | | | |
|---|---|---|---|---|
| | | | | of views it has generated) even in light of Ms. Garcia's showing that she has a copyright in her dramatic performance and is entitled to have the Film taken down. This issue is at the heart of Ms. Garcia's request for an injunction.  It also shows that, at worst, any "harm" to the Defendants by removing the content is merely monetary. Accordingly, it is relevant.<br><br>Defendants' Rule 403 objection also is unmeritorious.  The facts set forth in paragraph 10 indicate that despite the fact that Defendants have been aware for a very long time that Ms. Garcia is entitled to have the Film taken down, their refusal to do so is likely motivated by greed.  While this fact may hurt Defendants' case, it is entirely fair to admit into evidence. |
| 11. | Paragraph 10, second, third, and fourth sentences and Exhibit D. | Relevance; hearsay not subject to any exception; probative value outweighed by unfair prejudice (Fed. R. Evid. 403). | | Defendants' "relevance" argument should fail.  Defendant YouTube's acknowledgement, authenticated by counsel in a case before the Second Circuit, that it would lose a great deal of money if it removed copyrighted content from its site explains why Defendants refuse to remove the Film even in light of Ms. Garcia's showing that she has a copyright in her dramatic performance and is entitled to have the Film taken down. This issue is at the heart of Ms. Garcia's request for an injunction.  Accordingly, it is relevant.<br><br>Sentences 2-4 discuss admissions of YouTube's management team and founders in another case. Those statements are admissible as admissions of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A)-(D); they are not hearsay. |

46

| | | | Defendants' Rule 403 objection also is unmeritorious. The facts set forth in paragraph 10 indicate that despite the fact that Defendants have been aware for a very long time that Ms. Garcia is entitled to have the Film taken down, their refusal to do so is likely motivated by greed. While this fact may hurt Defendants' case, it is entirely fair to admit into evidence. |
|---|---|---|---|
| 12. | Paragraph 11, in its entirety. | Relevance. | Defendants' "relevance" argument should fail. Defendants have argued that the rights to the Film lie with the filmmaker: in other words, Defendant Youssef (a/k/a Bacile, a/k/a Nakoula). There is no other individual or entity of which Plaintiff is aware (or apparently of which Defendants are aware, as they have not mentioned any particular candidates) who own the copyright, under Defendants' theory of the case. Paragraph 11 demonstrates that Defendant Youssef (a/k/a Bacile, a/k/a Bakoula) has actually disavowed copyright ownership. Given that Plaintiff is aware of no other individual or entity claiming a copyright interest in the Film, Defendant Youssef's statements are entirely relevant to rebut Defendants' legal argument that Ms. Garcia, as a supporting actor, has no rights in her dramatic performance. |
| 13. | Paragraph 11, third, fourth and fifth sentences. | Hearsay not subject to any exception. | Sentences 3-5 of Paragraph 11 relate a conversation between Ms. Armenta and counsel for Defendant Youssef (a/k/a Bacile, a/k/a Bakoula). The content of that conversation is not hearsay under Federal Rule of Evidence 801(d), which states that prior statements of the declarant-witness or of an opposing party are not hearsay. |

1

2   **VII.   Defendants' Objections to the Declaration of David Hardy**

3         Defendants object to Mr. Hardy's declaration in its entirety, including

4 exhibits, on relevance grounds, asserting that the DMCA is an affirmative defense to

5 monetary relief against a service provider and therefore not pertinent to this motion,

6 which seeks an injunction.  Notably, it is the Defendants themselves who have

7 claimed that they are entitled to a "safe harbor" defense under the DMCA.  (See

8 Declaration of M. Cris Armenta at ¶ 2.)

9         Defendants further object to the declaration and exhibits, in their entirety, on

10 hearsay grounds.  Defendants are entirely wrong.  Mr. Hardy's declaration consists

11 almost entirely of relating his communications with various representatives of

12 Defendant YouTube.  Those are not hearsay under Federal Rule of Evidence 801(d),

13 which states that prior statements of the declarant-witness or of an opposing party

14 are not hearsay.

15

16

17 Dated: November 5, 2012       THE ARMENTA LAW FIRM, A.P.C.

18

19                  By: _____

20                       M. Cris Armenta
                      Attorneys for Cindy Lee Garcia

21

22

23

24

25

26

27

28
  **PLAINTIFF'S RESPONSES TO OBJECTIONS BY GOOGLE
INC. AND YOUTUBE, LLC TO EVIDENCE SUBMITTED**
CV12-8315 MWF (VBKx)

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
   I am employed in the County of Los Angeles, State of California.  I am over

the age of eighteen years and not a party to the within action.  My business address

is 11900 Olympic Boulevard, Suite 730, Los Angeles, California 90064.

   On November 5, 2012 I served the following document(s) described as:

(1) **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND ORDER OF IMPOUNDMENT;  DECLARATION OF M. CRIS ARMENTA IN SUPPORT THEREOF (filed separately);**

(2) **PLAINTIFF'S RESPONSE TO  OBJECTIONS BY GOOGLE, INC. AND YOUTUBE LLC TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INUNCTION AND ORDER OF IMPOUNDMENT (filed separately);**

(3) **PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED BY GOOGLE INC., AND YOUTUBE, LLC. IN OPPOSITION BRIEF TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND ORDER OF IMPOUNDMENT (filed separately);**

(4) **[PROPOSED] ORDER SUSTAINING PLAINTIFF'S OBECTIONS TO EVIDENCE SUBMITTED BY GOOGLE, INC., AND YOUTUBE LLC IN OPPOSITION BRIEF TO PLAINTIFF'S MOTION FOR PRELIMINARY INUNCTION AND AN ORDER OF IMPOUNDMENT (lodged separately)**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**Timothy L. Alger**
**Perkins Coie LLP**
**3150 Porter Drive**
**Palo Alto, CA 94304-1212**

*BY MAIL:* I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.  (C.C.P. § 1013 (a) and 1013a(3))

Executed on November 5, 2012 in Los Angeles, California.

Heather Rowland

1
**PROOF OF SERVICE**