Timothy L. Alger (SBN 160303)
TAlger@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Sunita Bali (SBN 274108)
SBali@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Defendants
Google Inc. and YouTube, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LEE GARCIA, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE, MARK BASSELEY YOUSSEF, ABANOB BASSELEY NAKOULA, MATTHEW NEKOLA, AHMED HAMDY, AMAL NADA, DANIEL K. CARESMAN, KRITBAG DIFRAT, SOBHI BUSHRA, ROBERT BACILY, NICOLA BACILY, THOMAS J. TANAS, ERWIN SALAMEH, YOUSSEFF M. BASSELEY, and/or MALID AHLAWI; GOOGLE, INC., a Delaware Corporation; YOUTUBE, LLC, a California limited liability company, and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. CV-12-8315-MWF (VBKx)<br><br>Assigned to the Honorable Michael W. Fitzgerald<br><br>DECLARATION OF TIMOTHY L. ALGER<br><br>[Submitted in Opposition to Plaintiff's Motion for Preliminary Injunction]<br><br>Date:       December 3, 2012<br>Time:       10:00 a.m.<br>Courtroom:  1600 |

41063-0244/LEGAL25244551.3

-1-

DECLARATION OF TIMOTHY L. ALGER
Case No. CV-12-8315-MWF (VBKx)

# DECLARATION OF TIMOTHY L. ALGER

I, Timothy L. Alger, hereby declare as follows:

1. I am an attorney licensed to practice law before the courts of the State of California and this Court. I am a partner at Perkins Coie LLP, and lead counsel in this action for defendants Google Inc. and YouTube, LLC (collectively, the "YouTube Defendants"). I have personal knowledge of the facts stated herein and, if called upon, could and would testify competently thereto under oath.

2. Submitted concurrently with this declaration is the Declaration of Mark Basseley Youssef, with a copy of the Personal Release and Cast Deal Memo ("Release") completed and signed by Plaintiff Cindy Lee Garcia in connection with the film Desert Warriors attached as Exhibit 1. The Release has been redacted by my office so the public court file will not contain Ms. Garcia's telephone number and Social Security number.

3. The original Release is in my possession, with the permission of Mr. Youssef.

4. This declaration is intended to provide the Court with additional, potentially dispositive, evidence relating to Plaintiff's Motion for Preliminary Injunction, and an explanation as to why this evidence is being submitted at this time.

5. On November 16, 2012, at my request, Mr. Youssef's criminal attorney, Steven Seiden, obtained from Mr. Youssef's family a copy of the Release, and he immediately provided it to me. I then did two things: First, I confirmed that the telephone number on the Release was that of Ms. Garcia, which was easily accomplished because Ms. Garcia includes her phone number in her public Facebook profile. Second, I asked an investigator to check public records to determine the name of the holder of the Social Security number on the release. He informed me that the holder of that number is Cindy Lee Garcia.

6. After receiving this information, I sent a copy of the Release by email on November 18, 2012 to Cris Armenta, Ms. Garcia's attorney, and suggested that her client voluntarily dismiss this action. After not hearing anything from Ms. Armenta for several days, I called and left a phone message for her making the same suggestion on November 21, 2012.

7. Ms. Armenta responded to my communications by email on Monday, November 26, 2012. On that day, and in several subsequent emails, Ms. Armenta has expressed doubt that the Release is genuine.

8. In light of the communications from Ms. Armenta, I made arrangements to visit Mr. Youssef, and I did so with Mr. Seiden on Tuesday afternoon, November 27, 2012 at the Metropolitan Detention Center ("MDC") in downtown Los Angeles. Mr. Youssef is in the Special Housing Unit at MDC, segregated from the main population and unable to visit with family or friends. During our visit, Mr. Youssef reviewed the Release (in an unredacted form) attached as Exhibit 1, and executed the Declaration.

9. The Release is dated August 9, 2011. The document: (1) grants to "Sam Bessi," a name Mr. Youssef has used in the past, and a production entity called "Matthew Metta," the right to photograph and record Ms. Garcia; (2) releases all claims for invasion of privacy, right of publicity; and (3) assigns to "M.M." "all rights necessary for the development, production and exploitation of the Motion Picture, whether denominated copyrights, performance rights, or publicity rights . . . ." (*See* Youssef Decl., Exh. 1.)

10. During our visit, Mr. Youssef provided to me additional information that is relevant to the pending Motion. Given the restrictions in the Special Housing Unit at MDC, we were unable to prepare a new declaration during our visit, but Mr. Youssef said he would testify to the following: That Ms. Garcia worked for two hours on a single day, filming her brief appearances in the movie,

and was paid $75.00.  Later, he said, Ms. Garcia was called back and worked about one additional hour, re-recording her lines because the quality of the sound captured during the filming was poor, and she was paid an additional $100.00.

