Timothy L. Alger (SBN 160303)
TAlger@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Sunita Bali (SBN 274108)
SBali@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Defendant
Google Inc. and YouTube, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LEE GARCIA, an individual, | Case No. CV-12-8315-MWF (VBKx) |
| Plaintiff, | Assigned to the Honorable Michael W. Fitzgerald |
| v. | OBJECTIONS OF GOOGLE INC. AND YOUTUBE, LLC TO PLAINTIFF'S NOTICE OF REQUEST UNDER CENTRAL DISTRICT LOCAL RULE 7-8 TO CROSS-EXAMINE DECLARANTS |
| NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE, MARK BASSELEY YOUSSEF, ABANOB BASSELEY NAKOULA, MATTHEW NEKOLA, AHMED HAMDY, AMAL NADA, DANIEL K. CARESMAN, KRITBAG DIFRAT, SOBHI BUSHRA, ROBERT BACILY, NICOLA BACILY, THOMAS J. TANAS, ERWIN SALAMEH, YOUSSEFF M. BASSELEY, and/or MALID AHLAWI; GOOGLE, INC., a Delaware Corporation; YOUTUBE, LLC, a California limited liability company, and DOES 1 through 10, inclusive, | Date:          December 3, 2012 Time:          10:00 a.m. Courtroom:  1600 |
| Defendants. | |

Defendants Google Inc. and YouTube, LLC (collectively the "YouTube Defendants") hereby object to Plaintiff Cindy Lee Garcia's Notice of Request Under Central District Local Rule 7-8 to Cross-Examine Declarants Submitted by Defendants Google Inc. and YouTube, LLC.  [Dkt. No. 35.]

## I.      ARGUMENT

### A.     Timothy L. Alger

There is no justification for cross-examination of Timothy L. Alger, the YouTube Defendants' lead attorney in this matter.  Examining opposing counsel in connection with pending litigation is disfavored.  "The practice of forcing trial counsel to testify as a witness . . . has long been discouraged, and recognized as disrupting the adversarial nature of our judicial system." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (internal citations omitted) (quoting *Hickman v. Taylor*, 329 U.S. 495, 513 (1947) (stating that such examinations cause "the standards of the profession [to] suffer")).  Because of the potential for abuse, the examination of an opponent's attorney is permitted in rare circumstances, and only after it is shown by the requesting party to be both proper and necessary. *American Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 588 (S.D. Cal. 1995).  "Courts have reached this conclusion even where it is clear that the attorney is a witness to relevant, nonprivileged events and/or conversations." *Id*.

The Eighth Circuit articulated a test that has been used by courts throughout the nation, including by courts within this Circuit, limiting depositions of opposing counsel to those rare situations where:  (1) no other means exist to obtain the information, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case.  *Shelton*, 805 F.2d at 1327; *see also Doubleday v. Ruh*, 149 F.R.D. 601, 613 (E.D. Cal. 1993) (noting the frequency with which this test is applied).

Plaintiff cannot meet these standards, and she does not even attempt to do so in her Notice.

First, there are alternative ways to obtain the information in Mr. Alger's declaration.  Plaintiff does not identify what information she is seeking to obtain by cross-examining Mr. Alger, but her counsel has stated, both in communications with Mr. Alger and to various public media outlets, that Plaintiff challenges the authenticity of the Personal Release and Cast Deal Memo ("Release") signed by Plaintiff, in which she assigns "all rights necessary for the development, production and exploitation of the Motion Picture, whether denominated copyrights, performance rights, or publicity rights . . ."  (Declaration of Timothy L. Alger [Dkt. No. 34] ¶ 7.)

Any examination regarding the authenticity of the Release, however, is best directed to Plaintiff herself, who appears to have signed the Release and included in it her personal phone number and Social Security number, and to Defendant Youssef or others who worked on the film and witnessed Plaintiff's signing of the Release.  Mr. Alger has no personal knowledge about the authenticity of the Release.  The primary purpose behind Mr. Alger's declaration was to explain why the release was submitted to the Court at this time, and how it came into Mr. Alger's possession.  (Alger Decl. ¶ 4.)

Second, Plaintiff's failure to identify any information she hopes to obtain by cross-examining Mr. Alger makes it impossible for the Court to make a finding that it is "relevant and nonprivileged."  Whenever opposing counsel in litigation is subject to examination, there is a substantial risk that the questioning will cross into privileged territory, imposing substantial burden on the litigants and the Court.  As the *Shelton* court observed:

> Taking the deposition of opposing counsel not only
> disrupts the adversarial system and lowers the standards
> of the profession, but it also adds to the already
> burdensome time and costs of litigation.  It is not hard to

imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the 'chilling effect' that such practice will have on the truthful communications from the client to the attorney is obvious.

*Shelton*, 805 F.3d at 1327.

Any questioning of Mr. Alger beyond the facts already stated under oath in his declaration will undoubtedly delve into subject matter protected by the work product doctrine and/or attorney client privilege, which are not the proper subject of cross-examination.

Third, Plaintiff has failed to establish that *any* information contained in Mr. Alger's declaration is crucial to the preparation of the case. Obtaining further detail through cross-examination about the timing of the submission to the Court, which was the primary purpose of Mr. Alger's declaration, is by no means crucial to Plaintiff's preparation of her case. Witness examination regarding the authenticity of the Release, which might, indeed, go to the heart of Plaintiff's case, should involve those who worked on the film, including Plaintiff, Mr. Youssef, and others—not the YouTube Defendants' counsel.

**B.    Mark Basseley Youssef**

The YouTube Defendants take no position regarding Plaintiff's request to cross-examine Mark Basseley Youssef. However, as explained in Mr. Alger's declaration, Mr. Youssef is currently detained at the Metropolitan Detention Facility ("MDC") in downtown Los Angeles. He is in the Special Housing Unit at MDC and is segregated from the main population. Due to Mr. Youssef's detention, he is not "reasonably available" to the YouTube Defendants, though he may be otherwise available to the Court. *See* L.R. 7-8. Notwithstanding Mr. Youssef's availability, the Court should consider his declaration and the Release attached as

Exhibit 1, as it is material to the Court's consideration of Plaintiff's Motion for Preliminary Injunction.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff's request for cross-examination should be denied.

DATED:  November 30, 2012                    PERKINS COIE LLP

By: /s/ Timothy L. Alger
Timothy L. Alger

Attorneys for Defendants
Google Inc. and YouTube, LLC

# PROOF OF SERVICE

I, Pamela Villeral, declare,

I am employed in the City of Los Angeles, County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 1888 Century Park East, Suite 1700, Los Angeles, California 90067-1721. On the date signed below, I served the documents named below on the parties in this action as follows:

**OBJECTIONS OF GOOGLE INC. AND YOUTUBE, LLC TO PLAINTIFF'S NOTICE OF REQUEST UNDER CENTRAL DISTRICT LOCAL RULE 7-8 TO CROSS-EXAMINE DECLARANTS**

Upon the parties named below as follows: (See attached service list.)

☒ **(BY MAIL)** I caused the above referenced document(s) to be placed in an envelope, with postage thereon fully prepaid, and placed in the United States mail at Los Angeles, California. I am readily familiar with the practice of the firm for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States of America the above it true and correct.

Executed on **November 30, 2012**, at Los Angeles, California.

_____
Pamela Villeral

1

# <u>SERVICE LIST</u>

2

3

## <u>Defendant</u>

4

Nakoula B. Nakoula aka Mark Basseley Youssef
Metropolitan Detention Center.

5

Inmate # 56329-112.
180 N. Los Angeles St.

6

Los Angeles, CA 90012.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28