Name M. Cris Armenta, The Armenta Law Firm, SBN#177403
Address 11900 Olympic Blvd. Suite 730
City, State, Zip Los Angeles, CA 90064
Phone 310-826-2826 x108
Fax 310-826-5456
E-Mail cris@crisarmenta.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Cindy Lee Garcia

PLAINTIFF(S),

v.

Nakoula Basseley Nakoula, et al.

DEFENDANT(S).

CASE NUMBER:

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____ Cindy Lee Garcia _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
Order Denying Plaintiff Garcia's Motion for
Preliminary Injunction
☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on __November 30, 2012__. Entered on the docket in this action on __November 30, 2012__.

A copy of said judgment or order is attached hereto.

December 21, 2012
Date

Signature
☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-08315-MWF (VBKx)**              Date: **November 30, 2012**

Title:   Cindy Lee Garcia -v- Nakoula Basseley Nakoula, et al.

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

Rita Sanchez                                      None Present
Courtroom Deputy                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                      None Present

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING PLAINTIFF GARCIA'S MOTION FOR PRELIMINARY INJUNCTION [12]

On October 17, 2012, Plaintiff Cindy Lee Garcia filed an Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause Re Preliminary Injunction, and Order of Impoundment (the "Application"). (Docket No. 12). On October 18, 2012, Garcia's request for a temporary restraining order was denied, and the Application was construed as a motion for a preliminary injunction. (*See* Docket No. 15). This matter is now before the Court on Garcia's motion for preliminary injunction (the "Motion"). (*See id.*) Defendants Google Inc. and YouTube, LLC have filed an Opposition, and Garcia has filed a Reply. (Docket Nos. 22, 27).

The Court has read and considered the papers filed on this Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for **December 3, 2012**, is removed from the Court's calendar.

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-08315-MWF (VBKx)**               Date: **November 30, 2012**

Title:      Cindy Lee Garcia -v- Nakoula Basseley Nakoula, et al.

---

*GmbH & Co.*, 571 F.3d 873, 877 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)).

Furthermore, this injunction would require affirmative conduct by Defendants, *i.e.* Defendants' immediate action in regard to the Film. Therefore, Garcia's Motion "is subject to heightened scrutiny and should not be issued unless the facts and law clearly favor" her as the moving party. *See Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (requiring defendant to provide drug to patients).

Garcia alleges that Defendants have infringed her purported copyright in a trailer for a film (the "Film"). (*See generally* Compl. (Docket No. 1)). The Film was posted for public viewing on YouTube on July 2, 2012 – five months ago. Given this five-month delay, Garcia has not demonstrated that the requested preliminary relief would prevent any alleged harm. *Seto v. Thielen*, Civil No. 10-00351 SOM-BMK, 2010 WL 2612603, at *2 (D. Haw. June 28, 2010) ("Given Plaintiffs' allegation that the septic system is currently leaking raw sewage into Kaneohe Bay, the requested injunction would not necessarily prevent irreparable harm to Plaintiffs, as the leaking of the raw sewage would continue with or without [the defendant's] presence at the park.").

Nor has Garcia established a likelihood of success on the merits. Even assuming both that Garcia's individual performance in the Film is copyrightable and that she has not released this copyright interest, the nature of this copyright interest is not clear. Nor is it clear that Defendants would be liable for infringement.

As was the case in *Aalmuhammed v. Lee*, 202 F.3d 1227 (9th Cir. 2000), the Film "is a copyrightable work, and it is undisputed that the movie was intended by everyone involved with it to be a unitary whole." *Id.* at 1231. Additionally, a copyright in a work "vests initially in the author or authors of the work. The authors of a joint work are coowners of copyright in the work." 17 U.S.C. § 201(a).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-08315-MWF (VBKx)**                    Date: **November 30, 2012**

Title:     Cindy Lee Garcia -v- Nakoula Basseley Nakoula, et al.

Garcia does not argue that she is the sole author of the Film, nor does she argue that the Film was a joint work of which she was a co-author. According to the United States Supreme Court, the "author" is the "person to whom the work owes its origin and who superintended the whole work." *Aalmuhammed*, 202 F.3d at 1233 (citing *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61, 4 S. Ct. 279, 28 L. Ed. 349 (1884)). By Garcia's own allegations and argument, she does not meet this standard with respect to the Film. Furthermore, Garcia concedes that she does not have joint authorship over the Film or joint ownership of the copyright in the Film. (*See* Reply at 12 n.11).

Therefore, Garcia appears to argue only that she owns the copyright in her performance within the Film. Even if this copyright interest were cognizable and proven, by operation of law Garcia necessarily (if impliedly) would have granted the Film's author a license to distribute her performance as a contribution incorporated into the indivisible whole of the Film. *See Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990) ("[The plaintiff] created a work at defendant's request and handed it over, intending that defendant copy and distribute it. . . . Accordingly, we conclude that [the plaintiff] impliedly granted nonexclusive licenses to [the defendant] and his production company to incorporate the special effects footage into [the film]" and then "to distribute the film"). Garcia has introduced no evidence to the contrary.

Accordingly, Garcia's Motion (Docket No. 12) is DENIED.

Given the discussion above, the Court need not reach the issues of the balance of equities and the public interest.

IT IS SO ORDERED.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 11900 Olympic Boulevard, Suite 730, Los Angeles, California 90064.

On December 21, 2012 I served the following document(s) described as:

**NOTICE OF APPEAL**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**Timothy L. Alger**
**Perkins Coie LLP**
**3150 Porter Drive**
**Palo Alto, CA 94304-1212**

**Nakoula B. Nakoula aka**
**Mark Basseley Youssef**
**Metropolitan Detention Center**
**Inmate #56329-112**
**180 N. Los Angeles St.**
**Los Angeles, CA 90012**
**(Courtesy copy)**

☑ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

Executed on December 21, 2012 in Los Angeles, California.

*/s/ Heather Rowland*
Heather Rowland

1
PROOF OF SERVICE