Timothy L. Alger, State Bar No. 160303
TAlger@perkinscoie.com
Sunita Bali, State Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Defendants
Google Inc. and YouTube, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LEE GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE, MARK BASSELEY YOUSSEF, ABANOB BASSELEY NAKOULA, MATTHEW NEKOLA, AHMED HAMDY, AMAL NADA, DANIEL K. CARESMAN, KRITBAG DIFRAT, SOBHI BUSHRA, ROBERT BACILY, NICOLA BACILY, THOMAS J. TANAS, ERWIN SALAMEH, YOUSSEFF M. BASSELEY, and/or MALID AHLAWI; GOOGLE, INC., a Delaware Corporation; YOUTUBE, LLC, a California limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV-12-8315-MWF (VBKx)<br><br>Assigned to the Honorable Michael W. Fitzgerald<br><br>**RESPONSE BY GOOGLE INC. AND YOUTUBE, LLC TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION** |

Defendants Google Inc. and YouTube, LLC (collectively the "YouTube Defendants") hereby respond to the Order to Show Cause Re: Dismissal for Lack of Prosecution, issued by the Court on July 2, 2013. [Dkt. No. 53.]

It is unclear from the Order whether the Court is concerned about Plaintiff's possible failure to prosecute against defendant Nakoula Basseley Nakoula, who remains unserved, or concerned about the progress of the entire case. If the latter, then the YouTube Defendants wish to respond to the Court regarding the status of Plaintiff's claims against the YouTube Defendants, which the YouTube Defendants believe are stayed pending the appeal in the Ninth Circuit.

Plaintiff's entire case against the YouTube Defendants is embraced within the appeal filed by Plaintiff Cindy Lee Garcia from this Court's denial of Plaintiff's motion for preliminary injunction. This Court held that Plaintiff is unlikely to prevail on her claims of copyright infringement against the YouTube Defendants, and the question of whether Plaintiff has a viable copyright claim has been squarely raised in the briefing and at oral argument in the Ninth Circuit. Plaintiff has pleaded no claims against the YouTube Defendants other than copyright infringement.

Accordingly, the YouTube Defendants believe that it would have been improper to answer or otherwise respond to the First Amended Complaint in this Court while the appeal embracing the same issues was pending in the Ninth Circuit. If the Court disagrees, the YouTube Defendants respectfully request that the Court enter a formal stay of the claims against the YouTube Defendants until after the decision of the Ninth Circuit.[1]

## I. BACKGROUND

Plaintiff filed her initial Complaint on September 26, 2012 [Dkt. No. 1], and the First Amended Complaint on October 4, 2012 [Dkt. No. 5], asserting claims for

---

[1] The YouTube Defendants take no position regarding Plaintiff's claims against defendant Nakoula.

direct and contributory copyright infringement against the YouTube Defendants.[2] Plaintiff asserts that she holds a copyright in a dramatic performance in a trailer for a film called "Innocence of Muslims" (the "Film"), which has been available at youtube.com since July 2012. Plaintiff contends that the YouTube Defendants are infringing that copyright by declining to remove the Film on her demand.

On October 17, 2012, Plaintiff filed an Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause re Preliminary Injunction and Order of Impoundment [Dkt. No. 12], which the Court construed as a motion for a preliminary injunction [Dkt. No. 15].

On October 22, 2012, while Plaintiff's motion for preliminary injunction was pending, the parties met and conferred regarding the YouTube Defendants' anticipated motion to dismiss, which would have addressed many of the same issues raised in Plaintiff's motion for preliminary injunction. In the interest of conserving resources, the parties stipulated that the YouTube Defendants' time to respond to the First Amended Complaint should be continued to 30 days after the Court's decision on Plaintiff's motion for preliminary injunction. [Dkt. No. 21.] The Court approved the stipulation on October 29, 2012. [Dkt. No. 26.]

On November 30, 2012, the Court issued an order denying Plaintiff's motion for preliminary injunction, finding that she failed to show that the requested relief would prevent any alleged harm and also failed to show a likelihood of success on the merits of her copyright claims against the YouTube Defendants. [Dkt. No. 39.]

Shortly after the District Court issued its order, Plaintiff's counsel advised that Plaintiff intended to appeal the Court's Order to the Ninth Circuit. (Declaration of Timothy L. Alger ("Alger Dec.") ¶ 3.) Although the YouTube Defendants believed that any appeal would likely address the merits of Plaintiff's

---

[2] Plaintiff also alleges various state law claims against defendant Nakoula, who has not appeared in this action, and as far as the YouTube Defendants are aware, has not been served with the summons and complaint. The claims alleged against Nakoula are not at issue in the pending appeal.

copyright claims and likely divest this Court of jurisdiction over those claims, for the sake of clarity, counsel for the YouTube Defendants asked Plaintiff's counsel to stipulate to stay the case as to the YouTube Defendants, or extend the YouTube Defendants' deadline to respond to the First Amended Complaint in light of the pending appeal. Plaintiff's counsel refused to stipulate, and wrote to counsel for the YouTube Defendants: "The appeal does in fact stay the action. We will not, therefore, sign any stip to stay anything because it is unnecessary." (Alger Dec. ¶ 4, Exh. A.)

