Timothy L. Alger, State Bar No. 160303
TAlger@perkinscoie.com
Sunita Bali, State Bar No. 274108
SBali@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Defendants
Google Inc. and YouTube, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LEE GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE, MARK BASSELEY YOUSSEF, ABANOB BASSELEY NAKOULA, MATTHEW NEKOLA, AHMED HAMDY, AMAL NADA, DANIEL K. CARESMAN, KRITBAG DIFRAT, SOBHI BUSHRA, ROBERT BACILY, NICOLA BACILY, THOMAS J. TANAS, ERWIN SALAMEH, YOUSSEFF M. BASSELEY, and/or MALID AHLAWI; GOOGLE, INC., a Delaware Corporation; YOUTUBE, LLC, a California limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV-12-8315-MWF (VBKx)<br><br>Assigned to the Honorable Michael W. Fitzgerald<br><br>**DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF RESPONSE BY GOOGLE INC. AND YOUTUBE, LLC TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION** |

DECLARATION OF TIMOTHY L. ALGER
Case No. CV-12-8315-MWF (VBKx)

I, Timothy L. Alger, hereby declare as follows:

1. I am an attorney licensed to practice law before the courts of the state of California and this Court. I am a partner at Perkins Coie LLP, and lead counsel in this action for Defendants Google Inc. and YouTube, LLC (collectively the "YouTube Defendants"). I have personal knowledge of the facts stated herein and, if called upon, could and would testify competently thereto under oath.

2. On November 30, 2012, the Court issued an order denying Plaintiff Cindy Lee Garcia's ("Plaintiff") motion for preliminary injunction, finding that she failed to show that the requested relief would prevent any alleged harm and also failed to show a likelihood of success on the merits of her copyright claims against the YouTube Defendants.

3. On or around December 7, 2012, Ms. Cris Armenta, counsel for Plaintiff, informed me that Plaintiff planned on appealing the preliminary injunction order.

4. On or around that same day, I informed Ms. Armenta that Plaintiff's Notice of Appeal and the YouTube Defendants' responsive pleading was due on the same date. Although I believed that the filing of Plaintiff's notice of appeal would likely divest the Court of jurisdiction over the claims against the YouTube Defendants, in the interest of certainty, I asked if Plaintiff would be willing to stipulate to a stay or a further extension of time for filing a motion to dismiss. Ms. Armenta responded that: "The appeal does in fact stay the action. We will not, therefore, sign any stip to stay anything because it is unnecessary."

5. Over roughly the next two weeks, I sent multiple emails to Ms. Armenta asking her to stipulate to a brief continuance of the YouTube Defendants' responsive pleading deadline to avoid for the need for a motion to dismiss in light of Plaintiff's intended appeal.

6. On December 21, 2012, Ms. Armenta informed me that Plaintiff would be filing her Notice of Appeal on that date, obviating any need for a stipulation extending the YouTube Defendants deadline to respond to the complaint. A true and correct copy of my email communications with Ms. Armenta are attached hereto has Exhibit A.

7. On December 21, 2012, Plaintiff filed a Notice of Appeal from this Court's order denying her motion for preliminary injunction. The appeal has been fully briefed to the Ninth Circuit and oral argument took place on June 26, 2013. The parties are currently awaiting a decision.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of July, 2013, at Palo Alto, California.

                                            /s/ Timothy L. Alger
                                            Timothy L. Alger

# EXHIBIT A

## Alcorn, Linda (Perkins Coie)

| | |
|---|---|
| **From:** | Cris Armenta <cris@crisarmenta.com> |
| **Sent:** | Friday, December 21, 2012 5:05 AM |
| **To:** | Alger, Timothy L.  (Perkins Coie) |
| **Cc:** | Bali, Sunita  (Perkins Coie); Heather Rowland; Jason Armstrong (armstronglaw@me.com); David Hardy (David.Hardy@DMCASolutions.com) |
| **Subject:** | RE: Garcia v. Google, Inc., et al |

Dear Tim:

The appeal will be filed today.  This should obviate your request.  We are also filing a motion to expedite the appeal.  Please advise as to your position: in favor, opposed, or no position.  Given that you were prepared to spend time on the motion to dismiss, etc., I assume you are available to handle the expedited appeal, if the Ninth CIrcuit grants it.

Thank you and Happy Holidays.

Cris

**From:** Alger, Timothy L. (Perkins Coie) [mailto:TAlger@perkinscoie.com]
**Sent:** Thursday, December 20, 2012 10:55 AM
**To:** Cris Armenta
**Cc:** Bali, Sunita (Perkins Coie); Heather Rowland; Jason Armstrong (armstronglaw@me.com); David Hardy (David.Hardy@DMCASolutions.com)
**Subject:** RE: Garcia v. Google, Inc., et al

Hi Cris -- this isn't an answer.  If you don't appeal, and we don't file our motion to dismiss by that same date, it's too late to file our motion, and I can't just rest on your assertion that you're going to appeal.  Please give me answers to my questions below.

