1  M. Cris Armenta (SBN 177403)
   THE ARMENTA LAW FIRM APC
2  11900 W. Olympic Boulevard, Suite 730
   Los Angeles, CA 90064
3  Tel: (310) 826-2826 x 108
   Facsimile: (310) 826-5456
4  Email: cris@crisarmenta.com

5  Credence E. Sol (SBN 219784)
   La Garenne
6  86300 Chauvigny
   France
7  Tel: 06 74 90 22 08
   Email: credence.sol@orange.fr
8
   Attorneys for Plaintiff
9  Cindy Lee Garcia

10                 UNITED STATES DISTRICT COURT

11             FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  CINDY LEE GARCIA, an              Case No. CV12-8315-MWF(VBKx)
    individual,
13                                    **NINETY-DAY STATUS UPDATE**
                 Plaintiff,
14
    vs.
15
    NAKOULA BASSELEY
16  NAKOULA, an individual also
    known as SAM BACILE, MARK
17  BASSELEY YOUSSEF,
    ABANOB BASSELEY
18  NAKOULA, MATTHEW
    NEKOLA, AHMED HAMDY,
19  AMAL NADA, DANIEL K.
    CARESMAN, KRITBAG
20  DIFRAT, SOBHI BUSHRA,
    ROBERT BACILY, NICOLA
21  BACILY, THOMAS J. TANAS,
    ERWIN SALAMEH, YOUSSEFF
22  M. BASSELEY, and/or MALID
    AHLAWI; GOOGLE, INC., a
23  Delaware Corporation;
    YOUTUBE, LLC, a California
24  limited liability company; and
    DOES 1 through 10, inclusive.
25
26               Defendants.
27
28

In response to the Court's previous orders, Plaintiff Cindy Garcia provides the following status update on this pending case:

1. The Ninth Circuit Court of Appeals issued its opinion in this case on February 26, 2014, reversing and remanding the Court's order of November 30, 2012, denying Plaintiff's Motion for Preliminary Injunction. The Ninth Circuit issued certain orders attendant to this decision and denied the requests of Google, Inc., and YouTube LLC ("Defendants") to stay those orders. On March 12, 2014, Google, Inc., filed a Petition for Rehearing on Banc, which has been fully briefed and is pending.

2. On February 26, 2014, this Court ordered the parties to submit an order in the form of a preliminary injunction, which was filed on March 14, 2014.

3. Google, Inc., has disparaged the Ninth Circuit's decision, and has associated as counsel of record the former acting Solicitor General of the United States, indicating that it intends to file a Petition for Writ of Certiorari to the Supreme Court of the United States should it not prevail at the Ninth Circuit. Accordingly, if Google files a Petition for Certiorari with the Supreme Court, that petition will not be fully briefed until 120 days after the Ninth Circuit's final decision. Given the pending Petition for Rehearing, there is currently no deadline for a final decision by the Ninth Circuit. Therefore, it may be more than a year before the case between Google and Ms. Garcia is resolved at the appellate level.

/
/
/
/
/
/
/
/

4. In light of the protracted nature of Google's appeals, Ms. Garcia respectfully requests that in the interests of justice, the stay of the case against the remaining defendants—i.e., Mark Youseff a.k.a. Nakoula Basseley Nakoula and the DOE defendants—be lifted. Ms. Garcia embarked on her quest to halt the further dissemination of the infringing video and to prosecute her tort claims sixteen (16) months ago. In this case, justice delayed is justice denied. Mr. Nakoula has previously represented to a federal judge, in open court, that is in poor health. He is not currently in custody and there is no reason that litigation should not proceed against him and the other parties responsible parties for exposing Ms. Garcia to serious and ongoing harm. Furthermore, because both Ms. Garcia and Mr. Nakoula, along with others associated with the video at the heart of this case, are currently under a religious order of execution (i.e., the *fatwa*), the possibility that witnesses may disappear or die is a very harsh but unavoidable reality. See <u>Clinton v. Jones</u>, 520 U.S. 681, 707-08 (1997) (holding that it was an abuse of discretion to impose lengthy deferral of trial of intense public interest because, *inter alia*, "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party"); <u>Boyle v. County of Kern</u>, No. 1:03-cv-05162-OWW-GSA, 2008 WL 220413 (E.D. Cal. Jan. 25, 2008), at 5 ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. The corollary to this power is the ability to lift a stay previously imposed.") (Citation omitted.). In this case, failure to lift the stay may result in the disappearance of witnesses and the fading of memories. See <u>Davis v.</u> Walker, 745 F.3d 1303, 2014 WL 1152820 (9th Cir. 2014) (reversing district court's stay order that "functionally operated as a dismissal with prejudice" that closed the courthouse doors on the grounds that, *inter alia*, plaintiff's case would be "substantially prejudiced through delay, as witnesses' memories fade and evidence becomes

stale"). Given the danger posed to all of the individuals involved in this case, further delay could have the unintended result of forever closing the courthouse door to Ms. Garcia. Furthermore, proceeding against Nakoula and the DOE Defendants will cause no hardship or inequity against any parties (and any hardship against Google can be avoided by staying the copyright claims against it until the company's appeals are resolved). Therefore, Ms. Garcia respectfully suggests that the Court revisit its previous *sua sponte* stay order and lift the stay as against parties other than Google, Inc. and YouTube LLC.

Dated: May 9, 2014                    THE ARMENTA LAW FIRM, A.P.C.

                                      By: _____
                                          M. Cris Armenta
                                          Attorneys for Plaintiff
                                          Cindy Lee Garcia

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 11900 Olympic Boulevard, Suite 730, Los Angeles, California 90064.

On May 9, 2014 I served the following document(s) described as:

**NINETY-DAY STATUS UPDATE**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**Timothy L. Alger**
**Perkins Coie LLP**
**3150 Porter Drive**
**Palo Alto, CA 94304-1212**

***BY MAIL:*** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

Executed on May 9, 2014 in Los Angeles, California.

Heather Rowland

PROOF OF SERVICE