JS-5
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**   CV-12-08315-MWF (VBKx)   **Date:**  May 15, 2014
**Title:**   Cindy Lee Garcia -v- Google Inc., et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER LIFTING STAY AS TO THE CLAIMS AGAINST DEFENDANT NAKOULA BASSELEY NAKOULA AND DOE DEFENDANTS [59, 71]

On May 9, 2014, Plaintiff Cindy Lee Garcia filed a Ninety-Day Status Update (the "Status Report") (Docket No. 71), as required by the Order issued on July 30, 2013 (Docket No. 56). In the Status Report, Garcia requests that the Court lift the stay against Defendant Nakoula Basseley Nakoula and the Doe Defendants. (Status Report at 2). The Court held a telephonic hearing on the request to lift the stay on **May 14, 2014**. For the reasons stated below, the Court lifts the stay as to Nakoula and the Doe Defendants.

A federal district court has broad discretion in deciding whether to issue a stay. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). In weighing whether to stay a case, the Court must balance the following "competing interests": (1) the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). The corollary to the power to stay an action is "the ability to lift a stay previously imposed." *Boyle v. County of Kern*, No. 1:03-cv-05162 OWW GSA, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008).

JS-5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-12-08315-MWF (VBKx)**            **Date:  May 15, 2014**
**Title:**     Cindy Lee Garcia -v- Google Inc., et al.

     On January 7, 2014, the Court stayed the claims against Nakoula and the Doe Defendants (the "January 7 Order").  (Docket No. 59 at 2).  The stay was issued, in part, because Garcia had not demonstrated how she would be prejudiced by a stay.  (Jan. 7 Order at 2).  The Court also found that it would disrupt the orderly course of justice to proceed with litigation, when the likelihood that supplemental jurisdiction existed over the state claims against Nakoula hinged in part on a pending appeal before the Ninth Circuit.  (Jan. 7 Order at 2-3).

     However, conditions have changed since the January 7 Order.  Garcia is now able to persuasively demonstrate how she would be prejudiced by the stay.  She argues that Nakoula is in poor health and the subject of a religious order of execution, and thus, there is some urgency to proceed against Nakoula.  (Status Report at 2).  Moreover, the Ninth Circuit has issued its ruling on the appeal finding that Garcia can likely prevail on her copyright claim, which in turn indicates that this Court likely has supplemental jurisdiction over the state claims in this action.  However, the appeal before the Ninth Circuit is not resolved.  There is a pending petition for rehearing before the Ninth Circuit, and Defendant Google, Inc., may pursue a petition for writ of certiorari to the Supreme Court.  (Status Report at1).  Therefore, if Garcia is forced to wait for the claims on appeal to return to this Court, her prosecution of Nakoula and the Doe Defendants may be prolonged for a significant amount of time.

     Accordingly, the Court lifts the stay against Nakoula and the Doe Defendants only.

     The Court still has not regained jurisdiction over the claims against Defendants Google, Inc. and YouTube, LLC.  However, Google, Inc., and YouTube, LLC, should be served notice of actions taken in the case against Nakoula and the Doe Defendants so that they can participate and protect their interests, as necessary.

     The Order (Docket No. 56) requiring 90-day status reports as to the appeal remains in effect.

     IT IS SO ORDERED.