Mark B. Youssef
6801 Western Ave.
Buena Park CA, 90621
(562)278-5918

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LEE GARCIA, an individual, | Case No. CV12-8315-MWF(VBKx) |
| Plaintiff, | Youssef Answer to |
| vs. | |
| NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE, MARK BASSELEY YOUSSEF, ABANOB BASSELEY NAKOULA, MATTHEW NEKOLA, AHMED HAMDY, AMAL NADA, DANIEL K. CARESMAN, KRITBAG DIFRAT, SOBHI BUSHRA, ROBERT BACILY, NICOLA BACILY, THOMAS J. TANAS, ERWIN SALAMEH, YOUSSEFF M. BASSELEY, and/or MALID AHLAWI; GOOGLE, INC., a Delaware Corporation; YOUTUBE, LLC, a California limited liability company, and DOES 1 through 10, inclusive, | FIRST AMENDED COMPLAINT |
| Defendants. | |

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT
MAY 2 0 2014
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Defendant Mark B. Youssef by and through his own knowledge and counsel, hereby affirms and alleges as follows:

## NATURE OF CASE

Paragraph 1 Line1-5- Deny. Defendant Nakoula Basseley Nakoula (a.k.a. Mark B. Youssef), did not upload a fourteen minute trailer to the internet. Paragraph 1 Line 7- Deny. On or about September 11, 2012, the film did not gain worldwide recognition after it was translated into Arabic and posted on Youtube.com. Paragraph1 Line 9- Deny. The defendant has no knowledge of any posting of the video on YouTube.

Paragraph 2 –Deny. The script of the movie was based upon extensive research of Islamic writings portraying the life of Mohammed. As to the violent murders that happened in Benghazi, Libya, there is strong evidence confirming that the video had nothing to do with that vicious attack.

Paragraph 3-Deny. It is agreed that there is violence taking place in many places of the world caused by Islamic terrorists. As previously stated, there is no evidence that the Film written by the Defendant has had any bearing on such violence. As to the statements made by Hillary Clinton and Barack Obama, they have no direct relationship to this case.

Paragraph 4 Deny. The Plaintiff is a NON-UNION actress, in both the English and Arabic version of the film, and she did say "your Mohammed is a child molester." These are words that came from her voice and were never changed. Plaintiff was aware of the sexual content because she did use the words "Your Mohammed is a child molester." In regards to the title of the Film, Plaintiff agreed in the contract along with all actors that participated in the movie that the Producer has the right to make any such changes without the Plaintiff's approval. Plaintiff played the role of a mother, wife, and mother-in-law which she also mentions during the movie. Yes, the Plaintiff did utter the words "Is Mohammed a child molester," which are attributed to Plaintiff's character. It is not obvious that the words heard on the Film are not consistent with the way in which Plaintiff's mouth moved unless a professional analysis is made to prove this point. The Plaintiff's opinion or feelings toward the terminology used in the script was never mentioned to the Defendant Mark Youssef. Mark Youssef has no knowledge what the Plaintiff does in her spare time. Any NON-UNION actress such as the Plaintiff knows that any movie they participate in represents the opinions or knowledge of the writers and Producers, not the actors.

Paragraph 5- Deny. Plaintiff received pages of the script from the Line Producer, not the Defendant. It is the Line Producers' job to hand out scripts to the actors. Mark Youssef never told her his name. The Plaintiff was on set briefly for two days that were at least three weeks apart for approximately two to three hours total time. She would not have had the knowledge of who was in charge of production.

1

Paragraph 6 –Deny. She signed as an independent contractor like all other actors in the production, releasing all rights to use of the scripted film.

Paragraph 7- Deny. The contract was not written by the Defendant, as this was not his job description. There was no misrepresentation, deception, or fraud committed by the Defendant.

Paragraph 8- Deny. The Plaintiff should be defending herself and not speaking for anyone else that is not in the case. There is no proof that the fourteen minute YouTube video had anything to do with and riots or violence anywhere. To the contrary, as previously stated, evidence confirms that there was no link between the YouTube video and any violence. Again, the Film does not depict the Plaintiff's point of view of the matter, this Film is based on facts the writer chose to write about. The Defendant claims he tried to explain the story of the Film to the Plaintiff, but she refused to listen and asked for her check. The Film has nothing to do with "anti-Islam" that is merely the Plaintiff's opinion on the film. She has not seen the movie and cannot base the entire two hours on the ninety second scene in which she acted.

Paragraph 9- Deny. the Plaintiff is merely stating her opinion of the movie, not what the Film is all about, and placing too much importance on her brief contribution. The Film should in no way be considered to be a hateful production, nor identified with hate speech; it is merely a person expressing his First Amendment Rights, whether the Plaintiff believes so or not is not the issue.

Paragraph 10- Deny. The Plaintiff did sign a contract as an Independent Contractor like every other actor that contributed to the movie. Neither the Plaintiff nor any of the other actors have any rights to any portion of the production.-

Paragraph11- Deny. The Defendant has no knowledge of the Plaintiff's efforts to secure copyright protection. However, as previously stated, the Plaintiff has no legal basis for obtaining such copyright.

Paragraph 12- Line 7-15 Deny. The Defendant has no knowledge of the Plaintiff's communications with YouTube. As said before, the Defendant had nothing to do with uploading or knowing YouTube rules. Paragraph 12 Line 15-19- Admit, the Defendant agrees with YouTube on their decision on not taking down the video because this would otherwise go against his First Amendment Rights.

