BASSELEY YOUSSEFF
O SE
.8 PARK STREET
RRITOS, CA  90703-1142
TEL:562-278-5918

4   MARK BASSELEY YOUSSEFF
    IN PRO SE

5



FILED
CLERK, U.S. DISTRICT COURT

JUL 1 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

*lodged proper of*

6

7                    **UNITED STATES DISTRICT COURT**

8            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9

10   CINDY LEE GARCIA, an individual,          Case No.:  CV12-8315-MWF(VBKx)

11                                              EX PARTE APPLICATION OR IN THE
                                                ALTERNATIVE REQUEST FOR
         PLAINITFF,                             SHORTENING OF TIME RE
12                                              APPLICATION TO SETTING ASIDE A
     vs.                                        SUBPOENA TO MINA S. IMIEL;
13                                              MEMORANDUM OF POINTS AND
     NAKOULA BASSELEY NAKOULA,                  AUTHORITES; DECLARATION OF
14   an individual also known as SAM            MARK BASSELEY YOUSSEFF
     BACILE, MARK BASSELEY                      AND PROPOSED ORDER
15   YOUSSEFF, ABANOB BASSELEY
     NAKOULA, MATTHEW NEKOLA,                   **[HEARING DATE TO BE
16   AHMED HAMDY, AMAL NADA,                    DETERMINED, IF
     DANIEL K. CARESMAN, KRITBAG                NECESSARY]**
17   DIFRAT, SOBHI BUSHRA, ROBERT
     BACILY, NICOLA BACILY,                     **Date:**
18   THOMAS J.TANAS, ERWIN                      **Time:**
     SALAMEN, YOUSSEFF M.                       **Courtroom: 1600**
19   BASSELEY, and/or MALID AHLAWI;
     GOOGLE, INC., a Deleware
20   Corporation; YOUTUBE, LLC, a
     California limited liability company, and
21   DOES 1 through 10, inclusive

22

23   DEFENDANTS

24

25

26

27

28

1
2
3
4
5

     TO THE COURT AND ALL INTERESTED PARTIES AND THEIR

ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, on July 15, 2014, at 8:30 AM or

soonthereafter as the mater may be heard, in UNITED STATES DISTRICT

COURT CENTRAL DISTRICT OF CALIFORNIA,  Edward R. Roybal Federal

Building and United States Courthouse, 255 East Temple Street Los Angeles, CA 90012-

3332, Department 1600 of this court and will  seek a stay of the subpoena issued to

Bank of America, pending a motion to quash the subpoena at an appropriate

hearing.

     The application will be based on this ex parte application or in the

alternative this notice of motion, on the declaration of  interested parties, and the

memorandum of points and authorities served and filed herewith, on the attached

exhibits hereto, on the records and file herein, and on such evidence as may be

presented at the hearing on the motion.

Date: 7-14-14

By: _____

    MARK BASSELEY YOUSSEFF
    DEFENDANT IN PRO SE

## BASIS FOR THIS APPLICATION

1.      The NOTICE OF LEGAL PROCESS from Bank Of America notification does not disclose the reason for the requested records.

2.      Mina S.  Imiel is the named party in the legal notice for a subpoena but is not a party to this lawsuit nor was he listed or even mentioned by either party in the Rule 26(f) Report Submitted by Plaintiff and Defendant.

3.      The purpose of this subpoena was issued as part of a campaign of harassment by this plaintiff and is simply vague, overbroad and burdensome.

4.      Bank of America indicates that  they will have to honor the subpoena unless a court order is received before July 15, 2014.

MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF EX PARTE APPLICATION OR IN THE ALTERNATIVE REQUEST FOR SHORTENING OF TIME RE APPLICATION TO SETTING ASIDE A SUBPOENA TO MINA S. IMIEL

I.   A COURT WILL ONLY GRANT EX PARTE RELIEF FOR GOOD CAUSE. THE PARTY SEEKING RELIEF MUST DEMONSTRATE IRREPARABLE HARM, IMMEDIATE DANGER, OR SOME OTHER STATUTORY BASIS FOR GRANTING RELIEF

As set forth in *In re Intermagnetics America, Inc.,* 101 B.R. 191 (C.D.Cal.1989) the purpose of the first part of the ex parte motion papers is to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. In other words, it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment.

