M. Cris Armenta (SBN 177403)
THE ARMENTA LAW FIRM APC
11900 W. Olympic Boulevard, Suite 730
Los Angeles, CA 90064
Tel: (310) 826-2826 x 108
Facsimile: (310) 826-5456
Email: cris@crisarmenta.com

Credence E. Sol (SBN 219784)
c/o THE ARMENTA LAW FIRM APC
11900 W. Olympic Boulevard, Suite 730
Los Angeles, CA 90064
Telephone: 06 74 90 22 08
credence.sol@orange.fr
Attorneys for Plaintiff
Cindy Lee Garcia

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LEE GARCIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE, MARK BASSELEY YOUSSEF, ABANOB BASSELEY NAKOULA, MATTHEW NEKOLA, AHMED HAMDY, AMAL NADA, DANIEL K. CARESMAN, KRITBAG DIFRAT, SOBHI BUSHRA, ROBERT BACILY, NICOLA BACILY, THOMAS J. TANAS, ERWIN SALAMEH, YOUSSEFF M. BASSELEY, and/or MALID AHLAWI; GOOGLE, INC., a Delaware Corporation; YOUTUBE, LLC, a California limited liability company, and ALAN ROBERTS, an individual also known as ROBERT BROWNELL, DOES 2 through 10, inclusive.<br><br>Defendants. | Case No. CV12-8315-MWF(VBKx)<br><br>**PLANTIFF'S CLARIFICATION RE OPPOSITION TO EX PARTE APPLICATIONS OF MARK BASSELEY YOUSSEF TO SET ASIDE SUBPOENAS TO THORIYA NAKOULA AND MINA IMIEL, OR IN THE ALTERNATIVE FOR SHORTENING OF TIME** |

Plaintiff Cindy Lee Garcia hereby responds to the order of the Honorable Magistrate Judge Victor B. Kenton, issued on July 23, 2014, as follows:

1. After the Ex Parte was filed, Plaintiff filed an Opposition document.

2. On July 16, 2014, United States District Judge Michael W. Fitzgerand denied the subject ex parte. Attached as Exhibit A is a copy of the Court's order. Hence, the Ex Parte has already been ruled upon and is moot.

3. The Ex Parte is further partially mooted because Bank of America already provided the bank records pertaining to Thoriya Nakoula, which revealed significant and material information concerning the financing of the film trailer "Innocence of Muslims." Plaintiff has yet to receive records pertaining to Mina Imiel. However, all the bank records so far produced in this litigation show that Mr. Imiel and Ms. Nakoula significantly contributed financially to the project and the records received so far reveal some information about the source of those funds.

4. Judge Fitzgerald set a status conference for Friday, July 25, 2014, which has subsequently been re-set for Tuesday, August 29, 2014 at 1:30 p.m. at the request of counsel. It is anticipated that the Court will ask the parties to report on the status of discovery; future discovery matters have been referred to Magistrate Judge Kenton.

Dated: July 24, 2014                THE ARMENTA LAW FIRM, A.P.C.


                                    By:  /s/electronically
                                         M. Cris Armenta
                                         Attorneys for Plaintiff
                                         Cindy Lee Garcia

cc. Judge Kenton

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV-12-08315-MWF (VBKx) | **Date:** July 16, 2014 |
| **Title:** | Cindy Lee Garcia -v- Google, Inc., et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                           Court Reporter:
Rita Sanchez                            Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
None Present                            None Present

**Proceedings (In Chambers):** ORDER DENYING DEFENDANT MARK BASSELEY YOUSSEFF'S EX PARTE APPLICATIONS TO SHORTEN TIME OR QUASH SUBPOENAS [90, 91]; REFERRING ALL FUTURE DISCOVERY MATTERS TO THE MAGISTRATE JUDGE; AND SETTING A STATUS CONFERENCE

**Ex Parte Applications**

On July 14, 2014, Defendant Mark Basseley Yousseff filed: (1) an Ex Parte Application or in the Alternative Request for Shortening of Time Re Application to Setting Aside a Subpoena to Thoriya Nakoula (the "Thoriya Application") (Docket No. 90); and (2) an Ex Parte Application or in the Alternative Request for Shortening of Time Re Application to Setting Aside a Subpoena to Mina S. Imiel (the "Imiel Application") (Docket No. 91). The applications will be referred to collectively as the "Applications." On July 15, 2014, Plaintiff Cindy Lee Garcia filed an Opposition to Ex Parte Applications of Mark Basseley Youssef to Set Aside Subpoenas to Thoriya Nakoula and Mina Imiel, or in the Alternative for Shortening of Time (the "Opposition"). (Docket No. 92). For the reasons stated below, the Court **DENIES** both Applications.

In the Applications, Mr. Yousseff seeks to quash two subpoenas that were issued to a third-party financial institution, Bank of America, for records related to two

---

**CIVIL MINUTES—GENERAL**                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-12-08315-MWF (VBKx)              Date:  July 16, 2014
Title:     Cindy Lee Garcia -v- Google, Inc., et al.

individuals who are third parties to this action: Thoriya Nakoula and Mina Imiel. Garcia submitted copies of those subpoenas.  (Opp., Exs. A, B).

However, Mr. Yousseff has not demonstrated standing to bring a motion to quash the subpoenas.  "'Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.'"  *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010) (quoting 9A Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 2459 (3d ed. 2010)); *see also Fenstermacher v. Moreno*, 1:08-CV-01447-SKO, 2010 WL 5071042, at *2 (E.D. Cal. Dec. 7, 2010) (same); *United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) ("A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests.").

Mr. Yousseff argues that the subpoenas are issued as part of a campaign to harass him (Thoriya App. at 3; Imiel App. at 3), and that the subpoenas constitute an oppressive and burdensome fishing expedition on his daughter Thoriya Nakoula and friend Mina Imiel (Thoriya App. at 5; Imiel App. at 5).  But Mr. Yousseff has not demonstrated that his personal right, privilege, or interest is somehow affected by the subpoenas that were issued to a third-party financial institution and concern the records of third-party individuals.  Moreover, Garcia has demonstrated that the subpoenas were not issued to harass Mr. Yousseff.  Rather, Garcia has shown that she received checks from both Nakoula and Imiel for her performance in the film, "Innocence of Muslims," and that the purpose of the subpoenas is to discover who was involved in producing and funding the film.  (Opp. at 4-5, Exs. A, B).

Therefore, the Applications are **DENIED**.

**Discovery-Related Matters Referral to Magistrate Judge**

Additionally, the Court refers all future discovery-related matters to the Magistrate Judge assigned to this action.

---

**CIVIL MINUTES—GENERAL**                                                         2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-12-08315-MWF (VBKx)     **Date:** July 16, 2014
**Title:**     Cindy Lee Garcia -*v*- Google, Inc., et al.

**Status Conference**

The Applications and the Opposition indicate that Garcia sent a draft Rule 26 report to Mr. Yousseff in May 2014, but that the latter never responded. (Opp. at 2). Garcia has since conducted further discovery of documents and has even taken two depositions. (*Id.*). Additionally, she intends to amend her draft Rule 26 disclosure documents to include newly discovered information. (*Id.*).

The Court sets a status conference on **July 25, 2014, at 1:30 p.m.** to address how discovery is proceeding in this action. Specifically, the Court will discuss the initial disclosures of the parties.

IT IS SO ORDERED.