M. Cris Armenta (SBN 177403)
THE ARMENTA LAW FIRM APC
11900 W. Olympic Boulevard, Suite 730
Los Angeles, CA 90064
Tel: (310) 826-2826 x 108
Facsimile: (310) 826-5456
Email: cris@crisarmenta.com

Credence E. Sol (SBN 219784)
c/o THE ARMENTA LAW FIRM APC
11900 W. Olympic Boulevard, Suite 730
Los Angeles, CA 90064
Tel: (310) 826-2826 x 108
Facsimile: (310) 826-5456
Email: credence.sol@orange.fr

Attorneys for Plaintiff
Cindy Lee Garcia

Leonard Chaitin
4570 Van Nuys Blvd, #387
Sherman Oaks, CA 91403

Attorneys for Mark Youssef

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY LEE GARCIA, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>NAKOULA BASSELEY NAKOULA, an individual also known as SAM BACILE, MARK BASSELEY YOUSSEF, ABANOB BASSELEY NAKOULA, MATTHEW NEKOLA, AHMED HAMDY, AMAL NADA, DANIEL K. CARESMAN, KRITBAG DIFRAT, SOBHI BUSHRA, ROBERT BACILY, NICOLA BACILY, THOMAS J. TANAS, ERWIN SALAMEH, YOUSSEFF M. BASSELEY, and/or MALID AHLAWI; GOOGLE, INC., a Delaware Corporation; YOUTUBE, LLC, a California limited liability company, and ALAN ROBERTS, an individual also known as ROBERT BROWNELL, DOES 2 through 10, inclusive.<br><br>                    Defendants. | Case No. CV12-8315-MWF(VBKx)<br><br>**JOINT RULE 26(f) REPORT SUBMITTED BY PLAINTIFF CINDY LEE GARCIA AND DEFENDANT MARK YOUSSEF AKA NAKOULA BASSELEY NAKOULA** |

Counsel for Plaintiff Cindy Lee Garcia responds to the obligation to submit this report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1. Counsel for Plaintiff met personally with Mr. Youssef on November 8, 2013. Counsel for Plaintiff provided Mr. Youssef with a copy of Rule 26 and a draft report; she also explained the parties' obligations to conduct a conference and exchange information and documents without discovery requests.   Pursuant to a directive of the Court, counsel for Garcia and Mr. Youssef met again.  This meeting took place in person on August 6, 2014 at 8601 Western Avenue, Buena Park, California at 11:00 a.m.  Timothy Alger, counsel for Google, Inc. and YouTube LLC attended by phone.   A follow up telephone call was made by Plaintiff's

1   counsel to Mr. Youssef on August 13, 2014.  On September 18, 2014 this Court

2   approved substitution and appearance of Leonard Chaitin for Defendant Youssef.

3   Counsel have met and conferred and finally agreed on the submission of this Report.

4         a.    Plaintiff's Statement of the Case:

5         This action involves a dispute over the use of Plaintiff's acting work in a film

6   trailer entitled "Innocence of Muslims."  One of the central issues in this case is

7   whether Defendant violated Plaintiff's copyright interests when he published or

8   caused the publication of the film trailer to YouTube.  YouTube LLC and Google,

9   Inc., are defendants but only as to the copyright claims. That part of the case is

10  pending before the Ninth Circuit Court of Appeals.  The other issues in the case

11  center on allegations that Mr. Youssef and the co-defendants, some of whom remain

12  to be identified, tricked and deceived Plaintiff for the purpose of obtaining her

13  performance in what was represented as a benign desert adventure film. Later, the

14  film was dubbed over and religiously bigoted words were inserted into parts of her

15  performance.

16        In his Answer, Mr. Youssef claims that he wrote the script alone and that it is

17  an accurate depiction of the Islamic figure Prophet Mohammed, but that he did not

18  upload it to YouTube and has no knowledge of its dissemination, nor is he liable for

19  copyright infringement.  This is in direction contradiction to statements and Mr.

20  Youssef reportedly made to the *New York Times*.  Mr. Yousseff claims that all of the

21  actors, including Garcia, signed releases for their performances.

