OFFICE OF THE CLERK
U.S. COURTHOUSE
LOS ANGELES, CALIFORNIA 90012

OFFICIAL BUSINESS

FILED
CLERK, U.S. DISTRICT COURT
JAN 20 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT
JAN 20 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

OCCU133
FORWARD TIME EXP RTN TO SEND
OCCUPY LOS ANGELES
PO BOX 94971
PASADENA CA 91109-4971

RETURN TO SENDER

01/15/15

Occupy Los Angeles
C R Boyd
P.O. Box
San Pedro



Date Transmitted:   1/7/2014 1:02:10 PM

2:12-cv-08315   Doc: 59



Occupy Los Angeles
C R Legal Sr dba Occupy Los Angeles
P O Box 5133
San Pedro, CA   90731

Number of Pages:   3

*It is hereby certified that this document was served by first class mail postage prepaid or by fax or e-mail delivery to counsel (or parties) at their respective address or fax number or e-mail address of record.*

```
MIME-Version: 1.0
From: cacd_ecfmail@cacd.uscourts.gov
To: ecfnef@cacd.uscourts.gov
Message-Id:
Subject: Activity in Case 2:12-cv-08315-MWF-VBK Garcia et al
v. Google Inc et al Minutes of In Chambers Order/Directive -
no proceeding held
Content-Type: text/html
```

This is an automatic e-mail message generated by the CM/ECF system.

Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA
Notice of Electronic Filing

The following transaction was entered on 1/7/2014 at 12:56 PM PST and filed on 1/7/2014

Case Name:
Garcia et al v. Google Inc et al
Case Number: <A HREF=https://ecf.cacd.uscourts.gov/cgi-bin/DktRpt.pl?543542> 2:12-cv-08315-MWF-VBK

Filer:

Document Number:

<a href=https://ecf.cacd.uscourts.gov/doc1/031118158346?caseid=543542&de_seq_num=207&magic_num=MAGIC&pdf_toggle_possible=1
>59

Docket Text:

MINUTE IN CHAMBERS by Judge Michael W. Fitzgerald: ORDER DENYING Plaintiff's Request to Set a Scheduling Conference [58], and STAYING Non-Copyright Claims. (See attached Minute Order for further details). Therefore, this action is STAYED in its entirety, pending disposition of the appeal before the Ninth Circuit. This Courts previous Order (Docket No. 56) requiring a status report every 90 days remains in effect. (jp)

2:12-cv-08315-MWF-VBK Notice has been electronically mailed to:

M Cris Armenta        heather@crisarmenta.com, cris@crisarmenta.com

Timothy L Alger    ndyfoon@perkinscoie.com, talger@perkinscoie.com, docketpa@perkinscoie.com

Sunita Bali    docketsflit@perkinscoie.com, smerrill@perkinscoie.com, sbali@perkinscoie.com, pvilleral@perkinscoie.com

Credence E Sol    komenick@gmail.com


2:12-cv-08315-MWF-VBK Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :


Occupy Los Angeles
C R Legal Sr dba Occupy Los Angeles
P O Box 5133
San Pedro CA 90731

STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-12-08315-MWF (VBKx)     **Date:** January 7, 2014
**Title:** Cindy Lee Garcia -v- Google Inc., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                   Court Reporter:
Rita Sanchez                    Not Reported

Attorneys Present for Plaintiff:     Attorneys Present for Defendant:
None Present                     None Present

**Proceedings (In Chambers):**    ORDER DENYING PLAINTIFF'S REQUEST TO SET A SCHEDULING CONFERENCE [58], AND STAYING NON-COPYRIGHT CLAIMS

On November 7, 2013, Plaintiff Cindy Lee Garcia filed a Ninety Day Status Update on Case (the "Status Report") (Docket No. 58), as required by the Order issued on July 30, 2013 (Docket No. 56). In the Status Report, Ms. Garcia states "there is no longer any reason to hold this case in abeyance, and the Plaintiff respectfully requests that the Court set a Scheduling Conference in this matter." (Status Report at 2).

The Court **DENIES** Ms. Garcia's request to set a Scheduling Conference in this matter. A Scheduling Conference would be premature. Ms. Garcia has alleged six claims for relief. Two of those claims are copyright infringement claims, which are stayed pending appeal before the Ninth Circuit. The other four claims have been alleged against only one named Defendant, Nakoula Basseley Nakoula. Mr. Nakoula was served on November 7, 2013 (Docket No. 57), and he has not yet appeared or filed an answer or responsive pleading. Therefore, it would be premature to hold a scheduling conference.

Although not clearly stated, it appears that Ms. Garcia also requests that this case not be stayed with regard to the four non-copyright claims alleged against Mr. Nakoula. However, this case was not, in fact, previously stayed with regard to those four claims. The two copyright claims were stayed because the appeal on those claims divested this Court of jurisdiction over the matters involved in that appeal. *See City of*

STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-12-08315-MWF (VBKx)      **Date:** January 7, 2014
**Title:**     Cindy Lee Garcia -v- Google Inc., et al.

*Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) (stating "the filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal").

However, the Court now finds that a stay is warranted with regard to the four non-copyright claims. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

In weighing whether to stay a case, the Court must balance the following "competing interests": (1) the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 292 U.S. at 254-55).

The Court finds that these factors weigh in favor of a stay.

With regard to the first factor, Ms. Garcia has not indicated how she would be damaged by a stay.

With regard to the second factor, hardship or inequity may be imposed on Mr. Nakoula if he is required to begin litigating claims over which this Court potentially lacks subject matter jurisdiction. The four non-copyright claims alleged against Mr. Nakoula are state claims. Because the First Amended Complaint ("FAC") (Docket No. 5) alleges that both Ms. Garcia and Mr. Nakoula are California citizens (*id.* at ¶¶ 18-19), this Court only has supplemental jurisdiction over the four non-copyright claims, to the extent that the two copyright claims on appeal survive. Accordingly, proceeding on the four claims potentially requires Mr. Nakoula to litigate in a court, which may ultimately lack jurisdiction over those claims. Additionally, it would likely impose

STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-12-08315-MWF (VBKx)      **Date:** January 7, 2014

**Title:**     Cindy Lee Garcia -v- Google Inc., et al.

greater expense on Mr. Nakoula to stagger the litigation of claims that arise from the same core set of facts.

Similarly, with regard to the third factor, proceeding on four claims, over which this Court potentially lacks jurisdiction, and which are factually related to two claims that have been stayed, would disrupt "the orderly course of justice" by "complicating" the jurisdictional issue and proof of those claims. *CMAX*, 300 F.2d at 268.

Therefore, this action is **STAYED** in its entirety, pending disposition of the appeal before the Ninth Circuit. This Court's previous Order (Docket No. 56) requiring a status report every 90 days remains in effect.

IT IS SO ORDERED.