11.   Mr. Youssef said that while other people assisted with the direction and production of the film, it was his creation, and he retains control over the film. He told me that his son uploaded both the English language and Arabic versions of the trailer for the film, now entitled Innocence of Muslims, to YouTube at his request.  Mr. Youssef said he believes in the message contained in the film and he does not want the trailer to be removed from YouTube.

12.   On the night of Tuesday, November 27, 2012, after my visit at MDC with Mr. Youssef, I met with Mr. Youssef's son in southern Los Angeles County. He brought with him a binder, about four inches thick, containing contracts relating to the film, including releases by other actors identical in form to that which was signed by Ms. Garcia.  He provided me with the original Release executed by Ms. Garcia, which I promised to return following the conclusion of these proceedings.

13.   I would also like to take this opportunity to correct factual inaccuracies in declarations filed by Plaintiff.  First, in the Declaration of M. Cris Armenta [Dkt. No. 14-3], paragraph 6, Plaintiff's counsel asserts that she was told during a meet-and-confer on October 4, 2012 that the YouTube defendants considered the Innocence of Muslims film to be a "joint work" under the Copyright Act.  Ms. Armenta repeats this assertion (with a date of October 5, 2012) in a supplemental declaration filed in conjunction with Plaintiff's Reply Brief [Dkt. No. 27], at paragraph 8.  These statements are incorrect.  I informed Ms. Armenta that it was YouTube's position that Ms. Garcia had no copyright interest in the film at all, and even if Ms. Garcia asserted that she was a joint author, her claims against the YouTube Defendants failed because the film was posted on YouTube by Mr. Youssef, who had the right under Copyright Act to do so, without seeking Ms.

Garcia's consent.

14. At various points in Plaintiff's briefing, in the Armenta Declaration [Dkt. No. 14-3 at ¶ 7], and throughout the David Hardy Declaration [Dkt. No. 14-2], Plaintiff suggests that there was ambiguity, uncertainty, or "discussions" between the YouTube Defendants and Plaintiff's counsel or representatives regarding the possibility that the film would be removed from the YouTube service. This is also incorrect. I made clear to Ms. Armenta, starting with our first telephone communications immediately after I was retained on September 18, 2012, when she informed me of Plaintiff's plan to file an ex parte application in Superior Court for a temporary restraining order, that the YouTube Defendants would not remove the film at Plaintiff's demand.

15. Finally, Ms. Armenta suggests in paragraphs 8 and 9 of her supplemental declaration that she delayed filing an application for temporary restraining order because I would not be available between October 11 and 16, 2012. This is also incorrect. Ms. Armenta first informed me that she intended to seek a temporary restraining order ex parte when this action was filed in federal court on September 26, 2012. I made sure during the following two weeks to be available for any briefing and/or court appearances relating to such an application. We met-and-conferred about Plaintiff's application on October 4, 2012, on short notice. As time passed, without any filing by Plaintiff, I ultimately inquired of Ms. Armenta about her timing, and suggested by email on October 10, 2012 that Plaintiff file a noticed motion, which would seem to be more appropriate given that the film had been publicly available at Youtube.com since July. I also informed her that I had a commitment outside the country October 12 (Friday) to October 15 (Monday), and, if necessary, I would seek an extension from the Court for any response if Plaintiff filed an ex parte application during my absence. There is no basis for any

contention by Plaintiff that she delayed seeking preliminary relief to accommodate the YouTube Defendants.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed this 28th day of November, 2012, at Palo Alto, California.

                                       /s/ Timothy L. Alger
                                         Timothy L. Alger

## PROOF OF SERVICE

I, Pamela Villeral, declare,

I am employed in the City of Los Angeles, County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1888 Century Park East, Suite 1700, Los Angeles, California 90067-1721. On the date signed below, I served the documents named below on the parties in this action as follows:

**DECLARATION OF TIMOTHY L. ALGER**

Upon the parties named below as follows: (See attached service list.)

☒ **(BY MAIL)** I caused the above referenced document(s) to be placed in an envelope, with postage thereon fully prepaid, and placed in the United States mail at Los Angeles, California. I am readily familiar with the practice of the firm for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States of America the above it true and correct.

Executed on **November 28, 2012**, at Los Angeles, California.

_Pamela Villeral_
_____
Pamela Villeral

## **SERVICE LIST**

**Defendant**

Nakoula B. Nakoula aka Mark Basseley Youssef
Metropolitan Detention Center.
Inmate # 56329-112.
180 N. Los Angeles St.
Los Angeles, CA 90012