On December 21, 2012, before the YouTube Defendants' deadline to respond to the First Amended Complaint, Plaintiff filed her notice of appeal from the order denying her preliminary injunction motion. [Dkt. No. 42.] She also advised counsel for the YouTube Defendants that this should obviate the need for a stipulation extending the YouTube Defendants deadline to respond to the First Amended Complaint. (Alger Dec. ¶ 6, Exh. A.) The matter has been fully briefed to the Ninth Circuit and oral argument took place on June 26, 2013. The parties are currently awaiting a decision. (Alger Dec. ¶ 7.)

## II.   ARGUMENT

### A.   An Appeal Divests the District Court of Jurisdiction Over Issues Embraced Within the Appeal

The filing of a notice of appeal divests the district court of jurisdiction over all matters involved in the appeal. *See e.g. City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal"); *Natural Res. Def. Council, Inc. v. Southwest Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed"); *Voggenthaler v. Maryland Square, LLC*, 2011 WL 445635, *2 (D. Nev. 2011)

(finding District Court without jurisdiction to consider motion to dismiss where motion related to issues already on appeal). This rule is designed to "avoid the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988); *see also Natural Res. Def. Council, Inc.*, 242 F.3d at 1166 (stating that the purpose of the rule is to promote judicial economy and avoid confusion).

### B. The Entire Basis of Plaintiff's Claims Against the YouTube Defendants Is Now Before the Ninth Circuit

This Court cannot address Plaintiff's copyright claims against the YouTube Defendants, and cannot fully consider the YouTube Defendants' planned motion to dismiss, without reaching issues involved in the pending appeal. The Ninth Circuit has been asked to decide whether this Court erred in denying Plaintiff's preliminary injunction motion. This Court's decision that Plaintiff is unlikely to succeed on her copyright claims against the YouTube Defendants presents the very viability of Plaintiff's copyright infringement theory to the Ninth Circuit. *See Flexible Lifeline Sys., Inc v. Precision Lift, Inc.*, 654 F.3d 989, 994 (9th Cir. 2011) (noting that a plaintiff seeking a preliminary injunction must show a likelihood of success on the merits of her claims). In addressing that question, the Ninth Circuit must consider whether Plaintiff holds a copyright in the Film or a portion of the Film, and if so, whether Plaintiff granted an implied license to the filmmaker. The Ninth Circuit may hold that Plaintiff holds no copyright in the Film, or that an implied license precludes any claim for copyright infringement. Either holding would be fatal to Plaintiff's claims against the YouTube Defendants.

### III. CONCLUSION

For the foregoing reasons, the YouTube Defendants believe that they have not been, and are not currently, required to answer or otherwise respond to the First

Amended Complaint. If the Court disagrees, the YouTube Defendants respectfully request that the Court enter a formal stay of the claims against the YouTube Defendants until after the decision of the Ninth Circuit.

DATED: July 11, 2013

PERKINS COIE LLP

By: /s/ Timothy L. Alger
    Timothy L. Alger

Attorneys for Defendants
Google Inc. and YouTube, LLC

# **PROOF OF SERVICE**

I, Linda Alcorn, declare,

　　I am employed in the City of San Francisco, County of San Francisco, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is Four Embarcadero Center, Suite 2400, San Francisco, California 94111.  On the date signed below, I served the documents named below on the parties in this action as follows:

**RESPONSE BY GOOGLE INC. AND YOUTUBE, LLC TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION**

Upon the parties named below as follows:  (See attached service list.)

☒　**(BY MAIL)** I caused the above referenced document(s) to be placed in an envelope, with postage thereon fully prepaid, and placed in the United States mail at Los Angeles, California.  I am readily familiar with the practice of the firm for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒　(FEDERAL)  I declare under penalty of perjury under the laws of the United States of America the above it true and correct.

Executed on **July 11, 2013**, at San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Linda Alcorn
　　　　　　　　　　　　　　　　　　　　　　　　Linda Alcorn

## SERVICE LIST

**Defendant**

Nakoula B. Nakoula aka Mark Basseley Youssef
Metropolitan Detention Center.
Inmate # 56329-112.
180 N. Los Angeles St.
Los Angeles, CA 90012.

LEGAL27215717.2