**From:** Cris Armenta [mailto:cris@crisarmenta.com]
**Sent:** Thursday, December 20, 2012 10:28 AM
**To:** Alger, Timothy L. (Perkins Coie)
**Cc:** Bali, Sunita (Perkins Coie); Heather Rowland; Jason Armstrong (armstronglaw@me.com); David Hardy (David.Hardy@DMCASolutions.com)
**Subject:** RE: Garcia v. Google, Inc., et al

We intend to appeal. Send the stip and I will pass it along.  I am out of the country until January 2.

**From:** Alger, Timothy L. (Perkins Coie) [mailto:TAlger@perkinscoie.com]
**Sent:** Thursday, December 20, 2012 9:03 AM
**To:** Cris Armenta
**Cc:** Bali, Sunita (Perkins Coie)
**Subject:** RE: Garcia v. Google, Inc., et al

Hi Cris --

My third request for a stipulation extending time for our response to complaint.  If you are not willing to agree to such a stipulation -- which can just be a couple of weeks -- please let me know if you oppose an ex parte motion for extension of

time.  If I don't hear from you today, I will assume, and will inform the court, that (1) you are unwilling to stipulate to extend time by 14 days, and (2) you oppose an ex parte application for extension of time by 14 days.

For clarity, this request is based on your statements to me and to the press that you intend to appeal from the denial of the motion for preliminary injunction, and our desire to avoid unnecessary expense and burden on the court.  If you have decided not to appeal, please let me know today, and we will withdraw our proposal to extend time and will proceed to file our motion to dismiss before the current deadline.

Tim


**Timothy L. Alger | Perkins Coie LLP**
**PARTNER**
3150 Porter Drive • Palo Alto, California  94304
Four Embarcadero Center, Suite 2400 • San Francisco, California  94111
PHONE: 650.838.4334 • MOBILE: 650.223.3791 • FAX: 650.838.4534
E-MAIL: TAlger@perkinscoie.com

---

**From:** Alger, Timothy L. (Perkins Coie)
**Sent:** Friday, December 14, 2012 4:20 PM
**To:** Cris Armenta
**Subject:** Re: Garcia v. Google, Inc., et al

Hi Cris --

I'm just checking in with you about this again.  We clearly don't want to have to draft up a motion to dismiss unnecessarily.  I don't know how soon the court will act on your pending fees waiver motion, and in the meantime the deadline to file your appeal and for us to respond to the complaint is fast approaching.  I'd be happy with a stip for two additional weeks for our response to the complaint.  I will reciprocate this courtesy if you need additional time during the briefing in the Ninth Circuit.  Please let me know, and we'll get a stip together for filing on Monday.

Tim

---

**From:** Cris Armenta <cris@crisarmenta.com>
**Date:** Mon, 10 Dec 2012 11:22:51 -0800
**To:** TIMOTHY ALGER <talger@perkinscoie.com>
**Cc:** "Bali, Sunita (Perkins Coie)" <SBali@perkinscoie.com>, "Sol, Credence (credence.sol@sol-law.com)" <credence.sol@sol-law.com>, "Jason Armstrong (armstronglaw@me.com)" <armstronglaw@me.com>, "David Hardy (David.Hardy@DMCASolutions.com)" <David.Hardy@DMCASolutions.com>, Heather Rowland <heather@crisarmenta.com>
**Subject:** RE: Garcia v. Google, Inc., et al

We intend to file the appeal early.

---

**From:** Alger, Timothy L. (Perkins Coie) [mailto:TAlger@perkinscoie.com]
**Sent:** Friday, December 07, 2012 12:23 PM
**To:** Cris Armenta
**Cc:** Bali, Sunita (Perkins Coie); Sol, Credence (credence.sol@sol-law.com); Jason Armstrong (armstronglaw@me.com); David Hardy (David.Hardy@DMCASolutions.com); Heather Rowland
**Subject:** RE: Garcia v. Google, Inc., et al

Hi Cris --

Our response to the complaint and your notice of appeal are due on the same date. So we need to at least push out the date for our response a little (unless you file your notice of appeal soon, such as early next week).  Obviously neither of us want to bug Judge Fitzgerald about something that the parties can easily stipulate to resolve in a manner that doesn't prejudice anyone and avoids unnecessary attorneys' fees (which can be awarded to the prevailing party in a copyright case).  Since we agree that the proceedings in District Court will be stayed by an appeal from the PI, I propose we just submit a stip extending the Google/YT response time until after holidays and inform the judge in the stip that you are considering an appeal and the extension is to avoid unnecessary motion practice and for judicial economy.  I think, based on his past orders, the judge will appreciate this.  Let me know your thoughts.  Thanks.