Paragraph 13- Deny. The Defendant has no knowledge of the Plaintiffs communications with YouTube or Google. However, such posting by YouTube or Google are in no way an infringement of Plaintiffs' rights, but the forced removal of the video by YouTube and Google is an infringement of the First Amendment rights of the Defendant.

## General Allegation

**A. Jurisdiction and Venue**

2

Paragraph 14- Deny. As said before, the Plaintiff released all rights, including copyrights. When she signed the Independent Contract agreement, and is not entitled to any compensation for her supposed rights.

Paragraph 15- Lack of knowledge.

Paragraph 16- Lack of knowledge.

Paragraph 17- Lack of knowledge.

**B. Parties**

Paragraph 18- Lack of knowledge.

Paragraph 19- Deny. The Defendant is Mark B. Youssef, formerly known as Nakoula B. Nakoula, an individual who at all relevant times herein has been a resident of Orange County, California.

Paragraph 20- Lack of Knowledge.

Paragraph 21- Lack of Knowledge.

Paragraph 22- Lack of knowledge.

Paragraph 23- Deny. I Mark B. Youssef am the sole writer of the Film *Innocence of Muslims*. The Defendant has no liability to Plaintiff.

Paragraph 24- Deny. The Defendant is not liable for any supposed damages to the Plaintiff.

Paragraph 25- Deny.

## FACTUAL BACKGROUND

Paragraph 26- Lack of knowledge. The Defendant lacks knowledge of the Plaintiff's activities.

Paragraph 27 Line 14-16- Lack of knowledge. The Defendant is the writer of the script, not the Casting Director. Paragraph 27 Line 16-17- Deny. This Film is a historical Arabian Desert adventure film in which the Defendant tried to explain the content of the script but the Plaintiff refused to listen, and asked for her check.

Paragraph 28 Line 18-19-Admit. Paragraph 28 Line 20- 24- Deny. The second and last day the Plaintiff was on set she did say the name Mohammed. There was mention of religion and sexual content that the Plaintiff was well aware of and uttered from her own mouth, which can be established by a professional analyst. The Defendant is Mark B. Youssef, otherwise known as

3

Nakoula B. Nakoula, believes that the film is an adventure Film about Ancient Egypt. Plaintiff agreed to release her rights about the Film to the producer, writer, and director who have the right to change anything about the Film, which includes the title.

Paragraph 29- Deny. On July 2, 2012 the Defendant did not publish the video on YouTube. The Film being so called "vile" and "reprehensible" is the Plaintiff's opinion based on the two scenes in which she acted. The Plaintiff again continues to speak for others who have not come forward, and is giving her opinion on the matter. This lawsuit is an attack on the Defendant's First Amendment Rights, and has nothing to do with Plaintiffs' false claims of copyright ownership.

Paragraph 30- Deny. As already stated, the Defendant had no involvement in publishing the Film on YouTube. The horrible violence that happened in Benghazi, Libya regarding Ambassador Christopher Stevens and the Navy Seals had nothing to do with the Film, which has been confirmed by multiple sources. The Defendant is not privy to information about which countries have restricted the video.

Paragraph 31- Lack of Knowledge.

Paragraph 32- Lack of Knowledge

Paragraph 33- Lack of Knowledge.

Paragraph 34- Lack of Knowledge.

Paragraph 35-Deny.

Paragraph 36- Lack of Knowledge.

Paragraph 37- Lack of Knowledge.

Paragraph 38- Deny.

Paragraph 39-Deny.

## FIRST CAUSE OF ACTION

Direct Infringement of Copyright

Against All Defendants

Paragraph 40- Deny.

Paragraph 41- The Defendant does not know the Plaintiff's actions regarding copyright protection. However, in reference to her signed contract as an **Independent Contractor,** she like all other actors released her copyrights.

4

## THIRD CAUSE OF ACTION

Fraud

Paragraph 64- Deny.

Paragraph 65- Admit.

Paragraph 66- Deny.

Paragraph 67 –Deny. The script is well documented through the thorough research of the Defendant, who sought to make all representations accurate.

Paragraph 68- Deny.

Paragraph 69- Deny.

Paragraph 70- Deny.

## FOURTH CAUSE OF ACTION

### Unfair Business Practices Under Cal. Prof. Code 17200

Paragraph 71 –Deny.

Paragraph 72 – Deny.

Paragraph 73 – Deny.

Paragraph 74 – Deny.

Paragraph 75– Deny.

Paragraph 76 – Deny.

Paragraph 77 – Deny.

Paragraph 78 – Deny.

Paragraph 79 – Deny.

## FIFTH CAUSE OF ACTION

### Against Nakoula and DOES1-10

### Libel

Paragraph 80 – Deny.

## PRAYER

Defendant Youssef prays for Denial of Plaintiff's Prayer and judgment against the Plaintiff Garcia as Follows:

1. For a preliminary and permanent injunction enjoining Plaintiff Garcia from making such false, derogatory and libelous statements as those made to this Court, and answered by Defendant. Plaintiff should further be enjoined from making claims or representations of legal rights to copyrights through her performance as an Independent Contractor. When she signed the contract which has been previously submitted to this Court she acknowledged that she has no claims or rights to the script, production, or performance which she provided.
2. For all damages to which Defendant maybe entitled, at least equivalent to those amounts Plaintiff is seeking from Defendant.
3. For special damages arising from the loss of business and business opportunities through actions of the Plaintiff.
4. For restitution.
5. For exemplary and punitive damages.
6. For attorney fees and costs of suit incurred herein.
7. For such other and further relief as the court deems just and proper.

Dated May 20, 2012

By: _____

Defendant Mark B. Youssef