This decision set that that what showing is necessary to justify ex parte   relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte  relief, or that the crisis occurred as a result of excusable neglect.

As established in this case to show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial. A sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm. *United States v. Nutri-Cology, Inc.,* 982 F.2d 394, 397 (9th Cir.1992) [To

1  obtain a preliminary injunction, "the moving party must show either (1) a

2  combination of probable success on the merits and the possibility of irreparable

3  injury or (2) that serious questions are raised and the balance of hardships tips in its

4  favor."]; *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.,* 762 F.2d 1374, 1376

5  (9th Cir.1985) ["These two formulations represent two points on a sliding scale in

6  which the required degree of irreparable harm increases as the probability of

7  success decreases."]

8

9                                    [DISCUSSION]

10  In this instance the subpoena was issued on July 3, 2014 for apparently bank

11  records for Mina S. Imiel, a friend of Defendant MARK BASSELEY

12  YOUSSEFF.

13         Immediate   relief is warranted in this action because Plaintiff is now trying

14  to subject family members on an oppressive, burdensome, and fishing expedition

15  apparently for bank records.

16         According to the Notice Of Legal Process compliance is required by July 15,

17  2014 unless a court order is received.   (SEE EXHIBIT A- NOTICE OF LEGAL

18  PROCESS- BANK OF AMERICA DATED JULY 3, 2014, A TRUE AND

19  CORRECT COPY IS PROVIDED HEREIN AND INCORPORATED BY

20  REFERENCE)

21         Therefore this matter is before the  Court not only because of its urgent

22  compliance date of performance but also because as the letter indicates "no reason

23  for the request of one's records.  No effort is made to disclose the nature of what

24  information is being sought and what is the appropriate and relevant time period.

25  To allow one to be subject to an unlimited fishing expedition is unfair and a due

26  process violation.

27         It would subject her to the irreparable harm of public humiliation and loss of

28  reputation in the community  as now private information could make its way into

1   the public forum.  This party has never been named as even a witness in the

2   Rule 26(f) report.  (SEE EXHIBIT B-RULE 26(F) REPORT SUBMITTED BY

3   PLAINTIFF AND DEFENDANT MARK BASSELEY YOUSSEFF, A TRUE

4   AND CORRECT IS PROVIDED HEREIN AND INCORPORATED BY

5   REFERENCE).

6

7   III.   IN EVENT THE COURT DEEMS THAT IT IS MORE APPROPRIATE
        TO HAVE A SHORTENING OF TIME IN WHICH PARTIES MAY
8       ARGUE THERE RESPECTIVE POSITIONS AN ORDER SHORTENING
        TIME FOR SUCH ARGUMENT IS APPROPRIATE
9

10      Not withstanding the minimum time limitations, the court, on its own

11  motion or on application for an order shortening time supported by a declaration

12  showing good cause, may prescribe shorter times for the filing and services of

13  papers than the times specified in Plaintiffs hereby move ex parte, pursuant to

14  Federal Rule of Civil Procedure 6(c)(1)(C), and the Court's inherent power to

15  manage its docket, for an order shortening the time for responses.

16      In this instance the compliance date is July 15, 2014.   As of the date of this

17  hearing there may be insufficient for which counsel may provide a written

18  response in which case the Court may seek an order shortening time on this matter.

19

20  IV.   THERE ARE TWO MAIN GROUNDS UPON WHICH AN
        APPLICATION TO SET ASIDE IS COMMONLY BASED. THE FIRST IS
21      WHEN A SUBPOENA IS OPPRESSIVE AND THE SECOND IS WHEN
        THE SUBPOENA CONSTITUTES A "FISHING" EXPEDITION BY THE
22      ISSUING PARTY. THE CONSIDERATIONS THAT MAY APPLY TO
        EACH OF THESE GROUNDS ARE NOT NECESSARILY MUTUALLY
23      EXCLUSIVE AND, INDEED, IT IS NOT UNCOMMON FOR BOTH
24      GROUNDS TO BE INCLUDED IN AN APPLICATION TO SET ASIDE
        A SUBPOENA.
25
26      "[T]he authorities do not disclose a single settled approach to the question of
27  when it is definitively appropriate to set aside a subpoena" (*Mandic v*
28  *Phillis* (2005) 88 ALD676, [38] per Conti J).