22        b.    Defendant Youssef's Statement of the Case:  This defendant was the

23  producer of the movie "Desert Warrior".

24

25        This was a historical movie about Mohammed. Historical works suggest

26  Mohammed was with an under aged girl.  All of the facts of the movie were

27  reviewed through historic Islamic books.

28

Defendant attempted to explain to the actors what the movie was about and the historical significance but they did not understand because they were not very educated.   Although defendant was not required to tell the plaintiff what the movie was about or the script because she was not a member of the screen actors guild, he attempted to do so anyway. Nothing was kept from her.  She was paid $500.  This defendant sat with plaintiff for two hours in a Spier's restaurant for two hours and explained the concept to her before they went to the studio to change of names to dubs, but all she cared about was gas money as she had driven a long distance. Defendant gave her $100 for gas.

     c.    <u>Subject matter jurisdiction:</u>

The Court has federal question subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b) because the federal questions include copyright claims. Furthermore, this court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1376(a).

     d.    <u>Legal issues:</u>

The key legal issue for both parties is determination of copyright ownership in Plaintiff's acting performance, and the issues surrounding the manner in which Mr. Youssef and others obtained, financed, altered, and distributed Plaintiff's performance and whether Plaintiff was defrauded and damaged.

     e.    <u>Parties, evidence, etc.:</u>

The parties in this case are Plaintiff, Defendant Nakoula/Youssef, Defendant Alan Roberts aka Robert Brownell, and Defendants Google, Inc., and YouTube LLC, along with unidentified defendants who participated in the film trailer or who promoted the film or persons whose participation has not been sufficiently verified to name them as Defendants.  Roberts/Brownell has not yet been located and/or served, despite continuing efforts to do so.  Plaintiff's counsel has employed a

1   variety of efforts and have not located Roberts/Brownell and anticipate preparing a

2   motion to serve Roberts/Brownell by alternate means.

3         The parties have preliminarily identified the following witnesses and

4   knowledge about the current roles is set forth below, based only on current

5   information and belief:

6         1.   Mark Youseff a.k.a. Nakoula Basselley Nakoula, Sam Bacile (as

7              writer, producer, financier and/or promoter);

8         2.   Abanob Nakoula (as witness, possibly the disseminator and financier);

9         3.   Thoriya Nakoula (as financier);

10        4.   Alan Roberts aka Robert Brownell (director);

11        5.   Mina Imiel (as financier);

12        6.   Olivia Ibrahim (as financier);

13        7.   Cindy Lee Garcia (the Plaintiff);

14        8.   The Person Most Knowledgeable for Media for Christ, Inc.

15        9.   Joseph Nasrallah (as possible producer, financier, promoter);

16        10.   The producing team, the crew, and the cast members of the film

17   "Desert Warrior," (whose names are disclosed on the checks, call sheets and in news

18   reports));

19        11.   Michael McIntyre ("Master George" or "Mohammed");

20        12.   Steve Klein, the Way TV (promoter, consultant);

21        13.   Jimmy Israel;

22        14.   Rene Veluzat, Blue Cloud Ranch (location services);

23        15.   Morris Sadek, National American Coptic Assembly (possible

24   promoter);

25        16.   Terry Jones (promoter);

26

27

28

17.     Persons who have issued threats against Plaintiff and other persons involved in the film trailer, whose true names or pseudonyms are disclosed on the threats contained in the documents exchanged.

18.     Law enforcement officials and related agents (i.e. FBI, Department of Homeland Security, local law enforcement), who investigated leads or threats related to the film and its participants.

19.     The following persons who possibly funded or supported the film or Mr. Youssef in his efforts:

Bilal Sulaiman Mahmoud Ab [partial]

Salamah Daoud Salamah Msa [partial]

Iyad Salamah Dawoud Alsho [partial]

Rafat Ali Khalil Shreeteh

20.     Any persons who worked on the script or film, including "Melissa," Alan Robert's girlfriend, and unidentified prisoners at the Metropolitan Detention Center in Los Angeles or at the Lompoc Federal Correctional Complex.