Tim

---

**From:** Cris Armenta [mailto:cris@crisarmenta.com]
**Sent:** Friday, December 07, 2012 11:12 AM
**To:** Alger, Timothy L. (Perkins Coie)
**Cc:** Bali, Sunita (Perkins Coie); Sol, Credence (credence.sol@sol-law.com); Jason Armstrong (armstronglaw@me.com); David Hardy (David.Hardy@DMCASolutions.com); Heather Rowland
**Subject:** RE: Garcia v. Google, Inc., et al

Dear Tim:

Thank you for giving us your position on the motion to expedite.

We will have a team call soon to determine timing.  Since Cindy has been made indigent by this disaster, I am sure you saw that we filed a motion to waive fees.  That might determine timing.  The appeal does in fact stay the action. We will not, therefore, sign any stip to stay anything because it is unnecessary.

Thanks.

Criis

---

**From:** Alger, Timothy L. (Perkins Coie) [mailto:TAlger@perkinscoie.com]
**Sent:** Friday, December 07, 2012 10:48 AM
**To:** Cris Armenta
**Cc:** Bali, Sunita (Perkins Coie)
**Subject:** Garcia v. Google, Inc., et al

Hi Cris --

Thank you for letting us know.  Google and YouTube will oppose any motion to expedite the appeal pursuant to Circuit Rules 27-12 or 34-3.

Let me know, if you can, the timing of your notice of appeal.  It would seem that your notice would automatically stay the proceedings in District Court, at least as to Google and YouTube.  However, for certainty, perhaps we can stipulate to a further extension of time for the filing of a motion to dismiss, or staying the case in the trial court during the appeal.  I'm open to discussion about the language, and it might make sense for us to check with the clerk.  Sometimes trial judges don't like stips staying the case that are open-ended, such as "30 days after remand after appeal," and prefer a date certain that gets plugged into their calendar, such as a stay plus status conference 90 or 120 days out.

Best regards,

Tim

**Timothy L. Alger | Perkins Coie LLP**
**PARTNER**
3150 Porter Drive • Palo Alto, California  94304
Four Embarcadero Center, Suite 2400 • San Francisco, California  94111
PHONE: 650.838.4334 • MOBILE: 650.223.3791 • FAX: 650.838.4534
E-MAIL: TAlger@perkinscoie.com

-------- Original Message --------
Subject: Garcia v. Google, Inc., et al
From: Cris Armenta <cris@crisarmenta.com>
To: "Alger, Timothy L. (Perkins Coie)" <TAlger@perkinscoie.com>
CC: "Sol, Credence (credence.sol@sol-law.com)" <credence.sol@sol-law.com>,"David Hardy (David.Hardy@DMCASolutions.com)" <David.Hardy@DMCASolutions.com>,"Jason Armstrong (armstronglaw@me.com)" <armstronglaw@me.com>,Heather Rowland <heather@crisarmenta.com>

Dear Tim:

      I promised to get back to you on what Plaintiff intends to do, so I am.  Plaintiff will appeal Judge Fitzgerald's order to the 9th Circuit as soon as

possible.

      We need your position on a Motion to Expedite the Appeal under Circuit Rules 27-12 and 34-3.  We intend to propose an expedited briefing schedule and oral argument.

      Based on the declaration of Jim Blanco, we also urge you to consider the submission of the forged documents and Nakoula's untruthful declaration.

Cris

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# **PROOF OF SERVICE**

I, Linda Alcorn, declare,

I am employed in the City of San Francisco, County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action. My business address is Four Embarcadero Center, Suite 2400, San Francisco, California 94111. On the date signed below, I served the documents named below on the parties in this action as follows:

**DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF RESPONSE BY GOOGLE INC. AND YOUTUBE, LLC TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION**

Upon the parties named below as follows: (See attached service list.)

☒ **(BY MAIL)** I caused the above referenced document(s) to be placed in an envelope, with postage thereon fully prepaid, and placed in the United States mail at Los Angeles, California. I am readily familiar with the practice of the firm for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (FEDERAL) I declare under penalty of perjury under the laws of the United States of America the above it true and correct.

Executed on **July 11, 2013**, at Los Angeles, California.

                                            /s/ Linda Alcorn
                                                  Linda Alcorn

# SERVICE LIST

**Defendant**

Nakoula B. Nakoula aka Mark Basseley Youssef
Metropolitan Detention Center.
Inmate # 56329-112.
180 N. Los Angeles St.
Los Angeles, CA 90012.

LEGAL27232741.1

4