A.   **CLAIMS OF OPPRESSIVENESS GENERALLY ARISE WHETHER THE BREADTH OF DOCUMENTS REQUESTED IN THE SUBPOENA IS SO BROAD SO AS TO SERIOUSLY AND UNFAIRLY BURDEN OR PREJUDICE THE RECIPIENT.**

Whether a subpoena imposes an undue burden upon a witness is a case-specific inquiry that turns on such factors as relevance, need of party for documents, breadth of document request, time period covered by request, particularity with which documents are described, and burden imposed. *See American Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999); *National Labor Relations Board v. Bakersfield Californian*, 128 F.3d 1339, 1343 (9th Cir. 1997) (holding that the NLRB had authority to issue the subpoena because procedural requirements were followed, the subpoenaed evidence was relevant and material to the investigation, and the defendant did not show that the subpoena was unreasonable because it was overbroad or unduly burdensome).

A claim that a subpoena is oppressive is generally made by the recipient of the subpoena and, most relevantly, requires consideration of the effect that compliance with the subpoena would have on the recipient. Claims of oppressiveness generally arise whether the breadth of documents requested in the subpoena is so broad so as to seriously and unfairly burden or prejudice the recipient. It could also arise if the description of the documents is so ambiguous as to require the recipient the recipient to form a judgment about what documents would fall within the scope if the subpoena. In the later case, it could be prudent to clarify with the issuing party what exactly is sought prior to making any application to set aside the subpoena on the ground that it is oppressive.

In determining an application to set aside a subpoena based on oppressiveness, a court would generally seek to balance the burden that is imposed on the recipient in producing the requested documents (eg. the time and cost involved in complying with the subpoena) with the public interest that all material

relevant to the issues in a case be made available to the parties. In some cases, a court may consider it appropriate to set aside part of a subpoena to remove the oppressive effect that compliance with the whole of the subpoena may have on the recipient.

## [DISCUSSSION]

In this instance the inquiry into the friend of Defendant who has never been the subject of any inquiry of this lawsuit since its inception nearly two years ago, is a unfair and unreasonable burden and therefore should be quashed.

B.    "FISHING"- IN THIS CONTEXT, THE MAIN QUESTION THAT GENERALLY ARISES IS WHETHER THE REQUESTED DOCUMENTS HAVE ANY RELEVANCE TO THE PLEADINGS IN A PROCEEDING

A claim that a subpoena to produce amounts to a "fishing" expedition is found in the analogous imagery of a fisherman who casts his fishing line into the wide-open sea in the hope of catching fish, ie. something that is relevant. Again, the breadth of the subpoena will be a relevant consideration. In this context, the main question that generally arises is whether the requested documents have any relevance to the pleadings in a proceeding (noting that leave to issue subpoenas is generally only given after the pleadings are closed, and discovery has taken place). In some cases, a party may use a subpoena for an illegitimate forensic purpose, eg. as a substitute for discovery or application for further discovery, and/or for the purpose of discovering if the issuing party has a case at all (cf. seeking evidence which is directly relevant to the case). Determining whether a subpoena has been issued for an illegitimate forensic purpose may involve an analysis of the motive of the issuing party. The issuing party may find itself in a position of having to justify the breadth of the documents requested and explain their relevance to the pleadings during a hearing of an application to set aside.

The issuance of a subpoena even under standards espoused by Rule 17(c) is proper only where the moving party can show the following:

(1) that the documents are evidentiary and relevant;

(2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay trial; and (4)

that the application is made in good faith and is not intended as a general "fishing expedition."  United States v. Nixon, 418 U.S. 683, 699 (1974).

The Supreme Court has noted, however, that "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." Id. at 701. Additionally, the "mere hope" of discovering favorable evidence is insufficient to support issuance of a subpoena duces tecum. United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996).

[DISCUSSSION]

Because the defendant cannot justify his request with any specificity as to the contents of this request this is simply a fishing expedition and therefore the subpoena must be crushed.