21.     The following additional investors identified by Defendant Youssef: [partial names only] Adel, Sknder, Salib, Fawzy.

22.     The persons who participated in the dubbing, and translations of the film.

23.     The Vine Theatre, Hollywood.

24.     Arab World, Anaheim and its editor and custodian of records.

25.     Mark Oguschewitz.

The parties have preliminarily identified the following documents to be exchanged.  Plaintiff has exchanged the documents in her possession, control or custody.  Defendant has not yet provided any documents.  Plaintiff anticipates a motion under Rule 26 for enforcement of its obligations and a motion to compel pursuant to Notices of Deposition served on Youssef:

1.  All scripts and versions, outlines or notes related to "Desert Warrior."

2.  All background material underpinning the plot lines in "Desert Warriors."

3.  All scripts and versions, outlines or notes related to "Innocence of Muslims."

4.  The original casting call for "Desert Warrior."

5.  The call sheets for "Desert Warrior."

6.  Checks used to pay the actors, crew and locations for "Desert Warrior."

7.  The film permit from FilmLA "for Desert Warrior."

8.  All footage, raw footage, outtakes, and video related to either "Desert Warrior" or "Innocence of Muslims" or any versions of either;

9.  All documents generated in the creation of either film, including: (a) checks for services (i.e. to actors, crew, locations, permits, supplies, etc.); (b) bank statements for accounts supporting the production; (c) documents evidencing income received or sources of funds for the production; (c) emails between all witnesses pertaining to the production; (d) news reports, both in documentary and video form.; (3) agreements with investors.

10. All documents evidencing threats received by the persons involved in the film, including on the life and safety of Cindy Lee Garcia.

11. The transcripts of Mr. Youssef's prior criminal conviction along with the Judgment and Commitment and Conditions of Probation.

12. Mr. Youssef's judgment debtor examination given in February of 2014;

13. Any computers, disks or electronically stored information concerning the production or its distribution.

14. The death threats received by Plaintiff.

15. News reports and videos concerning the impact of the film worldwide.

1    f.   Damages:

2    The parties are unable to provide a range of provable damages at this time,

3    but expect to be able to do so following relevant discovery and further

4    investigation.

5    g.   Insurance:

6    There is no insurance involved in this matter that the Plaintiff has discovered

7    to date.

8    h.   Motions:

9    Plaintiff anticipates motion practice will be needed to : (1) provide for

10   alternative service for Defendant Roberts/Brownell; (2) to compel Defendant

11   Youseff and third parties to comply with discovery obligations; and (3) motions for

12   summary judgment and/or adjudication.  If the decision of the Ninth Circuit in this

13   case remains the law, Plaintiff anticipates filing motions for summary judgment.

14   Plaintiff also anticipates amending the pleadings as to Google and YouTube once

15   the appellate issues are resolved.

16   i.   Manual For Complex Litigation:

17   This matter is not complex.   However, Plaintiff advises the Court that a

18   related case was recently filed, Flynn v. Nakoula, et al. CV14-01901 MMM(KKx)

19   That pleading has not yet been served on Google, and the parties intend to await a

20   short time to see if the Ninth Circuit rules on the pending Petition for Rehearing as

21   the issues of fact and law in both cases overlap significantly.

22   j.   Status of Discovery:

23   Once the the parties initially conducted the early meeting of counsel, and the

24   stay has been lifted, Plaintiff began discovery, as to Defendant Youssef and third

25   parties.  Plaintiff has taken two depositions, and set the deposition of Defendant

26   Youssef for October 6, 2014 in a court-reporter's office Documents subpoenas have

27   been issued.  Defendant Youssef has propounded discovery on Plaintiff.  Plaintiff

28

1  anticipates serving additional subpoenas and deposition subpoenas and will provide

2  all parties proper notice of such.  Counsel for Google and YouTube have agreed to,

3  until further notice, accept such notices via email.  Plaintiff's counsel has agreed to

4  set deposition at least 10 days out unless circumstances render that impossible or

5  unreasonable.