Date: 7-14-14

By: _____
MARK BASSELEY YOUSSEFF
DEFENDANT PRO SE

---

EX PARTE APPLICATION OR IN THE ALTERNATIVE REQUEST
FOR SHORTENING OF TIME RE APPLICATION TO SETTING
ASIDE A SUBPOENA TO MINA IMIEL

# EXHIBIT A- NOTICE OF LEGAL PROCESS-BANK OF AMERICA DATED JULY 3, 2014



Bank of America
DE5-024-02-08
P.O. Box 15047
Wilmington, DE 19850

July 03, 2014

Mina S Imiel
12608 Park St
Cerritos, CA 90703-1142

Regarding reference number: D070114000366
Case: Mina Imiel
Customer Name: Mina Imiel

## RE: NOTICE OF LEGAL PROCESS

We've received a subpoena, summons, or both, pertaining to the above referenced case. We're obligated to comply and produce the requested records and information. Unless we receive a court order ordering us not to do so, we will be producing the documents on July 11, 2014. If you wish to contest this request, you should consult with an attorney as soon as possible.

Please be advised that the party that issued the request does not disclose the reason for the request of your records. If you need further information, please contact the party that issued the request. Any questions or concerns you may have regarding this Subpoena, summons, or both, should be addressed directly with the requestor. We have listed the contact information below:

Attorney M. Cris Armenta
M. Cris Armenta
11900 W Olympic Blvd Suite 730
Los Angeles, CA 90064 310-826-2826 Ext: 108

If you have any questions, please call us at 213-580-0702. We are available Monday through Friday 9 a.m. to 5 p.m. Local. If you need to forward any correspondence to us regarding this case, please mail it to the address listed above. When contacting us regarding this notice, please use the reference number listed above.

Legal Order Processing

♻ Recycled Pape

# EXHIBIT B-RULE 26(F) REPORT SUBMITTED BY PLAINTIFF AND DEFENDANT MARK YOUSSEF AKA NAKOULA

1   M. Cris Armenta (SBN 177403)
    THE ARMENTA LAW FIRM APC
2   11900 W. Olympic Boulevard, Suite 730
    Los Angeles, CA 90064
3   Tel: (310) 826-2826 x 108
    Facsimile: (310) 826-5456
4   Email: cris@crisarmenta.com

5   Credence E. Sol (SBN 219784)
    La Garenne
6   86300 Chauvigny
    France
7   Tel: 06 74 90 22 08
    Email: komenick@gmail.com

8
    Attorneys for Plaintiff
9   Cindy Lee Garcia

10              **UNITED STATES DISTRICT COURT**

11          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12   CINDY LEE GARCIA, an              Case No. CV12-8315-MWF(VBKx)
     individual,
13                                     **RULE 26(f) REPORT**
                Plaintiff,
14                                     **SUBMITTED BY PLAINTIFF**
     vs.
15                                     **AND DEFENDANT MARK**
     NAKOULA BASSELEY
16   NAKOULA, an individual also       **YOUSSEF AKA NAKOULA**
     known as SAM BACILE, MARK
17   BASSELEY YOUSSEF,
     ABANOB BASSELEY
18   NAKOULA, MATTHEW
     NEKOLA, AHMED HAMDY,
19   AMAL NADA, DANIEL K.
     CARESMAN, KRITBAG
20   DIFRAT, SOBHI BUSHRA,
     ROBERT BACILY, NICOLA
21   BACILY, THOMAS J. TANAS,
     ERWIN SALAMEH, YOUSSEFF
22   M. BASSELEY, and/or MALID
     AHLAWI; GOOGLE, INC., a
23   Delaware Corporation;
     YOUTUBE, LLC, a California
24   limited liability company, and
     DOES 1 through 10, inclusive.
25
26                Defendants.
27
28

Counsel for Plaintiff Cindy Lee Garcia and Defendant Mark Youssef aka Nakoula Basseley Nakoula ("Nakoula"), in pro per, submit this report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.   Counsel for Plaintiff met personally with Mr. Youssef on [need date].  Counsel for Plaintiff provided Nakoula with a copy of Rule 26 and explained the parties' obligations to conduct a conference and exchange information and documents without discovery requests. Despite several requests for cooperation, Nakoula did not further participate in the Rule 26 process.  Nakoula answererd the First Amended Complaint on May 22, 2014.