6    k.    Discovery Plan:

7    Both parties anticipate exchange of an initial round of written discovery

8  expected to be completed by May 2015, and which will include interrogatories,

9  requests for admissions, and requests for production of documents.  Plaintiff intends

10 to begin depositions during 2014 and early 2015.  Additionally, it has come to

11 Plaintiff's attention, that she, her counsel or the court reporter may be in harm's way

12 if the depositions of certain witnesses are taken without security and apprise the

13 Court of the possibility that the parties may ask that certain depositions to be taken

14 inside the federal courthouse.

15   l.    Discovery cut-off:

16 The parties suggest a discovery cut-off of May 31, 2015.

17   m.    Expert Discovery:

18 The parties wish to conduct expert discovery pursuant to Rule 26(a)(2).

19   n.    Dispositive motions:

20   If the Court of Appeals' opinion remains the law of the case, Plaintiff will be

21 filing a motion for summary judgment on the issue of copyright claims.

22   o.    Settlement:

23 The parties have explored the possibility of settlement and reached no

24 agreement. The parties have agreed to Settlement Procedure No. 2, pursuant to

25 Local Rule 16-14.4.

26   p.    Trial estimate:

27 The parties anticipate a 10-day jury trial.

28

q.   Trial counsel:

M. Cris Armenta, as lead counsel, will try this case on behalf of the Plaintiff.  Mr. Youssef is currently *in pro per*.   Plaintiff anticipates that additional attorneys for her will move for admission to this Court *pro hac vice*.

r.   Independent expert:

This matter will require independent experts, including a handwriting expert, an expert on counterterrorism and Islamic law, and the effects or quantification of the damage or harm caused to Garcia.  Two experts have already been disclosed – James Blanco and Professor Abou El Fadl.

s.   Timetable:

Subject to the Court's direction, the parties have agreed to the following schedule of pretrial and trial dates.

| Event | Deadline |
|---|---|
| Trial | August 1, 2015 |
| Pretrial Conference, LR 16 | July 15, 2015 |
| Lodge Pretrial Conference documents | July 7, 2015 |
| File Memo of Contentions of Law & Fact, Exhibit & Witness List, Final status re settlement and file Motions in limine | July 1, 2015 |
| LR 16-2 Meeting of Counsel | June 15, 2015 |
| Last Date to conduct Settlement, LR 16-14 | June 15, 2015 |
| Motion Cut Off | June 15, 2015 |
| Discovery Cut Off | May 31, 2015 |

JOINT RULE 26(f) REPORT

CASE NUMBER CV-12-8315-MWF (VBKx)

| Event | Deadline |
|-------|----------|
|  |  |

The parties have elected to conduct expert discovery pursuant to the deadlines stated on LR 26(a)(2).

    t.    <u>Other issues:</u>

There are no other issues that would affect the status or management of this case.

    u.    <u>Magistrate Judges:</u>

The court has referred discovery matters to the Magistrate Judge.

Dated: October 2, 2014        THE ARMENTA LAW FIRM, A.P.C.

By: _____
                  M. Cris Armenta
                  Attorneys for Plaintiff
                  Cindy Lee Garcia

Dated: October ___, 2014

By: _____
                  Leonard Chaitin
                  Attorneys for Defendant
                  Mark Youssef

1    The parties have elected to conduct expert discovery pursuant to the deadlines
2    stated on LR 26(a)(2).

3    s.    Other issues:

4    There are no other issues that would affect the status or management of this
5    case.

6    t.    Magistrate Judges:

7    The court has referred discovery matters to the Magistrate Judge.

8

9    Dated: October ___, 2014              THE ARMENTA LAW FIRM, A.P.C.

10

11                                         By: _____
12                                               M. Cris Armenta
                                                 Attorneys for Plaintiff
13                                               Cindy Lee Garcia

14   Dated: October 2, 2014
15

16                                         By: _____
17                                               Leonard Chaitin
18                                               Attorneys for Defendant
                                                 Mark Youssef
19

20

21

22

23

24

25

26

27

28