a.   <u>Statement of the Case:</u>

This action involves a dispute over the use of Plaintiff's acting work in a film trailer entitled "Innocence of Muslims."  One of the central issues in this case is whether Defendant violated Plaintiff's copyright interests when he published the film trailed to YouTube.  YouTube LLC and Google, Inc., are defendants but only as to the copyright claim for secondary infringement.  That part of the case is pending before the Ninth Circuit Court of Appeals, following the denial by this Court of the Plaintiff's Motion for a Preliminary Injunction.  The other issues in the case center on allegations that Nakoula tricked and deceived Plaintiff when obtaining her performance for a benign desert adventure film, which was later dubbed over and religiously insidious words were inserted into parts of her performance.

In his Answer, Nakoula claims that he solely wrote the script and that it is an accurate depiction of Mohammed, but that he did not upload it to YouTube and has no knowledge of its dissemination, nor is he liable for copyright infringement. Nakoula claims that all the actors, including Garcia, signed releases for their performances.

b.   Subject matter jurisdiction:

The Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).  The federal questions include copyright claims.  Further, this court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1376(a).

c.   Legal issues:

The key legal issue for both parties is determination of copyright ownership in Plaintiff's acting performance, and the issues surrounding the manner in which Nakoula obtained and altered Plaintiff's performance.

d.   Parties, evidence, etc.:

The parties in this case are Plaintiff, Defendant Nakoula and Defendants Google, Inc., and YouTube LLC as well as unidentified defendants who participate in the film trailer or who promoted the film.

The parties have preliminarily identified the following witnesses:

1.   Mark Youssef a.k.a. Nakoula Basselley Nakoula, Sam Bacile

2.   Abanob Nakoula

3.   Cindy Lee Garcia

4.   The Person Most Knowledgeable for Media for Christ, Inc., or Joseph Nasrallah

4.   The producing team, the crew, and the cast members of the film "Desert Warrior," who include: Michael McIntyre, Tim Dax, Alan Roberts, Steve Goldberg, Stephen Phenow, Jeff Robinson.

5.   Steve Klein, the Way TV

6.   Rene Veluzat, Blue Cloud Ranch

6.   Morris Sadek, National American Coptic Assembly

7.   Persons who have issued threats against Plaintiff and other persons involved in the film trailer, including Hassan Nasrallah

8.    Law enforcement officials and related agents (i.e. FBI, Department of Homeland Security), who investigated leads or threats related to the film and its participants.

9.    Persons who improperly tied the film trailer to the tragic events in Benghazi, including President Barack Obama, former Secretary of State Hilary Clinton, and U.N. Ambassador Susan Rice, and persons who were aware that the film trailer had no bearing on the attacks including former General Carter Ham, Greg Hicks, and Eric Nordstrom.

The parties have preliminarily identified the following documents to be exchanged:

1.    All scripts and versions, outlines or notes related to "Desert Warrior."

2.    All scripts and versions, outlines or notes related to "Innocence of Muslims."

3.    All footage, raw footage, outtakes, and video related to either "Desert Warrior" or "Innocence of Muslims" or any versions of either;

4.    All documents generated in the creation of either film, including: (a) checks for services (i.e. to actors, crew, locations, permits, supplies, etc.); (b) bank statements for accounts supporting the production; (c) documents evidencing income received or sources of funds for the production; (c) emails between all witnesses pertaining to the production; (d) news reports, both in documentary and video form.

5.    All documents evidencing threats received by the persons involved in the film, including on the life and safety of Cindy Lee Garcia.

The parties have agreed to exchange these documents and things no later than:_____

6.    The transcripts of Mr. Nakoula's prior criminal conviction along with the Judgment and Commitment and Conditions of Probation.

7.    Any computers, disks or electronically stored information concerning the production or its distribution.

e.    <u>Damages:</u>

The parties are unable to provide a range of provable damages at this time, but expect to be able to do so following relevant discovery and further investigation.

f.    <u>Insurance:</u>

There is no insurance involved in this matter, or that the Plaintiff ha discovered to date.

g.    <u>Motions:</u>

The parties do not anticipate any motions.

h.    <u>Manual For Complex Litigation:</u>

This matter is not complex.

i.    <u>Status of Discovery:</u>

Now that the parties have conducted the early meeting of counsel, and the stay has been lifted, Plaintiff has begun discovery

j.    <u>Discovery Plan:</u>

Both parties anticipate exchange of an initial round of written discovery expected to be completed by January 2015, and which will include interrogatories, requests for admissions, and requests for production of documents.  Plaintiff intend to begin depositions in the summer of 2014.

k.    <u>Discovery cut-off:</u>

Plaintiff suggests a discovery cut-off of January 31, 2015.

l.    <u>Expert Discovery:</u>

The parties wish to conduct expert discovery pursuant to Rule 26(a)(2).

m.    Dispositive motions:

The parties do not anticipate the filing of any dispositive motions.

n.    Settlement:

The parties have explored the possibility of settlement and reached no agreement. The parties have agreed to Settlement Procedure No. 2, pursuant to Local Rule 16-14.4.

o.    Trial estimate:

The parties anticipate a 10-day jury trial.

p.    Trial counsel:

M. Cris Armenta will try this case on behalf of the Plaintiff.  Nakoula is currently in pro per.

q.    Independent expert:

This matter will require independent experts, including a handwriting expert, an expert on counterterrorism and Islamic law, and the effects or quantification of the damage or harm caused to Garcia.

r.    Timetable:

Subject to the Court's direction, the parties have agreed to the following schedule of pretrial and trial dates.

| Event | Deadline |
|---|---|
| Trial | July 1, 2015 |
| Pretrial Conference, LR 16 | June 15, 2015 |
| Lodge Pretrial Conference documents | June 1, 2015 |
| File Memo of Contentions of Law & Fact, Exhibit & Witness List, Final status re settlement and file Motions in limine | May 15, 2015 |

JOINT RULE 26(f) REPO

CASE NUMBER CV-12-9215 MWF (VBK

| Event | Deadline |
|---|---|
| LR 16-2 Meeting of Counsel | April 15, 2015 |
| Last Date to conduct Settlement, LR 16-14 | March 31, 2015 |
| Motion Cut Off | March 31, 2015 |
| Discovery Cut Off | January 31, 2015 |

The parties have elected to conduct expert discovery pursuant to the deadlin
stated on LR 26(a)(2).

s.    Other issues:

There are no other issues that would affect the status or management of this
case.

t.    Magistrate Judges:

The parties respectfully decline to have a magistrate preside over this matter

Respectfully Submitted,

Dated: May __, 2014                    THE ARMENTA LAW FIRM, A.P.C.


By: _____
              M. Cris Armenta
           Attorneys for Plaintiff
             Cindy Lee Garcia

Dated: May __, 2014


By: _____
               Mark Youssef
                In Pro Per

JOINT RULE 26(f) REP

DECLARATION OF NAKOULA BASSELEY NAKOULA IN SUPPORT OF EX PARTE APPLICATION TO SETTING ASIDE A SUBPOENA TO THORIYA NAKOULA

I, NAKOULA BASSELEY NAKOULA, declares as follows:

1.    I am representing myself in pro per in this matter.

2.    As to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify, I would competently testify thereto.

3.    This First Amended Complaint was filed on October 4, 2012. THORIYA NAKOULA was never included as a party to the lawsuit.

4.    I now object to having my daughter THORIYA NAKOULA have her bank records subpoenaed as no basis has been established necessitating her participation in this litigation.

5.    My daughter THORIYA NAKOULA  is not even mentioned on the Rule 26(f) report.

6.    The request is oppressive because it mentions no reason for the subpoena which is unfair and burdens the rights of Thoriya Nakoula.

7.  The request provided no indication of the  relevance of the request or an expression of the need of party for documents, nor was the breadth of document request, time period covered by request, particularity with which documents are described ever expressed.  Therefore to respond without articulation of these items creates a burden against Thoriya Nakoula and myself.

8.    In this instance the inquiry into the daughter of Defendant who has never been the subject of any inquiry of this lawsuit since its inception nearly two years ago, is a unfair and unreasonable burden and therefore should be quashed.

9.    This subpoena appears to be a "fishing" expedition.

10.    It appears this party may use a subpoena for an illegitimate forensic purpose, eg. as a substitute for discovery or application for further discovery, and/or for the purpose of discovering if the issuing party has a case at all.

11.     The issuance of a subpoena is proper only where the moving party can show the following:

(1) that the documents are evidentiary and relevant;

 (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay trial; and

(4)  that the application is made in good faith and is not intended as a general "fishing expedition."

12.     The defendant cannot justify this request with any specificity as to the contents of this request as this is simply a fishing expedition and therefore the subpoena must be withdrawn as there is no reason why records for a non-party at this stage should be subpoenaed.

Date: _7 – 14 – 14_

By: _____
NAKOULA BASSELEY NAKOULA
DECLARANT

**DECLARATION OF THORIYA NAKOULA IN SUPPORT OF REQUISITE NOTICE OF THE HEARING ON THIS EX PARTE APPLICATION**

I, Thoriya Nakoula, declares as follows:

1.    I am not an interested party in this case.

2.    As to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify, I would competently testify thereto.

3.    I called the office of the  THE ARMENTA LAW FIRM APC 19000 W. Olympic Blvd. Suite 730, Los Angeles,  CA  90064 at 9:00 am on Monday, July 14, 2014 to give notice of this ex parte hearing.

4.    I indicated that the purpose and caption of my moving papers was for an EX PARTE APPLICATION OR IN THE ALTERNATIVE REQUEST FOR SHORTENING OF TIME RE APPLICATION TO SETTING ASIDE A SUBPOENA TO THORIYA NAKOULA; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF NAKOULA BASSELEY NAKOULA AND PROPOSED ORDER

5.    I have not applied to this court for any other ex parte application  matter.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct,

Executed in Los Angeles, California on 7-14-14

_____
(NAME)
Declarant

# DECLARATION OF THORIYA NAKOULA RE STATEMENT OF OPPOSING COUNSEL'S POSITION

I, Thoriya Nakoula, declares as follows:

1.      I am not an interested party in this case.

2.      As to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify, I would competently testify thereto.

3.      I called the office of the THE ARMENTA LAW FIRM APC 19000 W. Olympic Blvd. Suite 730, Los Angeles, CA 90064 at 9:00 am to give notice of this ex parte hearing.

4.      I indicated that the purpose and caption of the moving papers was for an EX PARTE APPLICATION OR IN THE ALTERNATIVE REQUEST FOR SHORTENING OF TIME RE APPLICATION TO SETTING ASIDE A SUBPOENA TO THORIYA NAKOULA; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF NAKOULA BASSELEY NAKOULA AND PROPOSED ORDER

5.      The position of opposing counsel is as follows: A member of this firm will

(X)     He/She will file an opposition to oppose this application.

( )     He/She will not file an opposition to oppose this application.

6.      In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving party shall serve the opposing party by e-mail, facsimile transmission or personal service and shall notify the opposing party that opposition papers must be filed no later than 24 hours (or one court day) following such service.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct,

Executed in Los Angeles, California on 7-14-14

_Thoriya N._
Declarant

1

## CERTIFICATE OF SERVICE

2

3   I hereby certify that a copy of EX PARTE APPLICATION OR IN THE
    ALTERNATIVE REQUEST FOR SHORTENING OF TIME RE APPLICATION
4   TO SETTING ASIDE A SUBPOENA TO THORIYA NAKOULA;
    MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF
5   NAKOULA BASSELEY NAKOULA AND PROPOSED ORDER

6   was mailed first class, postage paid, this 17 day of July, 2014 to:

7

8   M. Cris Armenta, Attorney at Law, Counsel for Plaintiff Cindy Lee Garcia
9   THE ARMENTA LAW FIRM APC
    19000 W. Olympic Blvd. Suite 730
10  Los Angeles, CA 90064

11

12  Bank of America Corporation
    Fourth Street
13  333 S. Hope Ste. 100
14  Los Angeles, CA, 90071

15

16

17                          By: _Thoriya N-_____

18

19

20

21

22

23

24

25

26

27

28